## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

C.A. NO. CV 05 3264

|  |  |
|---|---|
| )<br>JACK FOLEY, MARY O'DONOGHUE )<br>AND DAVID ROBBINS )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>STEVEN M. LOEB, )<br>BLAD CO., KEVIN DAILEY, AND )<br>WILLIAM TRIPP, INDIVIDUALLY AND )<br>D/B/A TRIPP DESIGN NAVAL )<br>ARCHITECTURE )<br>Defendants. ) | Assigned to:<br><br>Judge Nicholas G. Garaufis |

## AMENDED COMPLAINT AND JURY DEMAND

## PARTIES

1.      This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1333, as will more fully appear, due to the diversity of the citizenship of the parties and the amount in controversy.

3.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C.S. § 1333, as will more fully appear, due the nature of the controversy.

4.      The plaintiff, Jack Foley, is an individual residing at 25 Irving Road, Scituate, Massachusetts.

5.      The plaintiff, Mary O'Donoghue, is an individual residing at 68 I Street, South Boston, Massachusetts.

6.  The plaintiff, David Robbins, is an individual residing at 66 Columbia Street, Brookline, Massachusetts.

7.  The defendant, Blad Co., Inc. (hereinafter "Blad Co."), is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

8.  The defendant, Steven M. Loeb, is an individual residing at 2241 Shippan Avenue, Stamford, Connecticut. Steven M. Loeb is licensed to practice law within the State of New York, and maintains an office at 1 Liberty Plaza, 41st Street, New York City, New York.

9.  The defendant, William Tripp, is an individual who does business as Tripp Design Naval Architecture, (hereinafter "William Tripp") located at 144 Water Street, South Norwalk, Connecticut.

10. Blad Co maintains an office at 1 Liberty Plaza, 41st Street, New York City, New York.

11. Steven M. Loeb conducts business on behalf of Blad Co. at 1 Liberty Plaza, 41st Street, New York City, New York.

12. William Tripp is a member of the New York Yacht Club. New York Yacht Club is a New York Corporation with an office located at 44th Street , New York City, New York. William Tripp regularly competes in sailboat races as a representative of New York Yacht Club.

13. William Trip regularly competes in sailing events in the waters of Nassau and Suffolk Counties, within the State of New York.

14. Steven M. Loeb regularly sails and competes in sailing events in the waters of Nassau and Suffolk Counties within the State of New York.

964192v1

15.     Steven M. Loeb and Blad Co. regularly operate the sailing vessel Sirena in the waters of
        Nassau and Suffolk Counties within the State of New York.

16.     The defendant, Kevin Dailey, is a yacht broker, with an office at Brewer Yacht Haven,
        Stamford, Connecticut.

17.     Kevin Dailey regularly conducts business within the State of New York.

18.     At all relevant times, Kevin Dailey was a sail maker for North Sails, with an office at 135
        West Shore Drive, Huntington, New York.

19.     At all relevant times, Kevin Dailey managed the sail program for the sailing vessel
        Sirena, and otherwise participated in the management and operation of the sailing vessel
        Sirena.

20.     Kevin Dailey regularly sails and competes in sailing events in the waters of Nassau and
        Suffolk Counties within the State of New York.

## FACTS

21.     At all relevant times, the defendant, Steven M. Loeb, was the sole owner of all capital
        stock of Blad Co, and exercised control and all incidents of ownership over the sailing
        vessel, Sirena.

22.     Upon information and belief, the defendant, Steven M. Loeb, was at all relevant times the
        sole officer and director of Blad Co.

23.     At all relevant times, the defendant, Blad Co., owned, managed, operated and otherwise
        controlled the sailing vessel, Sirena.

24.     Upon information and belief, the defendant, Steven M. Loeb, confused and intermingled
        the assets of the defendant, Blad Co., with his personal assets.

25.     Upon information and belief, the defendant, Steven M. Loeb, confused and intermingled
        his personal activity with the business activity of the defendant, Blad Co.

