UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JACK FOLEY, MARY O'DONOGHUE and
DAVID ROBBINS,

Civil Action No.: CV 05 3264

Plaintiff,

Judge Nicholas G. Garaufis

-against-

**AMENDED**
**ANSWER TO AMENDED**
**COMPLAINT**

STEVEN M. LOEB, BLAD CO., KEVIN DAILEY,
WILLIAM TRIPP, Individually, and D/B/A TRIPP
DESIGN NAVAL ARCHITECTURE

Defendants,
--------------------------------------------------------------------X

Defendants, STEVEN M. LOEB and BLAD CO., by their attorneys, HERZFELD & RUBIN, P.C. as and for their Answer to the Amended Complaint state, upon information and belief, as follows:

**AS TO "PARTIES"**

1) Deny that they have knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "1," "2," and "3," except admit the existence of the rules and statutes referred to therein, and leave all questions of law to this Honorable Court.

2) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "4," "5," "6," "9," "12," "13," "16," "17" and "20".

3) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "8," except admit that defendant Steven M. Loeb, is an individual residing at 2241 Shippan Avenue, Stamford, Connecticut and is licensed to practice law in New York, and maintains an office at 1 Liberty Plaza, 41st Floor, New York, New York.

4) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "10" and "11".

5) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "14," "15," "18" and "19".

**AS TO "FACTS"**

6) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "21," except admit that defendant Steven M. Loeb was the sole owner of all capital stock of Blad Co., and leave all questions of law to this Honorable Court.

7) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "23," except admit that on July 14, 2002 Blad Co., owned the sailing vessel Sirena, and leave all questions of law to this Honorable Court.

8) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "24," "25," "26," "27," "36," "43," "46," "47," "48," "49," "50," "51," "52," "53," "54" and "55".

9) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "28," "29," "30," "31," "32," "34," "35," "40" and "44".

10) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "41," except admit that defendant Steven M. Loeb was aboard the Sirena during race number three on July 14, 2002.

11) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "45," and leave all questions of law to this Honorable Court.

12) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "56," and "57," except admit that the Protest Committee reached an incorrect, unfounded and unwarranted determination, which was not supported by the facts and circumstances of the incident alleged in the Amended Complaint, and leave all questions of law to this Honorable Court.

**AS TO COUNT I**

**Alleged Negligence Against Steven M. Loeb (Jack Foley)**

13) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "58," with the same force and effect as if set forth fully herein at length.

14) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "59," except admit that at all relevant times defendant Steven M. Loeb met all duties required of him under the law and circumstances existing at the time of the occurrence referred to in the Amended Complaint, and leave all questions of law to this Honorable Court.

15) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "60," "61," "62," "63," "64," "65" and "66".

**AS TO COUNT II**

**Alleged Negligence Against Blad Co. (Jack Foley)**

16) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "67," with the same force and effect as if set forth fully herein at length.

17) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "68," except admit that at all relevant times defendant Blad Co. met all duties required of it under the law and circumstances existing at the time of the occurrence referred to in the Amended Complaint, and leave all questions of law to this Honorable Court.

18) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "69," "70," "71," "72," "73," "74" and "75".

**<u>AS TO COUNT III</u>**

**Alleged Breach of Contract Against Steven M. Loeb (Jack Foley)**

19) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "76," with the same force and effect as if set forth fully herein at length.

20) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "77," and leave all questions of law to this Honorable Court.

21) Deny knowledge and information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "78," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

22) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "79," "80," "81," "82," "83," "84" and "85".

**AS TO COUNT IV**

**Alleged Breach of Contract Against Blad Co. (Jack Foley)**

23) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "86," with the same force and effect as if set forth fully herein at length.

24) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "87," and leave all questions of law to this Honorable Court.

25) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "88," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

26) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "89," "90," "91," "92," "93," "94" and "95".

**AS TO COUNT V**

**Alleged Piercing the Corporate Veil Against Steven M. Loeb (Jack Foley)**

27) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "96," with the same force and effect as if set forth fully herein at length.

28) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "97," and leave all questions of law to this Honorable Court.

29) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "98," "99" and "100".

**AS TO COUNT VI**

**Alleged Negligence Against William Tripp (Jack Foley)**

30) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "101," with the same force and effect as if set forth fully herein at length.

31) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "102," "103," "104," "105," "106," "107," "108" and "109".

## AS TO COUNT VII

**Alleged Breach of Contract Against William Tripp (Jack Foley)**

32) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "110," with the same force and effect as if set forth fully herein at length.

33) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "111," and leave all questions of law to this Honorable Court.

34) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "112," "113," "114," "115," "116," "117" and "118".

## AS TO COUNT VIII

**Alleged Negligence Against Steven M. Loeb (Mary O'Donoghue)**

35) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "119," with the same force and effect as if set forth fully herein at length.

36) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "120," except admit that at all relevant times defendant Steven M. Loeb met all duties required of him under the law and circumstances existing at the time of the occurrence referred to in the Amended Complaint, and leave all questions of law to this Honorable Court.

37) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "121," "122," "123," "124," "125," "126" and "127".

**AS TO COUNT IX**

**Alleged Negligence Against Blad Co. (Mary O'Donoghue)**

38) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "128," with the same force and effect as if set forth fully herein at length.

39) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "129," except admit that at all relevant times defendant Blad Co. met all duties required of it under the law and circumstances existing at the time of the occurrence referred to in the Amended Complaint, and leave all questions of law to this Honorable Court.

40) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "130," "131," "132," "133," "134," "135" and "136".

**AS TO COUNT X**

**Alleged Breach of Contract Against Steven M. Loeb (Mary O'Donoghue)**

41) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "137," with the same force and effect as if set forth fully herein at length.

42) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "138," and leave all questions of law to this Honorable Court.

43) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "139," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

44) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "140," "141," "142," "143," "144," "145" and "146".

**AS TO COUNT XI**

**Alleged Breach of Contract Against Blad Co. (Mary O'Donoghue)**

45) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "147," with the same force and effect as if set forth fully herein at length.

46) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "148," and leave all questions of law to this Honorable Court.

47) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "149," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

48) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "150," "151," "152," "153," "154," "155" and "156".

**AS TO COUNT XII**

**Alleged Piercing the Corporate Veil Against Steven M. Loeb (Mary O'Donoghue)**

49) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "157," with the same force and effect as if set forth fully herein at length.

50) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "158," and leave all questions of law to this Honorable Court.

51) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "159," "160" and "161".

**AS TO COUNT XIII**

**Alleged Negligence Against William Tripp (Mary O'Donoghue)**

52) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "162," with the same force and effect as if set forth fully herein at length.

53) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "163," "164," "165," "166," "167," "168," "169" and "170".

**AS TO COUNT XIV**

**Alleged Breach of Contract Against William Tripp (Mary O'Donoghue)**

54) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "171," with the same force and effect as if set forth fully herein at length.

55) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "172," and leave all questions of law to this Honorable Court.

56) Deny that they have any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "173," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

57) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "174," "175," "176," "177," "178," "179" and "180".

**AS TO COUNT XV**

**Alleged Negligence Against Steven M. Loeb (David Robbins)**

58) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "181," with the same force and effect as if set forth fully herein at length.

59) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "182", except admit that at all relevant times defendant Steven M. Loeb met all duties required of him under the law and circumstances existing at the time of the occurrence referred to in the Amended Complaint, and leave all questions of law to this Honorable Court.

60) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "183," "184," "185," "186," "187," "188" and "189".

**AS TO COUNT XVI**

**Alleged Negligence Against Blad Co. (David Robbins)**

61) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "190," with the same force and effect as if set forth fully herein at length.

62) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "191," except admit that Blad Co. met all duties required of it under the law and circumstances existing at the time of the occurrence referred to in the Amended Complaint, and leave all questions of law to this Honorable Court.

63) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "192," "193," "194," "195," "196," "197" and "198.

**AS TO COUNT XVII**

**Alleged Breach of Contract Against Steven M. Loeb (David Robbins)**

64) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "199," with the same force and effect as if set forth fully herein at length.

65) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "200," and leave all questions of law to this Honorable Court.

66) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "201," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

67) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "202," "203," "204," "205," "206," "207" and "208".

## AS TO COUNT XVIII

**Alleged Breach of Contract Against Blad Co. (David Robbins)**

68) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "209," with the same force and effect as if set forth fully herein at length.

69) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "210," and leave all questions of law to this Honorable Court.

70) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "211," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

71) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "212," "213," "214," "215," "216," "217" and "218".

## AS TO COUNT XIX

**Alleged Piercing the Corporate Veil Against Steven M. Loeb (David Robbins)**

72) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "219," with the same force and effect as if set forth fully herein at length.

73) Deny each and every allegation contained in the paragraph of the Amended Complaint designated "220," and leave all questions of law to this Honorable Court.

74) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "221," "222" and "223".

**AS TO COUNT XX**

**Alleged Negligence Against William Tripp (David Robbins)**

75) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "224," with the same force and effect as if set forth fully herein at length.

76) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "225," "226," "227," "228," "229," "230," "231" and "232".

**AS TO COUNT XXI**

**Alleged Breach of Contract Against William Tripp (David Robbins)**

77) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "233," with the same force and effect as if set forth fully herein at length.

78) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "234," and leave all questions of law to this Honorable Court.

79) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "235," except admit that by entering the race in question all participants agreed to be bound by the applicable rules and procedures, and leave all questions of law to this Honorable Court.

80) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Amended Complaint designated "236," "237," "238," "239," "240," "241" and "242".

**AS TO COUNT XXII**

**Alleged Negligence Against Kevin Dailey (Jack Foley)**

81) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "243," with the same force and effect as if set forth fully herein at length.

82) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "244," "245," "246," "247," "248," "249," "250" and "251".

**AS TO COUNT XXIII**

**Alleged Breach of Contract Against Kevin Dailey (Jack Foley)**

83) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "252," with the same force and effect as if set forth fully herein at length.

84) Deny knowledge and information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "253," and leave all questions of law to this Honorable Court.

85) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "254," "255," "256," "257," "258," "259" and "260".

**AS TO COUNT XXIV**

**Alleged Negligence Against Kevin Dailey (Mary O'Donoghue)**

86) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "261," with the same force and effect as if set forth fully herein at length.

87) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "262," "263," "264," "265," "266," "267," "268" and "269".

**AS TO COUNT XXV**

**Alleged Breach of Contract Against Kevin Dailey (Mary O'Donoghue)**

88) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "270," with the same force and effect as if set forth fully herein at length.

89) Deny knowledge and information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "271," and leave all questions of law to this Honorable Court.

90) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "272," 273," "274," "275," "276," "277," "278" and "279".

**AS TO COUNT XXVI**

**Alleged Negligence Against Kevin Dailey (David Robbins)**

91) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "280," with the same force and effect as if set forth fully herein at length.

92) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "281," "282," "283," "284," "285," "286," "287" and "288".

**AS TO COUNT XXVII**

**Alleged Breach of Contract Against Kevin Dailey (David Robbins)**

93) Repeat, reiterate and reallege each and every of the foregoing allegations, denials and admissions made to the paragraphs of the Amended Complaint referred to in the paragraph of the Amended Complaint designated "289," with the same force and effect as if set forth fully herein at length.

94) Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Amended Complaint designated "290," and leave all questions of law to this Honorable Court.

95) Deny each and every allegation contained in the paragraphs of the Amended Complaint designated "291," "292," "293," "294," "295," "296," "297" and "298".

**AS AND FOR A FIRST DEFENSE**

96) The venue of this action is improper pursuant to 28 U.S.C. Section 1391 et seq.

**AS AND FOR A SECOND DEFENSE**

97) The Complaint fails to state a claim upon which relief can be granted as to defendants STEVEN M. LOEB and BLAD CO.

**AS AND FOR A THIRD DEFENSE**

98) Any injuries, damages or other expenses sustained by plaintiffs, JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS, were caused solely by their own negligence and culpable conduct, and were not caused by, or resulted by reason of, any negligence or want of care on the part of STEVEN M. LOEB and/or BLAD CO.

