06 038 TCP:SH 3/10/06

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 ML-LDA

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE
NAVAL ARCHITECTURE

**ANSWER OF DEFENDANT, WILLIAM TRIPP, INDIVIDUALLY, AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE, TO PLAINTIFFS' AMENDED COMPLAINT AND CROSSCLAIM**

The defendants William Tripp, individually, and d/b/a Tripp Design Naval Architecture, (hereinafter William Tripp) for answer to plaintiffs' amended complaint hereby states the following:

FIRST DEFENSE

Parties

Said defendant neither admits nor denies the allegations contained in paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19 and 20.

Said defendant denies the allegations contained in paragraphs 2, 3, 12 and 13.

Facts

Said defendant neither admits nor denies the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, 33 and 36.

Said defendant denies the allegations contained in paragraphs 28, 29, 30, 31, 32, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 and 57.

COUNT I

Said defendant hereby incorporates his answers to paragraphs 1 through 57.

Said defendant neither admits nor denies the allegations contained in paragraph 59.

Said defendant denies the allegations contained in paragraphs 60, 61, 62, 63, 64, 65 and 66.

COUNT II

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 66.

Said defendant neither admits nor denies the allegations contained in paragraph 68.

Said defendant denies the allegations contained in paragraphs 69, 70, 71, 72, 73, 74 and 75.

COUNT III

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 75.

Said defendant denies the allegations contained in paragraphs 77, 78, 79, 80, 81, 82, 83, 84 and 85.

COUNT IV

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 85.

Said defendant denies the allegations contained in paragraphs 87, 88, 89, 90, 91, 92, 93, 94 and 95.

COUNT V

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 95.

Said defendant neither admits nor denies the allegations contained in paragraphs 97 and 98.

Said defendant denies the allegations contained in paragraphs 99 and 100.

COUNT VI

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 100.

Said defendant denies the allegations contained in paragraphs 102, 103, 104, 105, 106, 107, 108 and 109.

COUNT VII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 109.

Said defendant denies the allegations contained in paragraphs 111, 112, 113, 114, 115, 116, 117 and 118.

COUNT VIII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 118.

Said defendant neither admits nor denies the allegations contained in paragraph 120.

Said defendant denies the allegations contained in paragraphs 121, 122, 123, 124, 125, 126 and 127.

COUNT IX

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 127.

Said defendant neither admits nor denies the allegations contained in paragraph 129.

Said defendant denies the allegations contained in paragraphs 130, 131, 132, 133, 134, 135 and 136.

COUNT X

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 136.

Said defendant denies the allegations contained in paragraphs 138, 139, 140, 141, 142, 143, 144, 145 and 146.

COUNT XI

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 146.

Said defendant denies the allegations contained in paragraphs 148, 149, 150, 151, 152, 153, 154, 155 and 156.

COUNT XII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 156.

Said defendant neither admits nor denies the allegations contained in paragraphs 158 and 159.

Said defendant denies the allegations contained in paragraphs 160 and 161.

COUNT XIII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 161.

Said defendant denies the allegations contained in paragraphs 163, 164, 165, 166, 167, 168, 169 and 170.

COUNT XIV

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 170.

Said defendant denies the allegations contained in paragraphs 172, 173, 174, 175, 176, 177, 178, 179 and 180.

COUNT XV

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 180.

Said defendant neither admits nor denies the allegations contained in paragraph 182.

Said defendant denies the allegations contained in paragraphs 183, 184, 185, 186, 187, 188 and 189.

COUNT XVI

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 189.

Said defendant neither admits nor denies the allegations contained in paragraph 191.

Said defendant denies the allegations contained in paragraphs 192, 193, 194, 195, 196, 197 and 198.

COUNT XVII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 198.

Said defendant denies the allegations contained in paragraphs 200, 201, 202, 203, 204, 205, 206, 207 and 208.

COUNT XVIII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 208.

Said defendant denies the allegations contained in paragraphs 210, 211, 212, 213, 214, 215, 216, 217 and 218.

COUNT XIX

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 218.

Said defendant neither admits nor denies the allegations contained in paragraphs 220 and 221.

