**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS
Plaintiffs,

v.

STEVEN M. LOEB, BLAD CO. AND WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE
Defendants/Third-party Plaintiffs,

v.

BLAIR BROWN
Third-Party Defendant.

**PLAINTIFFS' OPPOSITION TO MOTION TO BRING IN THIRD-PARTY DEFENDANT BY DEFENDANTS LOEB AND BLAD CO.**

Now come the plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins (collectively, the "Plaintiffs"), and hereby oppose the Motion to Bring in Third-Party Defendant (the "Motion") submitted by defendants Steven M. Loeb ("Loeb") and Blad Co. (collectively, the "Defendants") seeking to add Blair Brown ("Brown") as a third-party defendant to this action on the following grounds:

1. Brown, as a matter of law, is not liable to the Plaintiffs or the Defendants in this action;

2. Any causes of action that Defendants seek to assert against Brown are barred by the doctrine of *res judicata*;



997574v1

3. The Defendants have waited too long in seeking to add Brown and inclusion of Brown at this time would cause delay and prejudice to the Plaintiffs; and,

4. The Defendants have failed to sufficiently plead the basis for exercising jurisdiction over Brown, a citizen of Massachusetts.

In further support of its contentions, the Plaintiffs state as follows:

## I. FACTS

The Plaintiffs seek compensation for injuries incurred during a sail boat race conducted on the waters of Rhode Island Sound. Defendants acknowledge that admiralty law applies to this action. *Amended Answer of Defendant to Amended Complaint ("Amended Answer")* at ¶¶101 and 108.

On July 14, 2002 sailing vessels SIRENA and SFORZANDO participated in a Race 3 of a sailing event conducted by the New York Yacht Club. *Response of Steven M. Loeb to Requests for Admissions*, Response to Request Nos. 1, 2, 3, 4 and 6. *("Loeb's Admissions").*[1] The Plaintiffs were all sailing aboard SFORZANDO. *Amended Complaint* at ¶40. The Defendants were all sailing aboard SIRENA. *Amended Complaint* at ¶¶41 and 42, *Amended Answer* at ¶¶ 10 and 109.

SIRENA and SFORZANDO collided with each other during that race. *Loeb's Admissions,* Response to Request Nos. 7 and 8. The Plaintiffs suffered injuries as a result of the collision. *Amended Complaint* at ¶¶52, 53 and 54.

The race in which SIRENA and SFORZANDO competed was governed by rules including, *inter alia*, a notice of race, sailing instructions, the Racing Rules of Sailing and the Prescriptions of the United States Sailing Association (collectively, "Rules"). *Loeb's Admissions,* Response to Request No. 22. At all times relevant Blad Co., was the owner of

[1] Attached hereto as Exhibit 1.

SIRENA. *Amended Answer* at ¶7. Steven M. Loeb was the sole owner of all of the capital stock of Blad Co. *Amended Answer* at ¶6.

On information and belief, at all times relevant Brown was the sole owner of SFORZANDO.

The Racing Rules of Sailing provide a process for resolving disputes concerning violations of the Rules including, *inter alia*, violations resulting in collisions between boats while racing. See *Loeb's Admissions*, Exhibits C and D. SFORZANDO filed a protest against SIRENA concerning the collision. *Loeb's Admissions,* Response to Request No. 23. A hearing was conducted by a protest committee appointed by New York Yacht in accordance with the Rules. *Loeb's Admissions,* Response to Request No. 24. A representative of SIRENA attended the protest hearing. *Loeb's Admissions,* Response to Request No. 25. SIRENA was disqualified by the Protest Committee for breaking Racing Rules of Sailing Rule 10, a fundamental right of way rule. See Decision of the Protest Committee, attached as Exhibit F to *Loeb's Admissions.* SFORZANDO was found to have broken no rule. Id.

The Rules provided SIRENA with numerous opportunities to challenge the decision of the protest committee. See *Loeb's Admissions*, Exhibit C (Rules 60.1, 62, 66 and Appendix F) and Exhibit D (Appendix F). SIRENA could have (i) requested that the protest committee reopen the protest hearing (the procedural equivalent to requesting reconsideration in a court of law), (ii) sought redress based upon the decision of the protest committee, or (iii) appealed the decision. SIRENA did none of these. *Loeb's Admissions,* Response to Request Nos. 28, 29, 30, 31 and 32.

