06 038

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 ML

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

VS

BLAIR BROWN

MOTION TO STAY OR DELAY HEARING

Now comes the defendant William Tripp and moves that the hearing on the motion of the defendants Steven M. Loeb and Blad Company to bring in a third party defendant be stayed or delayed until such time as the third-party defendant Blair Brown has filed a responsive pleading to the third-party complaint. The defendant William Tripp relies upon the attached memorandum.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

TO: Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

John P. Graceffa, Esq.
Charles A. Cook Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Joseph E. Donat, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

William O'Gara, Esq.
PANNONE LOPES & DEVEREAUX
1800 One Financial Plaza
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: May 4, 2006 B. Brown

06 038

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 ML

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

VS

BLAIR BROWN

MEMORANDUM OF DEFENDANT WILLIAM TRIPP
IN SUPPORT OF HIS MOTION TO STAY OR DELAY HEARING

The defendants Steven M. Loeb and Blad Company have moved pursuant to FRCP 14 to file a third-party complaint against Blair Brown. Mr. Brown is already a third-party defendant as a result of the defendant William Tripp's filing of a third-party complaint against him. Exh. 1, third-party complaint of defendant William Tripp. The plaintiffs have filed an objection to the motion and in their memoranda assert that Blair Brown is not liable to the plaintiffs or the defendants based upon Juno SVL v. S/V Endeavour, 58 F.3d 1 (lst Cir. 1995) and principles of res judicata, based upon an allegation of undue delay and prejudice, and based upon the lack of a jurisdictional basis for the third party action.

In their memorandum, the plaintiffs assert that Blair Brown has not yet been served with the third-party complaint by defendant Tripp and, further, that once he is served and enters the case, he will file a motion to dismiss, presumably relying upon Juno, supra, and the res judicata arguments presented by the plaintiffs here in opposition to this pending motion.

The defendant Tripp has mailed to the third-party defendant Brown a notice of lawsuit and request for waiver of service of summons pursuant to FRCP 4(d). This was done on April 3. Exh. 2, notice and waiver form. Counsel for defendant Tripp represents that he was contacted on May 3, 2006 by an attorney for Mr. Brown who indicated a timely response to the third-party complaint will be filed. Defendant Tripp

requests that the hearing on the motion to file the third-party complaint by the co-defendants Loeb and Blad be delayed until Mr. Brown's attorney has filed the response. If it is a motion to dismiss and if it is based upon the same grounds asserted by the plaintiffs here, the hearings on both motions can be consolidated and decided at the same time.

The defendant Tripp is concerned that a ruling in favor of the plaintiffs on the current motion may affect the ruling of this court on a motion to dismiss filed by the third-party defendant Brown and that defendant Tripp is unable to effectively argue against the plaintiffs' position on the current motion since the motion involves only the plaintiffs and the defendants Loeb and Blad. Further, separate motions dealing with the substantive liability issues raised in the third-party complaints may result in inconsistency in the court's rulings. A single hearing with all parties able to present arguments on the substantive liability issues would permit the court to address the positions of all parties. For example, Mr. Tripp was a tactician on the Sirena, not its skipper. He had no ability to participate as a party in the Protest Hearing and, therefore, takes the position that the Committee decision is not binding on him. A decision on the pending motion in favor of the plaintiffs without an opportunity for him to present his position fully may hamper the effectiveness of his arguments in responding to a later motion to dismiss.

The defendant Tripp respectfully requests that the hearing on the motion to bring in a third-party by the defendants Loeb and Blad be delayed until the third-party defendant Brown responds to the third-party complaint by motion or answer.

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX

TO Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

John P. Graceffa, Esq.
Charles A. Cook Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Joseph E. Donat, Esq.
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

William O'Gara, Esq.
PANNONE LOPES & DEVEREAUX
1800 One Financial Plaza
Providence, RI 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated: May 4, 2006 B. Braun