UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS,<br>Plaintiffs,<br><br>v.<br><br>STEVEN M. LOEB, BLAD CO. AND WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE,<br>Defendants/Third Party Plaintiffs,<br><br>v.<br><br>BLAIR BROWN,<br><br>Third Party Defendant. | C.A. NO. 06-CV-00053-S-LDA |

**PLAINTIFFS', JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS, RULE 16 STATEMENT**

Pursuant to this Court's Order dated August 9, 2006, plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, submit the following statement:

**BRIEF SUMMARY OF FACTS**

On July 14, 2002, the yachts SFORZANDO and SIRENA were competing in navigable waters off of Newport, Rhode Island in a race conducted by the New York Yacht Club. SIRENA was owned by Blad Co. The sole owner of Blad Co, Defendant Steven Loeb, was the skipper of SIRENA. Defendant William Tripp designed SIRENA and was the tactician during the race. The plaintiffs were all serving as crew aboard SFORZANDO, which was owned by Third-Party Defendant Blair Brown.

During the race, SIRENA and SFORZANDO collided with each other. Immediately before the collision, SIRENA was on port tack, and SFORZANDO was on starboard tack. SFORZANDO was the right-of-way boat, and SIRENA was required to keep clear. As a result of the collision, SFORZANDO suffered serious damage. The three plaintiffs were injured and SFORZANDO retired from the race in order to obtain emergency medical care for the plaintiffs. The plaintiffs underwent long-term, substantial medical care and continue to suffer from the injuries sustained in the collision.

The yachts and all crew aboard SFORZANDO and SIRENA agreed to be bound by the RACING RULES of SAILING as prescribed by the Unites States Sailing Association (the "Rules") as a condition of participating in the race. The Rules provide that damages "arising from a breach of the rules shall be based on fault as determined by the application of the rules…" Rule 68. A protest committee appointed in accordance with the Rules conducted a protest hearing at which representatives of SFORZANDO and SIRENA were parties. The protest committee disqualified SIRENA from the race for breaking Rule 10 (a basic right-of-way rule requiring the port tack yacht to keep clear). SFORZANDO was found by the protest committee to have broken no rule.

The plaintiffs seek recovery from Steven Loeb, Blad Co. and William Tripp for their injuries, lost wages, reduction in earning capacity, medical care and other losses and damages.

## ELEMENTS OF CLAIMS

Each of the plaintiffs has brought a separate claim against the defendants for negligence, breach of contract and piercing the corporate veil. The elements to sustain claims for each of the foregoing causes of action are as follows:

### A. Negligence – (Counts I, II, VI, VIII, IX, XIII, XV, XVI and XX)

To succeed on a claim of negligence, a plaintiff must show:

(a) the defendant owed the plaintiff a legal duty to refrain from negligent behavior;

(b) the defendant breached that duty;

(c) the breach proximately caused the accident and the plaintiff's injury; and

(d) there was actual loss or damage resulting.

*Crawford v. Cooper/T. Smith Stevedoring Co., Inc.*, 14 F. Supp. 2d 202, 209-210 (D.R.I. 1998) *citing Jenard v. Halpin*, 567 A.2d 368, 370 (1989).

**B. Breach of Contract – (Counts III, IV, VII, X, XI, XIV, XVII, XVIII and XXI)**

To succeed on a claim of breach of contract, a plaintiff must show:

(a) a contractual obligation existed between the parties;

(b) the defendant failed to perform its obligations under that contract; and,

(c) there was actual loss or damage resulting.

*Kinetic Sys. v. R.I. Indus. Facilities Corp.*, 2003 R.I. Super. LEXIS 113, *21 (Super. Ct. 2003). ("In Rhode Island a party will establish a breach of contract claim when that party demonstrates a violation of a contractual obligation, either by failing to perform one's promise or by interfering with another party's performance.")

The plaintiffs rely on *Juno SVL v. S/V Endeavour*, 58 F.3d 1, 5 (1st Cir. 1995) for establishing the existence of a contractual obligation between the parties. "[W]hen one voluntarily enters a yacht race for which published sailing instructions set out the conditions of participation, a private contract results between the participants requiring their compliance therewith." *Id*.

In addition, the plaintiffs will also argue that the decisions of the protest committee preclude re-litigation of any defense of the breach of contract claims. The elements for application of the res judicata doctrine are:

(a) final judgment on the merits in an earlier suit;

(b) sufficient identicality between the causes of action asserted in the earlier and later suits; and

(c) sufficient identicality between the parties in the two suits.

*Apparel Art Intl., Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995).

**C. Piercing the Corporate Veil – (Counts V, XII and XIX)**

To succeed on a claim for piercing the corporate veil, a plaintiff must show:

(a) unity of interest and ownership between the corporation and its owner exists;

(b) unity is such that the separate identities of the corporation and owner no longer exist; and,

(c) that respecting the legal separation of the corporation and owner for the purposes of imposing liability would result in injustice.

*Nat'l Hotel Assocs. v. O. Ahlborg & Sons, Inc.*, 827 A.2d 646, 652 (2003) (internal citations omitted). ("The criteria for piercing the corporate veil to impose liability on non-corporate defendants vary with the particular circumstances of each case. However, when the facts of a particular case render it unjust and inequitable to consider the subject corporation a separate entity we will not hesitate to disregard the corporate form and treat the defendant as an individual who is personally liable for the debts of the disregarded corporation. Thus, in circumstances in which there is such a unity of interest and ownership between the corporation and its owner or parent corporation such that their separate identities and personalities no longer exist we have

held that adherence to the principle of their separate existence would, under the circumstances, result in injustice. In those situations the corporate form is disregarded and liability is determined by justice and fairness.")

Respectfully submitted,

September 28, 2006

MORRISON MAHONEY LLP
Attorneys for Plaintiffs,
JACK FOLEY, MARY O'DONOGHUE AND
DAVID ROBBINS,

/s/ Charles A. Cook

John P. Graceffa, Esq. (RI BAR #5201)
Charles A. Cook, Esq. (MA BBO #097580)
Gareth Notis, Esq. (MA BBO #637814)
250 Summer Street
Boston, MA 02210
617-439-7500

**CERTIFICATE OF SERVICE**

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on September 28, 2006.

/s/ Charles A. Cook