UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS<br>Plaintiffs | : | |
| vs. | : | C.A. No. 06-0053-S-LDA |
| STEVEN M. LOEB, BLAD CO., and WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE<br>Defendants | : | |
| v. | : | |
| BLAIR BROWN<br>Third Party Defendant | : | |

**DEFENDANTS STEVEN LOEB AND BLAD COMPANY'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Defendants Steven M. Loeb and Blad Co. (collectively the "Loeb Defendants") hereby move for a protective order against the Plaintiffs' demand that the deposition of Steven Loeb, an officer of Blad Co., be held in Rhode Island despite the fact that Defendant Loeb resides in Connecticut and has a principle place of business in New York. Because federal law holds that a defendant's deposition should be taken at his residence or principle place of business, a motion for a protective order under Rule 26(c) is appropriate. To support this position, the Loeb Defendants have submitted the accompany memorandum of law.

WHEREFORE, the Loeb Defendants request that this Court issue a protective order that (1) limits the location of Defendant Loeb's deposition to his state of residence or principle place of business; and (2) limits the location of any subsequent depositions of the Loeb Defendants to the deponent's residence or principle place of business.

RESPECTFULLY SUBMITTED,

DEFENDANTS, STEVEN M. LOEB and
BLAD COMPANY

By their attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esquire (#4257)
1800 Financial Plaza
Providence, Rhode Island 02903
(401) 824-5100 (telephone)
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that I have electronically filed the above document on 5th day of January, 2007

Notice will be electronically mailed to:

| | |
|---|---|
| Benjamin V. White, Esq. | bwhite@vetter&white.com; mdaly@vetter&white.com |
| Thomas C. Plunkett, Esq. | tplunkett@kprlaw.com |
| Charles A. Cook, Esq. | cook@morrisonmahoney.com; smorriso@morrisonmahoney.com; gnotis@morrisonmahoney.com; jgraceffa@morrisonmahoney.com |
| Seth Holbrook, Esq. | holbrook_murphy@msn.com |
| Cary R. Wiener, Esq. | cwiener@marinelex.com |

Notice will be delivered via regular mail to:

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway
New York, NY 10006

Joseph E. Donat, Esq.
Herzfeld & Rubin, PC
40 Wall Street
New York, NY 10005

/s/ William E. O'Gara

Doc #3969

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS Plaintiffs | : | |
| vs. | : | C.A. No. 06-0053-S-LDA |
| STEVEN M. LOEB, BLAD CO., and WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE Defendants | : | |
| v. | : | |
| BLAIR BROWN Third Party Defendant | : | |

**DEFENDANTS STEVEN LOEB AND BLAD COMPANY'S MEMORANDUM OF LAW SUPPORTING MOTION FOR PROTECTIVE ORDER**

The Defendants Steven M. Loeb and Blad Co. (collectively the "Loeb Defendants") submit this memorandum of law to support their motion for a protective order in the above captioned matter. The Loeb Defendants have moved to protect Defendant Steven M. Loeb, and any other deponent compelled to testify on behalf of the Loeb Defendants, from being deposed in Rhode Island. In accord with federal law, these depositions should be held in the deponent's state of residence or principle place of business. In further support of this motion, the Loeb Defendants assert the following:

1. Defendant Steven Loeb has a personal residence located in Connecticut. As an agent of Defendant Blad Co., his principle place of business is located in New York.

2. Defendant Loeb has requested that his deposition take place in New York or Connecticut in accord with the traditional rule that a plaintiff must travel to the

defendant's residence or principle place of business to take depositions. In this case, the Plaintiffs have refused to take the deposition in New York or Connecticut, insisting that it must take place in Rhode Island. In rejecting this request, the Plaintiffs have indicated that Defendant Loeb will have to obtain a protective order before they will consent to a deposition in New York or Connecticut.

3. Under well-settled federal law, Defendant Loeb, as well as any deponent called on behalf of the Loeb Defendants, has the right to have his deposition taken in New York or Connecticut unless the Plaintiffs can demonstrate some special circumstance to compel the deposition in Rhode Island. As delineated in numerous federal decisions, "the universally accepted rule in federal litigation is that, in the absence of special circumstances (such as an impoverished plaintiff and a very affluent defendant), a party seeking discovery must go where the desired witnesses are normally located." Work v. Bier, 107 F.R.D. 789 (D.D.C. 1985) (citing Salter v. The Upjohn Company, 593 F.2d 649, 651 (5th Cir. 1979) and 8 Wright and Miller, Federal Practice and Procedure, §2112, at p.410). More important, because a "defendant's deposition will ordinarily be taken at the defendant's residence or place of business or employment[,] a motion for a protective order under Rule 26(c) that objects to another location will usually be successful." Ciunci, Inc. v. Logan, 652 A.2d 961 (R.I. 1995) ((citing Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975); Grey v. Continental Marketing Associates, Inc., 315 F.Supp. 826 (N.D. Ga. 1970), and 4 Moore's Federal

Practice, ¶26.22[1] at 26-367 (2d ed. 1994)). In accord with this well-settled rule, Defendant Loeb's deposition should be held in New York or Connecticut.

4. The Plaintiffs have not presented the Loeb Defendants with any rationale for a Rhode Island deposition that would rise to the level of "special circumstances". Instead, the Plaintiffs have argued that the deposition should be held in Rhode Island because the Loeb Defendants failed to raise this issue during a prior judicial conference and/or because the Loeb Defendants agreed to be subject to the jurisdiction of this Court. The first argument fails because the Loeb Defendants should not be obligated to raise an issue with this Court that is already well-settled under federal law. The second argument fails because the jurisdictional issues have no bearing on the rules concerning depositions. Indeed, the deposition rule at issue in this case derives from a number of federal cases, including the cases cited above, where the plaintiff's forum had jurisdiction over the defendant.

5. Finally, the Plaintiffs have also argued that the notes under Fed. R. Civ. P. 45(c) support their position that Defendant Loeb should have his deposition taken in Rhode Island. However, the notes under Rule 45(c) specifically state this section "is not intended to diminish rights conferred by Rules 26-37 or *any other authority*." Thus, Rule 45(c) cannot be used to undermine the well-settled deposition rule delineated in Work v. Bier, 107 F.R.D. 789 (D.D.C. 1985) and Ciunci, Inc. v. Logan, 652 A.2d 961 (R.I. 1995).

6. Because federal law holds that depositions of defendants should be held at the defendant's residence or principle place of business, this Court should grant the Loeb Defendants' motion for a protective order.

RESPECTFULLY SUBMITTED,

DEFENDANTS, STEVEN M. LOEB and
BLAD COMPANY

By their attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esquire (#4257)
1800 Financial Plaza
Providence, Rhode Island 02903
(401) 824-5100 (telephone)
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that I have electronically filed the above document on 5th day of January, 2007

Notice will be electronically mailed to:

Benjamin V. White, Esq. bwhite@vetter&white.com; mdaly@vetter&white.com

Thomas C. Plunkett, Esq. tplunkett@kprlaw.com

Charles A. Cook, Esq. cook@morrisonmahoney.com;
smorriso@morrisonmahoney.com;
gnotis@morrisonmahoney.com;
jgraceffa@morrisonmahoney.com

Seth Holbrook, Esq. holbrook_murphy@msn.com

Cary R. Wiener, Esq. cwiener@marinelex.com

Notice will be delivered via regular mail to:

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway
New York, NY 10006

Joseph E. Donat, Esq.
Herzfeld & Rubin, PC
40 Wall Street
New York, NY 10005

/s/ William E. O'Gara

Doc #3970