UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS
Plaintiffs,

v.

STEVEN M. LOEB, BLAD CO. AND WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE
Defendants,

and

BLAIR BROWN,
Third-Party Defendant.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS STEVEN LOEB AND BLAD COMPANY'S MOTION FOR PROTECTIVE ORDER**

Now come the plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins (collectively, the "Plaintiffs"), and hereby oppose the Motion for Protective Order submitted by defendants Steven Loeb and Blad Co. (collectively, the "Defendants") seeking to require the deposition of Steven Loeb and the corporate representative of Blad Co. (collectively, "Loeb") in Connecticut or New York. The Plaintiffs' opposition is based upon the grounds set forth below.

## I. THE FEDERAL RULES PERMIT THE PLAINTIFFS TO DESIGNATE THEIR PLACE OF CHOOSING FOR LOEB'S DEPOSITION

Under the Federal Rules of Civil Procedure, the court has broad discretion to determine the appropriate location for a deposition and may attach conditions as it finds appropriate. *Fed. R. Civ. P. 26(b)* and (c) and *30*. There is nothing in the Federal Rules of Civil Procedure that requires the Plaintiffs to depose Loeb in New York or Connecticut; there is only a presumption

based upon existing case law that a defendant should be deposed in the district of his residence or principal place of business. *Armsey v. Medshares Management Services, Inc.*, 184 F.R.D. 569, 571 (W.D.Va. 1998); *Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826, 832 (N.D.Ga. 1970). A number of factors, however, may overcome that presumption and persuade a court to permit the deposition to be taken elsewhere. *Armsey*, 184 F.R.D. at 571. These factors may include "location of counsel for the parties in the forum district; the number of corporate representatives a party is seeking to depose; the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; and the equities with regard to the nature of the claim and the parties' relationship." *Id*.

With respect to the *Armsey* factors, counsel for the Defendants is actually located in Providence. The Plaintiffs' counsel maintains a branch office in Providence. The location of the depositions is also within a few city blocks from this Court. As for Loeb's travel into the forum state, Loeb's residence is approximately 120 air miles from Providence and he does not seem to find travel to Rhode Island overly burdensome when he wishes to compete in sailing events, **including the sailing event that gave rise to the Plaintiffs' claims**. The web site for the sailing vessel SIRENA[1] lists a number of events in which Loeb has competed over the years that were conducted in Rhode Island. *Affidavit of Charles A. Cook, Esq., dated January 10, 2007 ("Cook Affidavit")*, at ¶15 and Exhibit C thereto. Moreover, as discussed in greater detail in Part II below, the equities overwhelmingly favor that Providence remain the location for Loeb's deposition.

[1] SIRENA is owned by Blad Co. Steven Loeb is Blad Co.'s sole owner and was skippering SIRENA at the time of the incident that gave rise to the Plaintiffs' claims.

It also should not be overlooked that the Defendants filed a third-party complaint in this matter against third-party defendant, Blair Brown, and cross-claims against defendant William Tripp, thereby making themselves plaintiffs in limited aspects of this action. "The general rule is that a plaintiff must make himself available for examination before trial in the forum he has chosen." *Pierre v. Bernuth Lembcke Co.*, 21 F.R.D. 194 (S.D.N.Y. 1957). Courts have determined that when a defendant consciously chooses to avail itself of the services of the forum court, much in the same way as a plaintiff would, the general rule requiring that the plaintiff make himself available for examination in the forum state also applies to that defendant. *See Armsey*, 184 F.R.D. at 572 [Court determined that counterclaim filed by defendant against the plaintiff subjected defendant to the same rules of examination within the forum state].

## II. THE DEFENDANTS AGREED TO A RHODE ISLAND LOCALE FOR ALL DEPOSITIONS AND THE PLAINTIFFS HAVE RELIED UPON THAT AGREEMENT

As mentioned above, there are considerable issues of equity that strongly favor denial of the Defendants' request for a protective order. First, the Defendants fail to mention one important fact in their characterization of the discussions between the parties' counsel with respect to the location of Loeb's deposition – **the Defendants, through their counsel, had already agreed to come to Rhode Island!**

On November 29, 2006, counsel for all parties met at the offices of Thomas C. Plunkett, Esq. and discussed the depositions necessary for completing discovery during the months of December 2006 and January 2007. *Cook Affidavit* at ¶6. During that meeting, it was mutually agreed that the depositions of all parties to this action would take place in Providence, Rhode Island. *Id.* at ¶7. The rationale for agreeing in advance as to the location for all party witness depositions was to reduce the cost and inefficiency of having all parties and their counsel travel

to multiple sites within Massachusetts, Rhode Island and Connecticut over the span of several weeks when one central location was readily accessible by all parties and their counsel. *Id.* at ¶14. In declining to change the venue for Loeb's deposition to New York or Connecticut, the Plaintiffs merely requested that Loeb honor his prior agreement to appear in Rhode Island and minimize further expense to the parties.

Second, in reliance upon the agreement by all parties to the deposition schedules and location, the parties agreed to file a Joint Motion to Amend Pre-Trial Order (the "Joint Motion") extending the deadlines for the filing of dispositive motions. *Id.* at ¶¶9-11. The dates and locations of the depositions yet to be taken were a fundamental consideration for establishing the deadline proposed in the Joint Motion. It was understood by all parties and their counsel at the time the Joint Motion was drafted that strict and good faith adherence to the deposition schedules as agreed to by the parties was required in order to make the representations made in the Joint Motion to this Court realistic and true. To file a motion seeking a protective order a mere two weeks before the deadline for completion of all depositions necessary to meet the proposed deadline in the Joint Motion for the filing of dispositive motions is prejudicial to the Plaintiffs and other parties. Loeb's efforts make it difficult, and maybe even impossible, to meet the deadline for filing such motions.

It is therefore dishonest to say that the Plaintiffs have not presented "special circumstances" or equitable considerations that would compel Loeb's appearance for a deposition in Rhode Island. The facts that (1) Loeb previously agreed to be deposed in Rhode Island, (2) the Plaintiffs relied upon that agreement in assenting to the Joint Motion, (3) Loeb voluntarily and freely travels to Rhode Island to participate in sailing events, including the one that gave rise to the Plaintiffs' claims, and (4) Loeb is himself a third-party plaintiff and

therefore subject to the rule that he must make himself available for examination in Rhode Island, are more than satisfactory to establish "special circumstances" such that consideration of the equities favors deposing Loeb in Providence.

Therefore, based upon the foregoing, the Plaintiffs respectfully request that the Defendants' Motion for Protective Order be denied and that the Defendants be ordered to appear in Providence for their depositions as previously agreed.

Respectfully submitted,

Plaintiffs,
**DAVID ROBBINS, JACK FOLEY and MARY O'DONOGHUE,**

By their Attorneys,
**MORRISON MAHONEY LLP**

/s/ Charles A. Cook

John P. Graceffa, Esq. (RI BAR #5201)
Charles A. Cook, Esq. (MA BBO # 097580)
Gareth Notis, Esq. (MA BBO #637814)
250 Summer Street
Boston, Massachusetts 02210-1181
(617) 439-7500

Dated: January 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on January 10, 2007.

/s/ Charles A. Cook