UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JACK FOLEY, et al., :
:
v. :
:
STEVEN M. LOEB, et al., : C.A. No. 06-53S
:
v. :
:
BLAIR BROWN :

## MEMORANDUM AND ORDER

Before the Court for determination is Defendants Steven Loeb and Blad Company's (the "Loeb Defendants") Motion for Protective Order (Document No. 62). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). The Motion arises from a discovery dispute concerning the location of the depositions of the Loeb Defendants. Mr. Loeb is a resident of the State of Connecticut and a corporate officer of Blad. Blad Company has its principal place of business in the State of New York. The Loeb Defendants have moved pursuant to Fed. R. Civ. P. 26 for a protective order against the deposition notices issued by Plaintiffs, which identify the location of the depositions as Providence, Rhode Island. The Loeb Defendants request that their depositions take place in either Connecticut or New York, where they are located. In support of their Motion, the Loeb Defendants cite "well-settled law" which states that a plaintiff is obligated to travel to the residence or place of business of a defendant in order to conduct a deposition. See, e.g., 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure §2112 (2d ed. 1994) ("courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.")

While there is "an initial presumption that a defendant should be deposed in the district of his residence or principal place of business," Armsey v. Medshares Mgmt. Svcs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998), "[a] number of factors...may overcome the presumption and persuade a court to permit the deposition of a corporate agent or officer to be taken elsewhere." Id. The Armsey Court identified five factors which the Court should weigh in determining where the depositions should take place, including "(1) location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship." Id.

This Court has considered the Armsey factors, in addition to the arguments set forth by Plaintiffs and Third-Party Defendant in opposition. First, counsel for the Loeb Defendants is located in Providence, Rhode Island. Second, it appears that Mr. Loeb would be the sole deponent for Blad Company, thus there is only one deponent at issue. Moreover, Mr. Loeb apparently travels to Rhode Island in order to compete in sailing events, including the one which gave rise to this action. Finally, turning to the equities in this case, the Court notes that Plaintiffs' attorney, Charles A. Cook, submitted an affidavit in which he testifies that on November 29, 2006, all counsel in this action held a meeting and agreed, among other things, that all of the depositions in this action would occur in Providence, Rhode Island. See Document No. 64, Exh. 2, ¶¶ 6-7. Attorney Cook also testified that the parties relied upon the agreements made at their November 29 meeting in assenting to the Joint Motion to Amend the Pre-Trial Order. Id. ¶¶ 9-11. The Loeb Defendants did not rebut the statements sworn to in Attorney Cook's Affidavit. Additionally, as noted by Plaintiffs and Third-

Party Defendant, the Loeb Defendants are also Third-Party Plaintiffs in this action, thus they have availed themselves of this Court's jurisdiction and it is not unreasonable that they be available for deposition in Rhode Island. Finally, the distance to be traveled is not demanding and the Loeb Defendants have not made any claim or showing of financial hardship or extraordinary burden.

Given all of these facts, the Court finds on balance that requiring Mr. Loeb to travel from Connecticut or New York to Rhode Island for a deposition is reasonable and the Loeb Defendants have not met their Fed. R. Civ. P. 26 (c) burden of establishing good cause for the issuance of the requested protective order. For the foregoing reasons, the Loeb Defendants' Motion for Protective Order (Document No. 62) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 16, 2007