**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS

Plaintiffs,

v.

STEVEN M. LOEB, BLAD CO. and WILLIAM TRIPP, individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE

Defendants,

and

BLAIR BROWN,

Third-Party Defendant.

**ORAL ARGUMENT REQUESTED**

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins (collectively, the "Plaintiffs"), by their counsel, move this Honorable Court, pursuant to Fed. R. Civ. P. 56, for summary judgment in their favor and against the defendants Steven M. Loeb, Blad Co. and William Tripp (collectively, the "Defendants"). As grounds therefor, the Plaintiffs assert that:

i. The Defendants entered into a binding contract regarding determinations of liability for damages;

ii. All factual issues regarding liability have been fully adjudicated in an arbitral forum provided for in the contract between the parties; and

iii. The Defendants are barred from re-litigating any issues relating to liability.



1052497v1

The Plaintiffs direct the Court to the accompanying Memorandum of Law and Statement of Undisputed Material Facts and state the following:

1. At the time of the incident giving rise to the Plaintiffs' claims, the Plaintiffs and third-party defendant, Blair Brown, were sailing aboard the vessel SFORZANDO and the Defendants were sailing aboard the vessel SIRENA. Both vessels were competing in a sailboat race conducted by the New York Yacht Club on July 14, 2002 (the "Regatta"). During Race 3 of the Regatta, SFORZANDO and SIRENA collided. Both boats suffered significant damages. As a result of the collision, the Plaintiffs were severely injured.

2. All parties to this action agreed to be bound by the Racing Rules of Sailing and the Prescriptions of the United States Sailing Association (the "Rules").

3. The Rules include a comprehensive process for litigating disputes arising during sailboat races.

4. The Rules require competitors found to have violated the Rules to assume liability for damages arising from their actions.

5. In accordance with the Rules, SFORZANDO filed a protest against SIRENA and a protest committee was formed to determine which boat was a fault for the collision.

6. After a hearing at which representatives of both boats were represented and allowed to present evidence and witness testimony regarding the circumstances involving the collision, the protest committee determined that only SIRENA had broken a Rule and disqualified SIRENA from the race. SFORZANDO was not found to have broken a Rule and was not penalized.

7. The Defendants admit that the protest committee conducted the protest hearing in full compliance with the Rules.

8. The Defendants had an opportunity to appeal the protest committee's decision pursuant to a comprehensive appeals process included in the Rules, but elected not to do so.

9. The issue of fault already having been determined by the protest committee, the Defendants are barred, as a matter of law, from re-litigating this issue.

10. The Rules provide that liability for damages in cases such as this must be assessed in accordance the each party's fault based upon application of the Rules. The protest committee disqualified SIRENA and imposed no penalty on SFORZANDO. Therefore, the Defendants are entirely liable for the Plaintiffs' damages.

11. Accordingly, summary judgment must enter in favor of the Plaintiffs on the issue of the Defendants' liability for the Plaintiffs' damages.

Under Local Rule Cv 7, oral argument is requested.

**WHEREFORE,** the plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins respectfully request that this Honorable Court:

A. Grant this motion for summary judgment and find the defendants, Steven M. Loeb, Blad Co. and William Tripp, liable for all damages suffered by the Plaintiffs; and,

B. Grant such other and further relief as is reasonable and just.

Respectfully Submitted,

Dated: March 23, 2007

**JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS**
By their Attorneys,
MORRISON MAHONEY LLP

*/s/ Charles A. Cook*

______________________________

John P. Graceffa, Esq. (RI BAR #5201)
Charles A. Cook, Esq. (MA BBO #097580)
Gareth Notis, Esq. (MA BBO #637814)
250 Summer Street
Boston, MA 02210
617-439-7500

**CERTIFICATE OF SERVICE**

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on March 23, 2007.

*/s/ Charles A. Cook*