**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS )
)
Plaintiffs, )
v. )
)
STEVEN M. LOEB, BLAD CO. and WILLIAM TRIPP, individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE )
)
Defendants, )
and )
)
BLAIR BROWN, )
)
Third-Party Defendant. )

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, submit the following statement of undisputed material facts, pursuant to Local Rule Cv 56, in support of their Motion for Summary Judgment. No genuine issues of material fact exist which would prevent this Court from granting summary judgment for the plaintiffs at this time.

**STATEMENT OF RELEVANT FACTS**

1. On July 14, 2002, sailing vessels SIRENA and SFORZANDO participated in a Race 3 of a sailing race conducted by the New York Yacht Club. (Exhibit 1, *Response of Steven M. Loeb to Requests for Admissions* ("*Loeb's Admissions*"), Response to Request Nos. 1, 2, 3, 4 and 6; Exhibit 3, *Defendant Blad Co.'s Response to Plaintiffs' First Requests for Admissions* ("*Blad Co.'s Admissions*"), Response to Request Nos. 1, 2, 3 and 4; Exhibit 5, *Deposition of*

*Steven M. Loeb* ("*Loeb Dep.*") at 24:3-8; Exhibit 6, *Deposition of William H. Tripp, III* ("*Tripp Dep.*") at 39:1-7.)

2. The Plaintiffs and Blair Brown ("Brown") were all sailing aboard SFORZANDO. (Exhibit 4, *Deposition of Blair Brown* ("*Brown Dep.*") at 8:18 – 9:21.)

3. Defendants Tripp and Loeb were sailing aboard SIRENA. (*Tripp Dep*. at 39:5-7; *Loeb Dep*. at 27:15-28:4.)

4. Tripp served as the Tactician of SIRENA. (*Tripp Dep*. at 39:8-9; *Loeb Dep*. at 29:9-10.)

5. As Tactician, Tripp was responsible to watching for other boats and advising the course SIRENA should steer. (*Tripp Dep*. at 39:10-40:9; *Loeb Dep*. at 50:8-15.)

6. During the race, SIRENA was on a port tack with SFORZANDO on a starboard tack, SFORZANDO having the right of way as they were approaching the windward mark on the course. It was SIRENA's intention to cross in front of SFORZANDO. (*Loeb's Admissions*, Response to Request Nos. 10-17; *Blad Co.'s Admissions*, Response to Request Nos. 10-13, *Loeb Dep*. at 50:24-51:13; *Tripp Dep*. at 52:24-53:12.)

7. Approximately 17 seconds before reaching the mark, Tripp, as tactician, observed SFORZANDO's position and advised Loeb that he needed to "duck immediately" in order to avoid a collision. Loeb refused. (*Tripp Dep*. at 55:24-57:10; *Loeb Dep*. at 107:15-108:10.)

8. Tripp grabbed the wheel from Loeb and sharply altered course in an attempt to cross behind SFORZANDO. (*Tripp Dep*. at 57:11-13; *Loeb Dep*. at 55:24-56:8 and 108:11-12.)

9. SIRENA and SFORZANDO collided with each other after the alteration of course. (*Loeb's Admissions,* Response to Request Nos. 7 and 8; *Blad Co.'s Admissions*,



1052776v1

Response to Request No. 6; *Brown Dep*. at 41:8 – 42:16; *Tripp Dep*. at 68:12-70:17; *Loeb Dep*. at 63:11-21.)

10. Had Loeb altered course when advised by Tripp to do so, the collision might have been avoided. (*Tripp Dep*. at 59:20-60:1.)

11. The Plaintiffs suffered injuries as a result of the collision. (*Brown Dep*. at 45:6-47:18.)

12. The Plaintiffs bear no responsibility for their injuries. (*Tripp Dep*. at 106:1-107:1; *Loeb Dep*. at 83:7-12.)

13. At all times relevant Blad Co., was the owner of SIRENA. (*Loeb Dep.* at 6:22-7:1.)

14. Steven M. Loeb was the sole owner of all of the capital stock of Blad Co. (*Id.*)

15. At all times relevant Loeb was skipper of SIRENA. (*Loeb Dep*. at 26:7-10.)

16. Under the Rules (as hereinafter defined), Loeb was the "person in charge" during the Regatta (as hereinafter defined). (*Blad Co.'s Admissions*, Response to Request No. 39.)

17. At all times relevant Brown was the sole owner of SFORZANDO. (*Brown Dep.* at 6:13-20.)

18. The race in which SIRENA and SFORZANDO competed was governed by rules including, *inter alia*, a notice of race, sailing instructions, the Racing Rules of Sailing and the Prescriptions of the United States Sailing Association (collectively, "Rules"). (*Loeb's Admissions,* Response to Request No. 22; *Blad Co.'s Admissions*, Response to Request No. 23; *Loeb Dep*. at 26:11-18; *Tripp Dep*. at 93:6-11; Exhibit 8, *Affidavit of Richard M. Rose* ("*Rose Affidavit*"), ¶¶11, 13 and 14.)

