**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS

Plaintiffs,

v.

STEVEN M. LOEB, BLAD CO. and WILLIAM TRIPP, individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE

Defendants,

and

BLAIR BROWN,

Third-Party Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins (collectively, the "Plaintiffs"), have brought this civil action against the defendants, Steven M. Loeb ("Loeb"), Blad Co., and William Trip ("Tripp") (collectively, the "Defendants"), alleging the Plaintiffs sustained serious injuries as a result of the Defendants' actions during a sailing race conducted by the New York Yacht Club on July 14, 2002 (the "Regatta"). Under the rules governing the Regatta ("Rules"), a protest committee found facts and determined that SIRENA (the vessel under the control of the Defendants) had broken one of the right-or-way Rules governing the competition and disqualified SIRENA. SFORZANDO (the vessel on which the Plaintiffs were serving as crew members) was found to have broken no Rule and was not penalized by the protest committee. The Defendants acknowledge that the protest committee acted in full compliance with the Rules, and that they could have, but chose not to, appeal the protest



1052498v1

committee's decision following an appeals procedure set forth in the Rules. The Defendants both participated in the protest hearing, offered testimony, had the opportunity to question other witnesses, and had the opportunity to call any witnesses and present any testimony they wished.

Accordingly, the Plaintiffs are entitled to summary judgment on their claims that the Defendants are responsible for the Plaintiffs' injuries because the undisputed evidence establishes that:

(i) the Defendants were responsible for the collision;

(ii) the Rules provide that damages arising from such actions shall be assessed according to fault as determined by application of those Rules;

(iii) the Defendants had an opportunity to fully and meaningfully participate in the arbitral forum that made the determination with respect to the Defendants' fault; and,

(iv) the findings of the arbitral forum are binding on the Defendants and they therefore cannot re-litigate the issue of liability in this matter.

## ARGUMENT[1]

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is to be granted when, based on the pleadings, affidavits and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-

[1] The Plaintiffs incorporate by reference herein the facts as set forth in Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment.

48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248.

In the instant case, all material facts establish that the Defendants alone were responsible for the injuries incurred by the Plaintiffs after a proper hearing where all of the Defendants' due process rights were safeguarded and that, consequently, the Plaintiffs are entitled to summary judgment on the issue of liability as a matter of law.

## II. THE RACING RULES OF SAILING DETERMINED LIABILITY IN THIS MATTER AND AS SUCH, THE DEFENDANTS MUST BE FOUND LIABLE BY THIS COURT.

The Plaintiffs and the Defendants agree that the race in which the Plaintiffs sustained their injuries was governed by rules including, *inter alia*, a notice of race, sailing instructions, the Racing Rules of Sailing and the Prescriptions of the United States Sailing Association (heretofore defined as the "Rules"). The adjudicating body to whom the parties agreed to submit any disputes was a protest committee appointed by the New York Yacht Club (the "Protest Committee"). The Protest Committee determined that the Defendants alone were at fault in causing the collision that resulted in injuries to the Plaintiffs. That decision is final and binding upon the parties and this Court must respect that determination.

### A. The Racing Rules Are Binding on the Parties.

During Race 3 of the Regatta, the Plaintiffs and third-party defendant, Blair Brown ("Brown"), were sailing aboard SFORZANDO. Loeb and Tripp were aboard SIRENA, Blad Co.'s sailboat. Loeb, the sole shareholder of Blad Co., skippered SIRENA while Tripp served as tactician. As tactician, Tripp was responsible to observing the location of other racing boats and advising the skipper where to place SIRENA in relationship to those boats. Each of the Plaintiffs, Loeb and Tripp was a "competitor" within the meaning of the Rules. By

participating in the Regatta each of them agreed to be bound by the Racing Rules of Sailing including, among other things, Racing Rules of Sailing Rule 3 and the US Prescription Rule 68.

Rule 3 of the Racing Rules of Sailing provides that:

> By participating in a race conducted under these racing rules, each competitor and boat owner agrees
>
> (a) **to be governed by the rules;**
>
> (b) to accept the penalties imposed and other action taken under the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and,
>
> (c) **with respect to such determination, not to resort to any court or other tribunal not provided by the rules.**

*The Racing Rules of Sailing, 2001-2004,* Rule 3 (emphasis added).

