# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
------------------------------------------------------------------X
JACK FOLEY, MARY O'DONOGHUE and
DAVID ROBBINS,

C.A. No. 06 0053-ML-LDA

Plaintiff,

-against-

**RESPONSE TO**
**REQUESTS FOR ADMISSIONS**

STEVEN M. LOEB, BLAD CO., AND
WILLIAM TRIPP, Individually, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

Defendants,
------------------------------------------------------------------X

Defendant, STEVEN M. LOEB as and for his response to the Requests for Admission of Plaintiffs state as follows:

Request No. 1

Admit that the sailing vessel SIRENA entered to participate in the Regatta.

Response to Request No. 1

Admitted

Request No. 2

Admit that the sailing vessel SFORZANDO entered to participate in the Regatta.

Response to Request No. 2

Admitted

Request No. 3

Admit that SIRENA participated in Race 3.

Response to Request No. 3

Admitted

Request No. 4

Admit that SFORZANDO participated in Race 3.

Response to Request No. 4

Admitted

Request No. 5

Admit that Race 3 took place on Narragansett Bay.

Response to Request No. 5

Denied

Request No. 6

Admit that Race 3 took place on July 14, 2002.

Response to Request No. 6

Admitted

Request No. 7

Admit that SIRENA and SFORZANDO collided on July 14, 2002 (the "Incident").

Response to Request No. 7

Admitted

Request No. 8

Admit that the incident occurred while SIRENA and SFORZANDO were participating in Race 3.

Response to Request No. 8

Admitted

Request No. 9

Admit that the Incident occurred while SIRENA and SFORZANDO were *Racing*.

Response to Request No. 9

Admitted

Request No. 10

Admit that the incident occurred while SIRENA was on *Port Tack*.

Response to Request No. 10

Admitted

Request No. 11

Admit that the incident occurred while SFORZANDO was on *Starboard Tack*.

Response to Request No. 11

Admitted

Request No. 12

Admit that for the period of sixty (60) seconds immediately before the Incident, SIRENA was on *Port Tack*.

Response to Request No. 12

Admitted

Request No. 13

Admit that for the period of sixty (60) seconds immediately before the Incident, SFORZANDO was on *Starboard Tack*.

Response to Request No. 13

Admitted

Request No. 14

Admit that at the time of the Incident, SIRENA was on a beat to windward.

Response to Request No. 14

Denied

Request No. 15

Admit that at the time of the Incident, SFORZANDO was on a beat to windward.

Response to Request No. 15

Pursuant to Rule 36 (a) of the Federal Rules of Civil Procedure defendant Steven M Loeb cannot truthfully admit or deny the matter requested because he was not on board the SFORZANDO.

Request No. 16

Admit that immediately prior to the Incident, SIRENA'S *Proper Course* to round the nearby *Mark* was to tack.

Response to Request No. 16

Admitted

Request No. 17

Admit that immediately prior to the Incident, SFORZANDO's *Proper Course* to round the nearby *Mark* did not include a tack.

Response to Request No. 17

Pursuant to Rule 36 (a) of the Federal Rules of Civil Procedure defendant Steven M. Loeb cannot truthfully admit the matter requested because he was not on board the SFORZANDO.

Request No. 18

Admit that the attached Exhibit A is a true and accurate copy of the Notice of Race.

Response to Request No. 18

Admitted

Request No. 19

Admit that the attached Exhibit B is a true and accurate copy of the Sailing Instructions.

Response to Request No. 19

Admitted

Request No. 20

Admit that the attached Exhibit C is a true and accurate copy of the RRS.

Response to Request No. 20

Admitted

Request No. 21

Admit that the attached Exhibit D is a true and accurate copy of the Prescriptions.

Response to Request No. 21

Admitted

Request No. 22

Admit that the Regatta was governed by the following: the Notice of Race, the Sailing Instructions, the RRS and the Prescriptions. (NOTE: This list of documents is not intended to be exclusive.)

Response to Request No. 22

Admitted

Request No. 23

Admit that the Protest Form attached hereto as Exhibit E (the "Protest") is a true and accurate copy of the *protest* filed against SIRENA by SFORZANDO concerning the Incident.