964192v1

26.    Upon information and belief, the officers and directors of the defendant, Blad Co., were non-functioning.

27.    Upon information and belief, the defendant, Blad Co., was used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

28.    The defendant, William Tripp, is a naval architect who designs custom built racing sailboats.

29.    William Tripp's design of custom built racing sailboats is a significant factor in the growth, productivity and profitability of Tripp Design Naval Architecture.

30.    The performance of custom built racing sailboats designed by William Tripp is a significant factor in the growth, productivity and profitability of Tripp Design Naval Architecture.

31.    The performance of custom built racing sailboats designed by the defendant, William Tripp, is and has been advertised by Tripp Design Naval Architecture.

32.    William Tripp has a significant financial incentive and commercial interest in the racing performance of custom built racing sailboats of his design.

33.    Sirena is a custom built racing sailboat designed by Tripp Design Naval Architecture.

34.    At all times relevant, William Tripp and Tripp Design Naval Architecture had a significant commercial interest in the racing performance of Sirena.

35.    William Tripp and Tripp Design Naval Architecture advertise the racing successes of Sirena.

36.    At all times relevant, Kevin Dailey had a significant commercial interest in the racing performance of Sirena.

4

37.     In July 2002, Sirena was competing in a regatta conducted by the New York Yacht Club, in Narragansett Bay, Rhode Island within navigable waters of the United States (hereinafter the "Regatta").

38.     At all relevant times, the sailing vessel Sforzando was competing in the Regatta.

39.     Sirena and Sforzando competed in Race Number Three of the Regatta on July 14, 2002 (hereinafter the "Race").

40.     The plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, were crew members aboard Sforzando during the Race.

41.     The defendant, Steven M. Loeb, was managing, operating and controlling Sirena as its skipper during the Race.

42.     The defendant, William Tripp, was the tactician aboard Sirena during the Race.  As tactician, William Tripp was responsible for making strategic decisions concerning the maneuvering and positioning of Sirena with respect to other vessels competing in the Race.

43.     The defendant, Kevin Dailey, was aboard Sirena during the Race.  Kevin Dailey was responsible for the management of Sirena's sails.

44.     The Race was governed by the International Rules of Sailing for 2001-2004, the Prescriptions of US SAILING, a Notice of Race and the Sailing Instructions for the Race (collectively, the "Rules").

45.     The Rules constituted a private contract between the participants in the Regatta, including plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, and the defendants, Steven M. Loeb, Blad Co., William Tripp and Kevin Dailey, requiring their compliance therewith.

46.   At all relevant times, during the Race, Sforzando was on starboard tack, and Sirena was on port tack.

47.   As the vessels approached the windward mark, Sforzando was on the starboard layline and Sirena was on a port layline.

48.   As the vessels neared the windward mark, Sirena attempted to cross in front of Sforzando.  On information and belief, this maneuver was made by the defendants in an effort to gain an advantage over Sforzando.

49.   Sforzando had the right of way and Sirena was required to keep clear of Sforzando.

50.   As the vessels neared the windward mark, Steven M. Loeb, with the assistance and direction of the defendants, William Tripp and Kevin Dailey, altered Sirena's course, causing the vessels to be on a collision course, bow to bow, at a closing speed of approximately 15 knots.

51.   As a direct result of the actions of the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, Sirena and Sforzando forcefully impacted on their respective starboard sides.

52.   As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiff, Jack Foley, sustained severe personal injuries.

53.   As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiff, Mary O'Donoghue, sustained severe personal injuries.

6

54.     As a direct result of the collision caused by the defendants, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiff, David Robbins, sustained severe personal injuries.

55.     As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, Sforzando was forced to immediately withdraw from the Race and obtain medical treatment for its injured crew.

56.     The Protest Committee appointed in accordance with the Rules, determined that Sirena violated Rule 10 of the Racing Rules of Sailing causing the collision during which the plaintiffs were injured.