**AS AND FOR A FOURTH DEFENSE**

99) Plaintiffs, JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS, assumed the risk of any and all injuries and damages sustained by them prior to, and at the time of, the incident alleged in the Complaint.

**AS AND FOR A FIFTH DEFENSE**

100) Any injuries, damages or other expenses allegedly sustained by plaintiffs, JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS, were caused through a sudden and unforeseen emergency situation and marine peril over which defendants STEVEN LOEB and BLAD CO. had no control.

**AS AND FOR A SIXTH DEFENSE**

101) This action is governed by the maritime law of the United States in that the alleged incident occurred on "navigable waters," as that term is defined in the maritime law.

**AS AND FOR A SEVENTH DEFENSE**

102) Plaintiffs' injuries and damages were caused by the negligence of third parties over whom defendants STEVEN LOEB and BLAD CO. had no control, including BLAIR BROWN, in the ownership, operation, management and control of the vessel "SFORZANDO," at the time and place of the incident referred to in the Amended Complaint.

**AS AND FOR A EIGHTH DEFENSE**

103) Plaintiffs cannot recover for the cost of medical care, treatment, rehabilitation services, loss of earnings or other economic loss, which has been, or will be, replaced by collateral sources.

**AS AND FOR A NINTH DEFENSE**

104) If STEVEN M. LOEB and/or BLAD CO. are found liable and such liability is less than, or equal to, 50% of the total liability of all parties who may be found liable, then the liability, if any, of STEVEN M. LOEB and/or BLAD CO., for non-economic loss will be limited to their respective proportionate share of the total liability.

**AS AND FOR A TENTH DEFENSE**

105) Plaintiffs have failed to mitigate their damages.

**AS AND FOR A ELEVENTH DEFENSE**

106) This action should not proceed because of plaintiffs failure to join a necessary party to this action so that complete relief can be granted.

**AS AND FOR A TWELFTH DEFENSE**

107) This Court lacks subject matter jurisdiction of this action based upon diversity of citizenship because plaintiffs have failed to allege damages in excess of $75,000.

**AS AND FOR A CROSS CLAIM AGAINST WILLIAM TRIPP INDIVIDUALLY AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE**

108) This is a case of admiralty and maritime jurisdiction within the meaning of Rules 9 (h) and 14 (c) of the Federal Rules of Civil Procedure.

109) If plaintiffs sustained any injuries or damages as alleged in the Amended Complaint, the same were caused by reason of the negligence and culpable conduct by William Tripp individually and d/b/a Tripp Design Naval Architecture.

110) By reason of the foregoing, if plaintiffs recover a verdict or judgment against Steven M. Loeb and/or Blad Co., then Steven M. Loeb and/or Blad Co. are entitled to indemnity and judgment over and against William Tripp individually and d/b/a Tripp Design Naval Architecture, in whole or in part, for any verdict or judgment recovered by plaintiff, together with all costs, disbursements and counsel fees.

**DEMAND FOR JURY**

DEFENDANTS STEVEN M. LOEB and BLAD CO. HEREBY DEMAND A TRIAL BY JURY OF ALL CLAIMS ASSERTED IN THIS LITIGATION.

WHEREFORE, defendants STEVEN M. LOEB and BLAD CO. demand judgment dismissing the Amended Complaint and/or judgment on their cross claim against defendant WILLIAM TRIPP individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE, together with costs, disbursements and counsel fees.

Dated: New York, New York
January 4, 2006

HERZFELD & RUBIN, P.C.

By: ______________________
Joseph E. Donat (JD 4160)
A Member of the Firm
Attorneys for Defendants
STEVEN M. LOEB and BLAD CO.
40 Wall Street
New York, New York 10005
Tel. No.: (212) 471-8463

TO: MORRISON MAHONEY LLP
Attorneys for Plaintiffs
17 State Street
New York, NY 10004

DeORCHIS & PARTNERS, LLP
Attorneys for Defendant
William Tripp and Trip Design Naval Architecture
61 Broadway
New York, NY 10006