Said defendant denies the allegations contained in paragraphs 222 and 223.

COUNT XX

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 223.

Said defendant denies the allegations contained in paragraphs 225, 226, 227, 228, 229, 230, 231 and 232.

COUNT XXI

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 232.

Said defendant denies the allegations contained in paragraphs 234, 235, 236, 237, 238, 239, 240, 241 and 242.

COUNT XXII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 242.

Said defendant denies the allegations contained in paragraphs 244, 245, 246, 247, 248, 249, 250 and 251.

COUNT XXIII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 251.

Said defendant denies the allegations contained in paragraphs 253, 254, 255, 256, 257, 258, 259 and 260.

COUNT XXIV

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 260.

Said defendant denies the allegations contained in paragraphs 262, 263, 264, 265, 266, 267, 268 and 269.

COUNT XXV

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 269.

Said defendant denies the allegations contained in paragraphs 271, 272, 273, 274, 275, 276, 277, 278 and 279.

COUNT XXVI

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 279.

Said defendant denies the allegations contained in paragraphs 281, 282, 283, 284, 285, 286, 287 and 288.

COUNT XXVII

Said defendant hereby incorporates by reference his answers to paragraphs 1 through 288.

Said defendant denies the allegations contained in paragraphs 290, 291, 292, 293, 294, 295, 296, 297 and 298.

SECOND DEFENSE

Plaintiffs' complaint fails to state a claim against defendant, William Tripp, upon which relief may be granted.

THIRD DEFENSE

Any injuries or damages allegedly sustained by the plaintiff were caused in whole or in part by their own negligence and were not caused by any negligence on the part of defendant, William Tripp.

FOURTH DEFENSE

Plaintiffs assumed the risk of any injuries or damages alleged.

FIFTH DEFENSE

Any injuries or damages allegedly sustained by the plaintiffs resulted from a sudden emergency and marine peril over which defendant, William Tripp, had no control.

SIXTH DEFENSE

This action is governed by the maritime of the United States in that the incident is alleged to have occurred on navigable waters of the United States.

SEVENTH DEFENSE

The plaintiffs alleged injuries or damages resulted from the conduct of third persons for which this defendant is not liable.

EIGHTH DEFENSE

Plaintiffs cannot recover for costs which are paid by collateral sources.

NINTH DEFENSE

Plaintiffs have failed to mitigate damages.

TENTH DEFENSE

Plaintiffs have failed to join indispensable parties, and therefore this action should be dismissed.

ELEVENTH DEFENSE

This Court lacks jurisdiction based upon diversity of citizenship.

TWELFTH DEFENSE

Upon information and belief, plaintiffs are guilty of culpable conduct and the amount of damages, if any, which may be recovered by plaintiffs shall be diminished in the proportion of their culpable conduct.

THIRTEENTH DEFENSE

Plaintiffs' action is barred by the applicable Statute of Limitations and by laches.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN

**CROSSCLAIM OF THE DEFENDANT, WILLIAM TRIPP, INDIVIDUALLY AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE AGAINST THE CO-DEFENDANTS, STEVEN M. LOEB, BLAD CO. AND KEVIN DAILEY**

1. This is a case of admiralty and maritime jurisdiction within the meaning of F.R.C.P. 9(h) and 14 (c).

2. If the defendant, William Tripp, is found liable to the plaintiffs, which liability is hereby expressly denied, then said liability will have been brought about by the negligence and culpable conduct of the co-defendants, Steven M. Loeb, Blad Co. and Kevin Dailey.

3. If the defendant, William Tripp, is found liable to the plaintiffs, which liability is hereby expressly denied, then the defendant, William Tripp, will be entitled to indemnity and contribution for all sums for which he may be found liable to the plaintiffs.

Wherefore, defendant, William Tripp, demands judgment against the co-defendants, Steven M. Loeb, Blad Co. and Kevin Dailey, for indemnity or contribution for all sums for which he may be found liable to the plaintiffs, plus interest, costs and attorneys' fees.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN

Defendant, William Tripp, hereby requests a trial by jury.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

TO Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

John P. Graceffa, Esq.
Charles A. Cook Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Joseph E. Donat, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: March 10, 2006