In summary, the Plaintiffs were injured as a result of a collision between SFORZANDO and SIRENA while the two vessels were racing on navigable waters. The plaintiffs were aboard

SFORZANDO. After a protest hearing specifically provided for in the Rules, SIRENA was found to have broken a basic right of way rule, and was disqualified from the race. SFORZANDO was found to have broken no rule.

## II. THE RACING RULES OF SAILING DETERMINE LIABILITY IN THIS MATTER AND AS SUCH, BROWN CANNOT BE FOUND LIABLE BY THIS COURT.

Both the Plaintiffs and the Defendants agree that the race in which the Plaintiffs sustained their injuries was governed by the Rules. The adjudicating body to whom the parties agreed to submit any disputes has already determined that the Defendants alone were at fault in causing the collision that resulted in injuries to the Plaintiffs. That decision is final and binding upon the parties and this Court must respect that determination.

### A. The Racing Rules Are Binding on the Parties.

The opinion of *Juno SVL v. S/V Endeavour*, 58 F.3d 1, 6 (1st Cir. 1995)[2] dealt directly with the issue of the binding nature of the Rules in holding that parties agreeing to voluntarily enter a sailing race for which published sailing instructions set out the rules of participation, including the substantive rules for determining fault, the adjudicating forum for settling disputes and the procedures for appearing before such forum, are legally bound by those rules and the decisions of the adjudicating body prescribed by them.

The Prescriptions of US SAILING under Rule 68 provide that:

> A basic purpose of the rules is to prevent contact between boats. By participating in an event governed by the rules, **a boat agrees that responsibility for damages arising from any breach of the rules shall be based on fault as determined by application of the rules**, and that she shall not be governed by the legal doctrine

---

[2] The author of this opinion, Chief Judge Juan Torruella, is himself a former Olympic sailor and an expert on the racing rules, certified by the International Sailing Federation. Chief Judge Torruella is well-versed in the issues of determining fault in sailboat racing under such rules and alternative dispute resolution procedures. He has served on many protest committees appointed under the Rules.

> of 'assumption of risk' for monetary damages resulting from contact with other boats.

*The US SAILING Prescriptions*, 2000 – 2004, Rule 68 (emphasis added) See Exhibit D attached to *Loeb's Admissions*.

Loeb admits, in addition to being bound by the Rules, that the Protest Committee determined the crew of SIRENA, the boat on which the Defendants were racing, to be solely at fault in the collision with the SFORZANDO, the boat on which the Plaintiffs and Brown were racing. Loeb's liability has therefore been conclusively established and Loeb does not have any basis for claims of contribution or indemnity against Brown. [3]

Loeb has no basis for asserting that Brown is liable to Loeb on theories of contribution or indemnity. Generally, contribution or indemnity is available as a device for the redistribution of the burden among the joint tortfeasors having caused harm to the same third parties or where provided for by contract. Neither theory is applicable here. Brown is not a joint-tortfeasor. The parties agreed that fault in any collision was to be determined based upon violation of the Rules. Brown has been found to have violated no Rule. Moreover, the contract between the parties (the Rules) specifically provided that damages (i.e., duties of contribution) are to be allocated "based on fault as determined by application of the Rules." *The US SAILING Prescriptions*, 2000-2004, Rule 68. See Exhibit D attached to *Loeb's Admissions*. In summary, the Defendants have no basis for asserting a claim of contribution or indemnity against Brown.