19. The word "competitor" is used throughout the Racing Rules of Sailing and US Prescriptions. All crew racing aboard a sailboat are "competitors" and, unless a particular rule proscribes the conduct of a "boat owner," the Racing Rules of Sailing apply to all competitors. (*Rose Affidavit*, ¶12.)

20. Each of the plaintiffs and defendants Loeb and Tripp was a competitor within the meaning of the Racing Rules of Sailing. (*Tripp Dep*. at 85:7-13; *Rose Affidavit*, ¶15.)

21. By participating in the 2002 New York Yacht Club Race Week (the "Regatta"), each of them agreed to be bound by the Racing Rules of Sailing including, among other things, Racing Rules of Sailing Rule 3 and the US Prescription to Rule 68. (*Rose Affidavit*, ¶15 and Exhibits A and B thereto.)

22. The Racing Rules of Sailing provide a process for resolving disputes concerning violations of the Rules including, *inter alia*, violations resulting in collisions between boats while racing. (*Rose Affidavit*, ¶9 and Exhibit B thereto (Part 5).)

23. SFORZANDO filed a protest against SIRENA concerning the collision. (*Loeb's Admissions,* Response to Request No. 23; *Blad Co.'s Admissions*, Response to Request No. 25; *Loeb Dep*. at 72:12-14; Exhibit 7, *Affidavit of Robert Conner* ("*Conner Affidavit*"), ¶7 and Exhibit A thereto; and *Brown Dep*. at 50:2-13.)

24. The Protest Committee conducted a protest hearing in accordance with the ISAF Racing Rules of Sailing and US Prescriptions. Representatives for both SFORZANDO and SIRENA were given an opportunity to prepare their cases, to call any witnesses they wished, to present whatever evidence they wished, to question any witnesses and to make a closing statement. A representative of each boat was present throughout the protest hearing. The Protest Committee followed all of the applicable recommendations set forth in Appendix L of the

Racing Rules of Sailing and the requirements in Part 5 of the Racing Rules of Sailing. (*Loeb's Admissions,* Response to Request Nos. 24 and 25; *Loeb Dep*. at 72:12-75:24; *Conner Affidavit*, ¶8; *Tripp Dep*. at 78:13-80:15.)

25. Both Loeb and Tripp testified on behalf of SIRENA. (*Loeb Dep*. at 72:24-73:12; *Tripp Dep*. at 78:16-17.)

26. After hearing all of the testimony and evidence presented by SIRENA and SFORZANDO, the Protest Committee found that SIRENA broke Racing Rules of Sailing, Rule 10. (*Conner Affidavit*, ¶9 and Exhibit B thereto; *Loeb's Admissions*, Response to Request No. 26; *Blad Co.'s Admissions*, Response to Request No. 28.)

27. The Protest Committee found that SFORZANDO did not break any rule and was not penalized. (*Conner Affidavit, ¶11;* Exhibit 2, *Defendant Steven M. Loeb's Response to Plaintiff's Second Requests for Admissions,* Response to Request No. 3; *Blad Co.'s Admissions*, Response to Request No. 29.)

28. After the conclusion of the protest hearing, the Protest Committee rendered its decision (the "Decision"). As noted in the Decision, after hearing all of the testimony and evidence presented by SIRENA and SFORZANDO, the Protest Committee found facts and determined that only SIRENA violated any of the Racing Rules of Sailing. SIRENA was disqualified from the race. SFORZANDO was not penalized. (*Conner Affidavit*, ¶11 and Exhibit B thereto.)

29. The Rules provided SIRENA with numerous opportunities to challenge the Decision. (*Rose Affidavit*, ¶8 and Exhibit A thereto (Appendix F).)

30. SIRENA did none of these. (*Loeb's Admissions,* Response to Request Nos. 28-32; *Blad Co's Admissions*, Response to Request No. 31-37; *Loeb Dep*. at 96:5-12.)

31. Each of the three members of the Protest Committee has extensive experience in conducting protest hearings under the Racing Rules of Sailing and the US Sailing Prescriptions. (*Conner Affidavit*, ¶¶3, 4 and 6; *Loeb Dep*. 78:4-80:1.)

Respectfully Submitted,

Dated: March 23, 2007

**JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS**
By their Attorneys,
MORRISON MAHONEY LLP

*/s/ Charles A. Cook*

John P. Graceffa, Esq. (RI BAR #5201)
Charles A. Cook, Esq. (MA BBO #097580)
Gareth Notis, Esq. (MA BBO #637814)
250 Summer Street
Boston, MA 02210
617-439-7500

**CERTIFICATE OF SERVICE**

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on March 23, 2007.

/s/ Charles A. Cook