The Prescriptions of US Sailing under Rule 68 provide that:

> A basic purpose of the rules is to prevent contact between boats. By participating in an event governed by the rules, **a boat agrees that responsibility for damages arising from any breach of the rules shall be based on fault as determined by application of the rules**, and that she shall not be governed by the legal doctrine of 'assumption of risk' for monetary damages resulting from contact with other boats.

*The US SAILING Prescriptions*, *2000 – 2004*, Rule 68 (emphasis added).

The opinion of *Juno SVL v. S/V Endeavour*, 58 F.3d 1, 6 (1st Cir. 1995)[2] dealt directly with the issue of the binding nature of the Rules in holding that parties agreeing to voluntarily enter a sailing race for which published sailing instructions set out the rules of participation, including the substantive rules for determining fault, the adjudicating forum for settling disputes

---

[2] The author of this opinion, Chief Judge Juan Torruella, is himself a former Olympic sailor and an expert on the racing rules, certified by the International Sailing Federation. Chief Judge Torruella is well-versed in the issues of determining fault in sailboat racing under such rules and alternative dispute resolution procedures. He has served on many protest committees appointed under the Rules.

and the procedures for appearing before such forum, are legally bound by those rules and the decisions of the adjudicating body prescribed by them.

Based upon *Juno*, there can be no doubt that the Rules governed the issue of fault with respect to the collision and that the Protest Committee was the only proper forum where such a determination could be made. Moreover, the Defendants admit to being bound by the Rules. There is, therefore, no question of material fact as to whether the Rules govern the determination of fault in this action.

B. The Defendants' Liability Was Properly Determined under the Rules.

When SFORZANDO filed a protest concerning SIRENA's conduct during Race 3, a Protest Committee was appointed by New York Yacht Club, in accordance with the Rules, to consider SFORZANDO's claim. A hearing was held at which representatives of both SFORZANDO and SIRENA were present and allowed to offer witness testimony and present evidence. Loeb and Tripp testified on behalf of SIRENA. They were given the opportunity to question SJORZANDO's witness(es). The Protest Committee was comprised of three individuals – Robert Conner, John Osmond and John Bonds – all with extensive experience in conducting protest hearings involving the Racing Rules of Sailing and the US Prescriptions. Each of them has been trained and certified by the United States Sailing Association, the national governing body for the sport of sailing.

Upon hearing the presentation of evidence from the representatives and witnesses from both vessels, the Protest Committee determined that SIRENA, the boat on which Loeb and Tripp were racing and over which they exercised control, to be solely at fault in the collision with the SFORZANDO, the boat on which the Plaintiffs and Brown were racing. Specifically, the Protest Committee found that SIRENA broke Racing Rules of Sailing Rule 10. The Protest Committee

found that SFORZANDO did not break any rule. SIRENA was disqualified. SFORZANDO was not penalized.

As to the Defendants' roles in SIRENA's violation of Rule 10, Loeb admits to being the skipper of SIRENA and therefore responsible for all actions undertaken by SIRENA during the race. Loeb admits that he was the "person in charge" as that term is defined in the Rules. Tripp, as tactician, was responsible for looking out for other vessels and advising Loeb, among other things, of potential collisions and determined where to position SIRENA in relation to other racing boats. Loeb and Tripp both admit that it was their decision to try to cross in front of SFORZANDO even though SFORZANDO had the right of way and both understood that such a move would bring the vessels into close contact, if not collision. Both understood that SIRENA was required to keep clear of SFORZANDO, At approximately 17 seconds before the collision, Tripp advised Loeb to "duck," that is, to dramatically alter course so that SIRENA would cross behind SFORZANDO instead of in front, when it became clear to Tripp that SIRENA could not safely cross in front of SFORZANDO. Loeb refused to do so. Tripp grabbed the wheel and sharply altered SIRENA's course. Loeb regained the wheel and in the seconds leading up to the collision, both Tripp and Loeb were attempting to steer SIRENA.

Tripp testified that had Loeb immediately acted upon Tripp's recommendation, the collision might have been avoided. Loeb testified that Tripp's alteration of course caused the collision and that steering straight ahead would have given SFORZANDO an opportunity to alter course and either avoid or minimize the impact of a collision. Regardless, the Defendants' liability has been conclusively established by the Protest Committee and their own testimony in this action. There can therefore be no dispute that the Plaintiffs' injuries resulted from the Defendants' actions.