Response to Request No. 23

Admitted

Request No. 24

Admit that the protest committee appointed by the New York Yacht Club for the Regatta ("Protest Committee") conducted a hearing ("Protest Hearing") on the Protest.

Response to Request No. 24

Admitted

Request No. 25

Admit that a representative of SIRENA attended the Protest Hearing.

Response to Request No. 25

Admitted

Request No. 26

Admit that the Protest Committee disqualified SIRENA from Race 3 for breaking RRS

10.

Response to Request No. 26

Admitted

Request No. 27

Admit that the attached Exhibit F is a true and accurate copy of the decision of the Protest Committee ("Decision") on the Protest.

Response to Request No. 27

Admitted

Request No. 28

Admit that SIRENA filed no request to reopen the Protest Hearing.

Response to Request No. 28

Admitted

Request No. 29

Admit that SIRENA filed no appeal of the Decision with the Narragansett Bay Sailing Association Appeals Committee.

Response to Request No. 29

Admitted

Request No. 30

Admit that SIRENA filed no appeal of the Decision with the US SAILING Appeals Committee.

Response to Request No. 30

Admitted

Request No. 31

Admit that SIRENA filed no request for redress concerning the Incident.

Response to Request No. 31

Admitted

Request No. 32

Admit that SIRENA filed no request for redress concerning the Protest Hearing.

Response to Request No. 32

Admitted

Request No. 33

Admit that SIRENA filed no request for redress concerning the actions of the Protest Committee.

Response to Request No. 33

Admitted

Request No. 34

Admit that SIRENA filed no request for redress concerning the Decision.

Response to Request No. 34

Admitted

Request No. 35

Admit that Defendant Steven M. Loeb was steering SIRENA at the time of the incident.

Response to Request No. 35

Admit that at the precise time of the incident Steven M. Loeb was steering SERENA.

Dated: New York, New York
February 16, 2006

Steven M. Loeb

HERZFELD & RUBIN, P.C.

By: ______________________
Joseph E. Donat (JD 4160)
A Member of the Firm
Attorneys for Defendants
STEVEN M. LOEB and BLAD CO.
40 Wall Street
New York, New York 10005
Tel. No.: (212) 471-8463

TO: MORRISON MAHONEY LLP
Attorneys for Plaintiffs
17 State Street
New York, NY 10004

DeORCHIS & PARTNERS, LLP
Attorneys for Defendant
William Tripp and Trip Design Naval Architecture
61 Broadway
New York, NY 10006

Vetter & White
Attorneys for Defendant
William Tripp and Tripp Design Naval Architecture
20 Washington Place
Providence, Rhode Island 02903

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS<br>Plaintiffs<br><br>vs.<br><br>STEVEN M. LOEB, BLAD CO., and WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE<br>Defendants | C.A. No. 06-0053-S-LDA |

DEFENDANT STEVEN M. LOEB'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

Request No. 1

Admit that the leg of the course on which SIRENA was sailing at the time of the Incident was a beat to windward.

Response No. 1

Admitted.

Request No. 2

Admit that at the time of the Incident SIRENA and SFORZANDO were sailing on the waters of Rhode Island Sound.

Response No. 2

Admitted.

Request No. 3

Admit that SFORZANDO was not penalized by the Protest Committee for breaking a *Rule* relating to the Incident.

Response No. 3

Admitted.

Request No. 4

Admit that SIRENA filed no *protest* against SFORZANDO relating to the Incident.

Response No. 4

Admitted.

Steven M. Loeb

STEVEN M. LOEB
By his attorneys

PANNONE LOPES & DEVEREAUX LLC

William E. O'Gara (#4257)
Pannone Lopes & Devereaux LLC
1800 One Financial Plaza
Providence, RI 02903
(401) 824-5100 (telephone)
(401) 824-5123 (fax)

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within was sent on 1st day of ~~April~~ May, 2006 via first class mail postage prepaid to:

John P. Graceffa, Esq.
Charles A. Cook, Esq.
Morrison Mahoney Miller, LLP
250 Summer Street
Boston, MA 02210-1134

Benjamin V. White, Esq.
Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903-1358

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway
New York, NY 10006

Suzy Oliveira

# Exhibit 3

# (pp. 1-5)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS<br>Plaintiffs | : | |
| vs. | : | C.A. No. 06-0053-S-LDA |
| STEVEN M. LOEB, BLAD CO., and WILLIAM TRIPP, Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE<br>Defendants | : | |

DEFENDANT BLAD CO.'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Request No. 1

Admit that the sailing vessel SIRENA entered to participate in the Regatta.