57.     As a result of the determination by the Protest Committee of the Regatta, Sirena was disqualified from the Race.

### COUNT I

### Negligence Against Steven M. Loeb (Jack Foley)

58.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-57 as if set forth in full herein.

59.     At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, Jack Foley, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

60.     During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

61.     The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

7

964192v1

62.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered severe personal injuries.

63.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a permanent impairment.

64.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a loss of wages.

65.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a loss of earning capacity.

66.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT II

### Negligence Against Blad Co. (Jack Foley)

67.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-66 as if set forth in full herein.

68.     At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, Jack Foley, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

69.     During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and

8

964192v1

wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

70.    The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

71.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered severe personal injuries.

72.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a loss of wages.

73.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a loss of earning capacity.

74.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a permanent impairment.

75.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT III

### Breach of Contract Against Steven M. Loeb (Jack Foley)

76.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-75 as if set forth in full herein.

9

964192v1

77.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

78.    By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

79.    During the Race, the defendant, Steven M. Loeb, violated the Rules.

80.    By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, Jack Foley.

81.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

82.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

83.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

84.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

85.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT IV

### Breach of Contract Against Blad Co. (Jack Foley)

86.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-85 as if set forth in full herein.

87.     At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

88.     By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

89.     During the Race, the defendant, Blad Co., violated the Rules.

90.     By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, Jack Foley.

91.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

92.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

93.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

94.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

95.     As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity,

11

lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT V

### Piercing the Corporate Veil Against Steven M. Loeb (Jack Foley)

96.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-95 as if set forth in full herein.

97.    Upon information and belief, the plaintiff, Jack Foley, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

98.    The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

99.    As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

964192v1

100.    The confused and intermingled relationship between the defendants, Steven M. Loeb and
        Blad Co., and the actions described above, have caused and will continue to cause
        damages and injury to the plaintiff, Jack Foley.

        WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendants,
Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation him for the
loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above
together with all damages, interest, attorneys fees and costs allowed by law.

### COUNT VI

### Negligence Against William Tripp (Jack Foley)

101.    The plaintiffs repeat and incorporate herein by reference the allegations contained in
        paragraphs 1-100 as if set forth in full herein.

102.    At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, Jack Foley,
        to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in
        accordance with prudent seamanship and in accordance with the Rules.

103.    During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff,
        Jack Foley, by willfully, knowingly and wantonly failing to direct and maneuver Sirena
        in a reasonably prudent manner, failing to practice prudent seamanship and violating the
        Rules.

104.    The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty
        he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

105.    As a direct and proximate result of the negligence, recklessness and carelessness of the
        defendant, William Tripp, the plaintiff, Jack Foley, suffered severe personal injuries.

106.    As a direct and proximate result of the negligence, recklessness and carelessness of the
        defendant, William Tripp, the plaintiff, Jack Foley, suffered a permanent impairment.

107.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a loss of wages.

108.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a loss of earning capacity.

109.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT VII

### Breach of Contract Against William Tripp (Jack Foley)

110.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-109 as if set forth in full herein.

111.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

112.    By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

113.    During the Race, the defendant, William Tripp, violated the Rules.

114.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

115.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

14

964192v1

116.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

117.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

118.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT VIII

### Negligence Against Steven M. Loeb (Mary O'Donoghue)

119.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-118 as if set forth in full herein.

120.    At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, Mary O'Donoghue, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

121.    During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

122.    The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

15

964192v1

123.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

124.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

125.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

126.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

127.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT IX

### Negligence Against Blad Co. (Mary O'Donoghue)

128.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-127 as if set forth in full herein.

16

964192v1

129.    At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, Mary O'Donoghue, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

130.    During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

131.    The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

132.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

133.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a loss of wages.