Similarly, while the Third-Party Complaint attached to the Defendants' Motion asserts that Rhode Island law applies in this case as another means to assert liability against Brown, there simply is no basis for asserting that Rhode Island law actually applies. Rhode Island General Laws Section 46-22-15 provides that an owner of a vessel is liable for damages

---

[3] The Plaintiffs anticipate filing a Motion for Summary Judgment shortly on this issue of the Defendants' liability based upon the Defendants' own admissions and the holdings in the *Juno* case.

occasioned by the negligent operation of that vessel. R.I. Gen. Laws §46-22-15. As discussed at length above, the parties are contractually bound by the Rules and, under those Rules, the Defendants alone were determined to be at fault with respect to the collision. Therefore, there can be no recovery against Brown under Rhode Island law. The very suggestion that Rhode Island law now applies in this case only supports the Plaintiffs' argument, as discussed more fully below, that the Defendants are seeking to add Brown to this action simply to delay and complicate this matter and to cause the Plaintiffs to needlessly wait even longer to recover for the injuries they sustained.

### B. The Decision of the Protest Committee Bars Recovery Against Brown in This Action under the Doctrine of Res Judicata.

Having agreed to be bound by the Rules and having had an opportunity to exhaust all available means of redress as permitted by the Rules, the Defendants cannot seek to have this Court re-determine the issue of fault and assign blame to Brown.

Rule 3 of the Racing Rules of Sailing provide that:

> By participating in a race conducted under these racing rules, each competitor and boat owner agrees
>
> (a) to be governed by the rules;
>
> (b) to accept the penalties imposed and other action taken under the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and,
>
> (c) with respect to such determination, not to resort to any court or other tribunal not provided by the rules.

*The Racing Rules of Sailing, for 2001-2004, Exhibit C to Loeb's Admissions*

Binding arbitration of the disputes between the crews of the SIRENA and SFORZANDO occurred through a protest hearing conducted in accordance with the Rules. Loeb admits that the

Defendants caused a representative to appear before the Protest Committee on their behalf to participate in the hearing and that once the Protest Committee issued a determination that the Defendants were solely at fault, the Defendants never appealed the decision of the Protest Committee or otherwise requested redress concerning the protest hearing.

"Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Intl., Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995). It is generally recognized that an arbitration award has res judicata effect as to all claims heard by an arbitrator. *Id.* at 585. [4] The First Circuit has articulated a three-part test to determine whether res judicata precludes litigation of a party's claims. "For a claim to be precluded, the following elements must be present: (1) final judgment on the merits in an earlier suit; (2) sufficient identicality between the causes of action asserted in the earlier and later suits; and (3) sufficient identicality between the parties in the two suits." *Id.* at 583. Loeb has not, and cannot, argue that any of these elements has not been met.

The issue of fault with respect to the collision and responsibility for the damages caused thereby was the subject of the protest hearing in which all parties to this action were represented. A final determination was made with respect to fault and a decision rendered by the Protest Committee in accordance with the Rules. The protest hearing and the determination by the Protest Committee meet all the elements for application of the doctrine of res judicata. Loeb could have challenged the decision of the Protest Committee following procedures provided for

---

[4] The Federal Arbitration Act (the "FAA") also provides that a judgment rendered in an arbitration proceeding shall have the same force and effect, in all respects, as a judgment in action. *9 U.S.C.S. §13.* The Plaintiffs have yet not moved for an order from this Court confirming the decision of the Protest Committee under the FAA but assert that confirmation under the FAA is not a prerequisite to application of the res judicata doctrine based upon the Protest Committee's decision. To the extent that this Court determines that the Protest Committee decision must be confirmed prior to application of the res judicata doctrine, the Plaintiffs hereby move for an order confirming the Protest Committee's decision.

in the Rules. He chose not to do so. Loeb should not be permitted to relitigate the issue of fault in the present action. His attempt to add Brown as a third-party defendant improperly seeks to do so.

## III. GRANTING THE MOTION WILL CAUSE UNDUE DELAY AND PREJUDICE TO THE PLAINTIFFS.

Rule 14(a) of the Federal Rules of Civil Procedure provide that a defendant may seek to add a third party by leave of court if the third party complaint is sought to be filed later than ten days from when the defendant filed his answer to the complaint. *Fed. R. Civ. P. 14.* The Defendants have waited more than three (3) months to do so. "Since the motion was filed more than ten days after defendant's original answer, the Court has broad discretion to grant or deny the motion. The Court should exercise its discretion to grant the motion if that will avoid duplicitous litigation. **However, the motion should be denied if the claims, when inserted into the case, will delay or disadvantage the existing action or if the third-party claims obviously lack merit."** *Fed. Deposit Ins. Corp. v. diStefano*, 839 F. Supp. 110, 120 (D.R.I. 1993) [internal citations omitted.] (emphasis added).