## III. THERE IS NO BASIS FOR RE-LITIGATING THE ISSUE OF LIABILITY.

The Defendants seek through this action to re-litigate the facts and a determination of liability by introducing new claims and defenses before this Court. The Defendants' efforts must fail, however, on the basis of *res judicata* and because their defenses are not supported by the relevant law.

### A. The Decision of the Protest Committee Bars Re-Litigation of the Defendants' Liability under the Doctrine of *Res Judicata*.

Rule 3 of the Racing Rules of Sailing provides that no competitor or boat owner may resort to any court or other tribunal not provided for in the Rules. The Rules required that the parties litigate their disputes before the Protest Committee. Having agreed to be bound by the Rules and having had an opportunity to exhaust all available means of redress as permitted by the Rules, a plain reading of Rule 3 prohibits the Defendants from seeking to have this Court re-determine the issue of fault and assign blame to the Plaintiffs or Brown.

Moreover, the doctrine of *res judicata* likewise prevents the Defendants from re-litigating the determination of fault under the Rules. Binding arbitration of the disputes between the crews of the SIRENA and SFORZANDO occurred through a protest hearing conducted in accordance with the Rules. With respect to that hearing, Loeb and Tripp admit the following:

(i) The Defendants caused a representative to appear before the Protest Committee on their behalf to participate in the hearing;

(ii) Both Loeb and Tripp testified on behalf of SIRENA;

(iii) Loeb and Tripp were given the opportunity to present any evidence and testimony they wished;

(iv) Loeb and Tripp were given the opportunity to question any adverse witness(es);

(v) The Protest Committee conducted the protest hearing in compliance with the Rules; and,

(vi) Once the Protest Committee issued a determination that the Defendants were solely at fault, the Defendants never appealed the decision of the Protest Committee or otherwise requested redress concerning the protest hearing.

"Under the federal law of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Intl., Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995). It is generally recognized that an arbitration award has *res judicata* effect as to all claims heard by an arbitrator. *Id.* at 585. [4] The First Circuit has articulated a three-part test to determine whether *res judicata* precludes litigation of a party's claims. "For a claim to be precluded, the following elements must be present: (1) final judgment on the merits in an earlier suit; (2) sufficient identicality between the causes of action asserted in the earlier and later suits; and (3) sufficient identicality between the parties in the two suits." *Id.* at 583. The Defendants have not, and cannot, argue that any of these elements has not been met.

The issue of fault with respect to the collision and responsibility for the damages caused thereby was the subject of the protest hearing in which all parties to this action were represented. A final determination was made with respect to fault and a decision was rendered by the Protest Committee in accordance with the Rules. None of the Defendants has asserted that the hearing by the Protest Committee was improperly conducted or that their rights to a full and fair hearing

---

[4] The Federal Arbitration Act (the "FAA") also provides that a judgment rendered in an arbitration proceeding shall have the same force and effect, in all respects, as a judgment in action. *9 U.S.C.S. §13.* The Plaintiffs have yet not moved for an order from this Court confirming the decision of the Protest Committee under the FAA but assert that confirmation under the FAA is not a prerequisite to application of the *res judicata* doctrine based upon the Protest Committee's decision. To the extent that this Court determines that the Protest Committee decision must be confirmed prior to application of the *res judicata* doctrine, the Plaintiffs hereby move for an order confirming the Protest Committee's decision.

were ignored – in fact, the Defendants admit that the hearing was fairly conducted in accordance with the Rules. No appeal was ever made.

The protest hearing and the determination by the Protest Committee meet all the elements for application of the doctrine of *res judicata*. The Defendants could have challenged the decision of the Protest Committee following appeals procedures provided for in the Rules. They chose not to do so and should not be permitted to re-litigate the facts or the issue of fault in the present action.

B. <u>The Defendants' Claims and Defenses Are Not Supported under the Law</u>.

The Defendants have raised claims and defenses in this action in an attempt to reallocate their responsibility for the Plaintiffs' injuries. All of these claims and defenses could have been brought before the Protest Committee but they were not. Moreover, under the Rules, none of these claims and defenses has any merit and could not be supported under the Rules. Even assuming, *arguendo*, that this Court does not believe that the doctrine of *res judicata* applies in this matter, it can readily determine that the Defendants' claims must fail as a matter of law.