Response No. 1

Admitted.

Request No. 2

Admit that the sailing vessel SFORZANDO entered to participate in the Regatta.

Response No. 2

Admitted.

Request No. 3

Admit that SIRENA participated in Race 3.

Response No. 3

Admitted.

Request No. 4

Admit that SFORZANDO participated in Race 3.

Response No. 4

Admitted.

Request No. 5

Admit that Race 3 took place on July 14, 2002.

Response No. 5

Admitted.

Request No. 6

Admit that SIRENA and SFORZANDO collided on July 14, 2002 (the "Incident").

Response No. 6

Admitted.

Request No. 7

Admit that the Incident occurred on Rhode Island Sound.

Response No. 7

Admitted.

Request No. 8

Admit that the Incident occurred while SIRENA and SFORZANDO were participating in Race 3.

Response No. 8

Admitted.

Request No. 9

Admit that the Incident occurred while SIRENA and SFORZANDO were *Racing*.

Response No. 9

Admitted.

Request No. 10

Admit that the Incident occurred while SIRENA was on *Port Tack*.

Response No. 10

Admitted.

Request No. 11

Admit that the Incident occurred while SFORZANDO was on *Starboard Tack*.

Response No. 11

Admitted.

Request No. 12

Admit that for the period of sixty (60) seconds immediately before the Incident, SIRENA was on *Port Tack*.

Response No. 12

Admitted.

Request No. 13

Admit that for the period of sixty (60) seconds immediately before the Incident, SFORZANDO was on *Starboard Tack*.

Response No. 13

Admitted.

Request No. 14

Admit that at the time of the Incident, SIRENA was on a beat to windward.

Response No. 14

Admitted.

Request No. 15

Admit that at the time of the Incident, SFORZANDO was on a beat to windward.

Response No. 15

Denied.

Request No. 16

Admit that the leg of the course on which SIRENA was sailing at the time of the Incident was a beat to windward.

Response No. 16

Admitted.

Request No. 17

Admit that immediately prior to the Incident, SIRENA'S *Proper Course* to round the nearby *Mark* was to tack.

Response No. 17

Admitted.

Request No. 18

Admit that immediately prior to the Incident, SFORZANDO'S *Proper Course* to round the nearby *Mark* did not include a tack.

Response No. 18

Pursuant to Rule 36(a) that defendant can not admit the matter requested.

Request No. 19

Admit that the attached Exhibit A is a true and accurate copy of the Notice of Race.

Response No. 19

Admitted.

Request No. 20

Admit that the attached Exhibit B is a true and accurate copy of the Sailing Instructions.

Response No. 20

Admitted.

Request No. 21

Admit that the attached Exhibit C is a true and accurate copy of the RRS.

Response No. 21

Admitted.

Request No. 22

Admit that the attached Exhibit D is a true and copy of the Prescriptions.

Response No. 22

Admitted.

Request No. 23

Admit that the Regatta was governed by the following: the Notice of Race, the Sailing Instructions, the RRS and the Prescriptions. (NOTE: This list of documents is not intended to be exclusive. Thus, the request should be admitted if all of the listed documents governed the Regatta, even though other documents may also have governed the Regatta).

Response No. 23

Admitted.

Request No. 24

Admit that the Protest Form attached hereto as Exhibit E (the "Protest") is a true and accurate copy of the *protest* filed against SIRENA by SFORZANDO concerning the Incident.

Response No. 24

Admitted.

Request No. 25

Admit that SIRENA filed no *Protest* against SFORZANDO relating to the Incident.

Response No. 25

Admitted.