134.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

135.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

136.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

    WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation her for the loss of

17

earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT X

### Breach of Contract Against Steven M. Loeb (Mary O'Donoghue)

137.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-136 as if set forth in full herein.

138.   At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendants.

139.   By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

140.   During the Race, the defendant, Steven M. Loeb, violated the Rules.

141.   By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, Mary O'Donoghue.

142.   As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

143.   As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

144.   As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

145.   As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

964192v1

146.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XI

### Breach of Contract Against Blad Co. (Mary O'Donoghue)

147.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-146 as if set forth in full herein.

148.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendants.

149.    By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

150.    During the Race, the defendant, Blad Co., violated the Rules.

151.    By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, Mary O'Donoghue.

152.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

153.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

154.    As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

19

155.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

156.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

### COUNT XII

### Piercing the Corporate Veil Against Steven M. Loeb (Mary O'Donoghue)

157.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-156 as if set forth in full herein.

158.   Upon information and belief, the plaintiff, Mary O'Donoghue, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

159.   The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

160.   As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the

20

964192v1

business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

161.   The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, Mary O'Donoghue.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XIII

### Negligence Against William Tripp (Mary O'Donoghue)

162.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-161 as if set forth in full herein.

163.   At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, Mary O'Donoghue, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

164.   During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

21

165.   The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

166.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

167.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

168.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

169.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

170.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XIV

### Breach of Contract Against William Tripp (Mary O'Donoghue)

171.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-170 as if set forth in full herein.

22

964192v1

172.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendant, William Tripp, requiring their compliance therewith.

173.    By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

174.    During the Race, the defendant, William Tripp, violated the Rules.

175.    By violating the Rules, the defendant, William Tripp, breached the contract with the plaintiff, Mary O'Donoghue.

176.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

177.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

178.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

179.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

180.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

23

## COUNT XV

### Negligence Against Steven M. Loeb (David Robbins)

181.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-180 as if set forth in full herein.

182.   At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, David Robbins, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

183.   During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

184.   The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

185.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered severe personal injuries.

186.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a permanent impairment.

187.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a loss of wages.

964192v1

188. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a loss of earning capacity.

189. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XVI

### Negligence Against Blad Co. (David Robbins)

190. The plaintiff, David Robbins, repeats and incorporates herein by reference the allegations contained in paragraphs 1-189 as if set forth in full herein.

191. At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, David Robbins, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

192. During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

193. The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, David Robbins, was negligent, reckless and careless.

25

964192v1

194.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered severe personal injuries.

195.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered a loss of wages.

196.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered a loss of earning capacity.

197.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered severe emotional distress.

198.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co.,, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XVII

### Breach of Contract Against Steven M. Loeb (David Robbins)

199.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-198 as if set forth in full herein.

200.    At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

201.    By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

202.    During the Race, the defendant, Steven M. Loeb, violated the Rules.

964192v1

203.    By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, David Robbins.

204.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

205.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

206.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

207.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

208.    As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XVIII

### Breach of Contract Against Blad Co. (David Robbins)

209.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-208 as if set forth in full herein.

27

964192v1

210.   At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

211.   By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

212.   During the Race, the defendant, Blad Co., violated the Rules.

213.   By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, David Robbins.

214.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

215.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

216.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

217.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

218.   As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

964192v1

## COUNT XIX

### Piercing the Corporate Veil Against Steven M. Loeb (David Robbins)

219.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-218 as if set forth in full herein.

220.   Upon information and belief, the plaintiff, David Robbins, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

221.   The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

222.   As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

223.   The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, David Robbins.

29

964192v1

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XX

### Negligence Against William Tripp (David Robbins)

224.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-223 as if set forth in full herein.

225.    At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, David Robbins, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

226.    During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

227.    The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

228.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered severe personal injuries.

229.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a permanent impairment.

230.    As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a loss of wages.

30

964192v1

231.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a loss of earning capacity.