Given the weight of the *Juno* case, the Defendants' theory of liability against Brown is farfetched and a reasonable person would conclude that the Defendants' likelihood of success on the merits against Brown is virtually non-existent. In addition, the Defendants have waited too long to seek the inclusion of Brown in this action. They have never put the Plaintiffs on notice and, for that matter, to the Plaintiffs' knowledge, have never put Brown on notice of their intent to add him as a third-party defendant.[5] The Plaintiffs have already engaged in extensive discovery and are preparing dispositive motions on the issue of liability. Even if it were

[5] The other defendant in this matter, William Tripp, has filed a third party complaint against Brown; however, on information and belief it has not been served on Brown as of the date of this Opposition. The Plaintiffs' anticipate a motion to dismiss Brown will be filed once Brown is served.

appropriate for the Defendants' to seek contribution and indemnity from Brown, the issues of contribution and indemnity can be dealt with in a separate proceeding and would not result in duplicitous litigation. More importantly, however, the Plaintiffs sustained serious personal injuries and should not be required to wait while the Defendants pursue meritless theories to re-assign liability to other parties before the Plaintiffs are made whole for their injuries. The balance of equities in determining prejudice to the parties weighs heavily in the Plaintiffs' favor and it is within this Court's discretion to deny the Defendants' Motion in favor of timely and efficient disposition of this case.

## IV. THE DEFENDANTS HAVE NOT PROVIDED A SUFFICIENT BASIS FOR THIS COURT TO EXERCISE JURISDICTION OVER BROWN.

Lastly, the Third-Party Summons and Complaint is defective in that it does not properly establish that this Court has a basis for exercising jurisdiction over Brown. While the Third-Party Complaint alleges that Brown is a resident of Rhode Island, the Third-Party Summons indicates that Brown is a resident of Newton, Massachusetts.[6] Given the contradictory statements contained in the Defendants' own papers as to Brown's residency, there is an insufficient basis for this Court to even be able to exercise jurisdiction over Brown. This just creates another inference that the Defendants have not completely examined the basis for any meritorious action against Brown but are merely seeking to add him to slow down the pace of the present action and add the burdens of spending additional time and cost in presenting the Plaintiffs' case onto the Plaintiffs.

[6] Based upon the Plaintiffs' knowledge and belief, Brown is, in fact, a resident of Massachusetts.

Accordingly, for all of the foregoing reasons, the Plaintiffs hereby respectfully request that the Defendants' Motion be denied.

Respectfully submitted,

April 27, 2006

MORRISON MAHONEY LLP
Attorneys for Plaintiffs,
JACK FOLEY, MARY O'DONOGHUE AND
DAVID ROBBINS,

John P. Graceffa, Esq.

John P. Graceffa, Esq. (RI BAR #5201)
Charles A. Cook, Esq. (MA BBO #097580)
Gareth Notis, Esq. (MA BBO #637814)
250 Summer Street
Boston, MA 02210
617-439-7500

**CERTIFICATE OF SERVICE**

I, Charles A. Cook, hereby certify that I served a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO MOTION TO BRING IN THIRD-PARTY DEFENDANT BY DEFENDANTS LOEB AND BLAD CO.**, by sending a copy first class mail, postage pre-paid, to the following:

William E. O'Gara, Esq.
Pannone Lopes & Devereaux LLC
1800 Financial Plaza
Providence, RI 02903

Patricia M Gaug, Esq.
Curtis, Brinckerhoff & Barrett, P.C.
666 Summer Street
Stamford, CT 06901-1416

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway, 26th Floor
New York, NY 10006-2802

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

Benjamin V. White, III, Esq.
Michael J. Daly, Esq.
Vetter& White, Inc.
20 Washington Place
Providence, RI 02903

Dated: April 27, 2006

Charles A. Cook, Esquire



997574v1