1. *Assumption of Risk*

The Defendants claim an assumption of risk defense with respect to the Plaintiffs. However, such defenses are not permitted under the Rules. As argued above, Prescription 68 clearly states that assumption of risk is not permitted in cases such as this one, where there has been contact between boats. (A boat "shall not be governed by the legal doctrine of 'assumption of risk' for monetary damages resulting from contact with other boats." *The US SAILING Prescriptions*, *2000 – 2004*, Rule 68.)



1052498v1

Based upon the Rules by which the Defendants agreed to be bound, there is no basis for asserting a defense of 'assumption of risk' against the Plaintiffs and this Court can readily dismiss such claims as a matter of law.

2. *Mitigation of Injuries*

The Defendants have asserted that the Plaintiffs failed to mitigate their injuries. Their claim, however, is likewise unsupported. Both Tripp and Loeb have testified that the Plaintiffs were not responsible for their injuries and that they have no evidence that the Plaintiffs failed to take any steps to mitigate their injuries. Accordingly, this defense must fail.

3. *Contribution and Indemnity*

The Defendants have asserted a claim that Brown is liable to the Defendants on theories of contribution or indemnity. Generally, contribution or indemnity is available as a device for the redistribution of the burden among the joint tortfeasors having caused harm to the same third parties or where provided for by contract. Neither theory is applicable here as Brown is not a joint tortfeasor.

Under the Rules by which the Defendants agreed to by bound, and particularly the Prescriptions of US Sailing under Rule 68, "a boat agrees that responsibility for damages arising from any breach of the rules shall be based on fault as determined by application of the rules." *The US Sailing Prescriptions*, *2000 – 2004*, Rule 68. As the *Juno* court held, each of the parties to this action entered into a binding contractual obligation when they chose to compete in the Regatta. All parties to this action agreed to be bound by the allocation of liability set forth in the Rules (in particular Rule 68) notwithstanding any statutory or common law duty of indemnification or contribution that might otherwise apply.

SFORZANDO was found by the Protest Committee to have violated no Rule. Therefore, Brown, as the owner and skipper of SFORZANDO, cannot be found under the Rules to be responsible for the Plaintiffs' injuries. As SIRENA was determined by the Protest Committee to be entirely responsible for the collision, fault rests with those who were aboard and in control of SIRENA, namely, the Defendants. As such, the Defendants have no basis for asserting a claim of contribution or indemnity against Brown and the Court need not consider the Defendants' attempt to re-litigate the issue of liability on the basis of contribution and indemnity.

4. *Application of Rhode Island Law*

Finally, the Defendants have asserted in their Third-Party Complaint that Rhode Island law applies in this case as another means to re-assess and assert liability against Brown. There simply is no basis for asserting that Rhode Island law actually applies.

Rhode Island General Laws Section 46-22-15 provides that an owner of a vessel is liable for damages occasioned by the negligent operation of that vessel. *R.I. Gen. Laws §46-22-15*. As discussed at length above, the parties were contractually bound by the Rules and, under those Rules, the Defendants alone were determined to be at fault with respect to the collision. Negligence having already been established in accordance with the Rules, there is no need for application of Rhode Island law.

## CONCLUSION

The issue of liability was decided by a full and fair hearing at which all due process rights of the parties were respected and at which responsibility was determined based upon a set of rules by which all parties agreed to be contractually bound. Having secured a decision from an arbitral panel with extensive knowledge of the subject matter at issue, there is no need for this Court to revisit the facts or the issue of liability in this matter. Therefore, the Plaintiffs

respectfully request that this Court grant them summary judgment and find that the Defendants are liable for the Plaintiffs' injuries and allow this proceeding to move on to the issue of awarding damages.

Respectfully Submitted,

Dated: March 23, 2007

**JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS**
By their Attorneys,
MORRISON MAHONEY LLP

*/s/ Charles A. Cook*

______________________________

John P. Graceffa, Esq. (RI BAR #5201)
Charles A. Cook, Esq. (MA BBO #097580)
Gareth Notis, Esq. (MA BBO #637814)
250 Summer Street
Boston, MA 02210
617-439-7500

**CERTIFICATE OF SERVICE**

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on March 23, 2007.

/s/ Charles A. Cook