232.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XXI**

**Breach of Contract Against William Tripp (David Robbins)**

233.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-232 as if set forth in full herein.

234.   At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

235.   By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

236.   During the Race, the defendant, William Tripp, violated the Rules.

237.   By violating the Rules, the defendant, William Tripp, breached the contract with the plaintiff, David Robbins.

238.   As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

239.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

240.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

241.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

242.    As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

### COUNT XXII

### Negligence Against Kevin Dailey (Jack Foley)

243.    The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-242 as if set forth in full herein.

244.    At all relevant times, the defendant, Kevin Dailey, had a duty to the plaintiff, Jack Foley, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

245.    During the Race, the defendant, Kevin Dailey, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

964192v1

246.     The defendant, Kevin Dailey, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

247.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered severe personal injuries.

248.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey , the plaintiff, Jack Foley, suffered a permanent impairment.

249.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered a loss of wages.

250.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered a loss of earning capacity.

251.     As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXIII

### Breach of Contract Against Kevin Dailey (Jack Foley)

252.     The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-251 as if set forth in full herein.

253.     At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

254.     By entering the Regatta and the Race, the defendant, Kevin Dailey, agreed to be bound by the Rules.

33

964192v1

255.   During the Race, the defendant, Kevin Dailey, violated the Rules.

256.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

257.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

258.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

259.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

260.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXIV

### Negligence Against Kevin Dailey (Mary O'Donoghue)

261.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-260 as if set forth in full herein.

262.   At all relevant times, the defendant, Kevin Dailey, had a duty to the plaintiff, Mary O'Donoghue, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

263.   During the Race, the defendant, Kevin Dailey, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to direct and maneuver

34

Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

264.  The defendant, Kevin Dailey, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

265.  As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

266.  As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

267.  As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

268.  As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

269.  As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

35

## COUNT XXV

### Breach of Contract Against Kevin Dailey (Mary O'Donoghue)

270.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-269 as if set forth in full herein.

271.   At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendant, Kevin Dailey, requiring their compliance therewith.

272.   By entering the Regatta and the Race, the defendant, Kevin Dailey, agreed to be bound by the Rules.

273.   During the Race, the defendant, Kevin Dailey, violated the Rules.

274.   By violating the Rules, the defendant, Kevin Dailey, breached the contract with the plaintiff, Mary O'Donoghue.

275.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

276.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

277.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

278.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

279.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

964192v1

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXVI

### Negligence Against Kevin Dailey (David Robbins)

280.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-279 as if set forth in full herein.

281.   At all relevant times, the defendant, Kevin Dailey, had a duty to the plaintiff, David Robbins, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

282.   During the Race, the defendant, Kevin Dailey, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

283.   The defendant, Kevin Dailey, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

284.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered severe personal injuries.

285.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered a permanent impairment.

286.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered a loss of wages.

37

964192v1

287.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered a loss of earning capacity.

288.   As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXVII

### Breach of Contract Against Kevin Dailey (David Robbins)

289.   The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-288 as if set forth in full herein.

290.   At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

291.   By entering the Regatta and the Race, the defendant, Kevin Dailey, agreed to be bound by the Rules.

292.   During the Race, the defendant, Kevin Dailey, violated the Rules.

293.   By violating the Rules, the defendant, Kevin Dailey, breached the contract with the plaintiff, David Robbins.

294.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

295.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

964192v1

296.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

297.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

298.   As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

964192v1

## JURY CLAIM

THE PLAINTIFFS, JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS, DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Dated:  September 20, 2005

**MORRISON MAHONEY LLP**
Attorneys for Plaintiffs
JACK FOLEY, MARY O'DONOGHUE AND
DAVID ROBBINS

BY:_____
       Brian P. Heermance, Esq.  (BPH 6805)

       _____
       Demi Sophocleous, Esq. (DS 6450)

17 State Street
New York, NY 10004
(212) 825-1212

40

964192v1