# Exhibit 6

# (pp. 13-21)

**Q. WAS EXTENDING SLIGHTLY BEYOND THE RAIL THEN IF IT WAS TO STARBOARD, SLIGHTLY OFF OF THE STEM. IF YOU ARE TELLING ME IT WAS EVEN WITH THE STEM, THEN IT WAS PROTRUDING A LITTLE BIT OFF THE STARBOARD RAIL?**

A. IT WAS OFF, RIGHT, A BIT. THE BOW IS VERY FINE, BEING A LITTLE BIT OFF THERE IS QUITE A BIT PROTRUDING.

**Q. DID YOU, AT THAT POINT, SEE WHERE SFORZANDO'S SPINNAKER WAS?**

A. NO, I DON'T RECALL. I BELIEVE IT WAS UP, BUT I'M NOT POSITIVE.

**Q. SO, THE POLE ON SIRENA HIT SFORZANDO. DID ANY OTHER PARTS OF THE BOAT IMPACT?**

A. OUR SPINNAKER PULL CENTER PUNCHED THEIR STEM. OUR STEMS DID NOT HIT, OUR BOW RAILS HIT, AND WE SWEPT DOWN THEIR SIDE, AND TO MY KNOWLEDGE, THE TOP SIDES DID NOT TOUCH.

**Q. WAS THERE ANY DAMAGE TO THE LIFELINES ON YOUR BOAT?**

A. YES.

**Q. DO YOU HAVE ANY UNDERSTANDING AS TO HOW THE LIFELINES WERE DAMAGED?**

A. SPINNAKER POLE EXPLODED.

**Q. YOUR SPINNAKER POLE OR THEIRS?**

A. OUR SPINNAKER POLE.

**Q. DID YOUR SPINNAKER POLE DAMAGE THE LIFELINES ON YOUR STARBOARD SIDE OF YOUR BOAT?**

A. I'M NOT REALLY SURE. I THINK OUR LIFE LINES MAY HAVE HIT THE STANCHIONS.

**Q. THE STANCHIONS ON YOUR BOAT AND SFORZANDO?**

A. THEY MAY HAVE CONNECTED, THE BOW RAILS MAY HAVE CONNECTED.

**Q. WERE THE STANCHIONS BROKEN ON SIRENA?**

A. I BELIEVE SO.

**Q. WAS THE PULPIT DAMAGED?**

A. I BELIEVE SO, BUT I'M NOT POSITIVE.

MR. WIENER: ON WHICH VESSEL?

**Q. WAS THE PULPIT ON SIRENA DAMAGED?**

A. I BELIEVE IT WAS BENT, BUT I'M NOT POSITIVE.

**Q. DID YOU SURVEY THE DAMAGES ON SIRENA AFTER THE INCIDENT?**

A. I'M NOT A SURVEYOR.

**Q. DID YOU DO A SUMMARY OF THE DAMAGES OR APPRAISAL OR ESTIMATE?**

A. NO, I DID NOT DO ANY OF THOSE. I LOOKED TO SEE WHETHER THERE WAS ANY STRUCTURAL

ASKED JACK ABOUT WHERE HE WAS AND WHAT HE SAW, AND HE SAID, "I TOLD BROWN TO GO UP, BUT I WAS SITTING ON THE RAIL WITH MY LEGS OUTBOARD, AND I DIDN'T KNOW," AND I TOLD HIM THAT BLAIR BORE OFF, AND HE SAID, "I DON'T KNOW WHAT BLAIR DID. I DIDN'T TELL HIM TO BEAR OFF".

**Q. AND WHAT DID JACK SAY?**

A. THAT'S WHAT JACK SAID.

**Q. DID YOU RESPOND AT ALL TO THAT?**

A. I TOLD HIM THAT THEY BORE OFF. THEY DEFINITELY BORE OFF, AND HE SAID HE WASN'T REALLY AWARE OF WHAT THEY DID.

**Q. DID YOU REPRESENT SIRENA AT THE PROTEST HEARING?**

A. NO.

**Q. WERE YOU IN THE PROTEST HEARING?**

A. I WENT IN AS A WITNESS.

**Q. DID SOMEONE, TO YOUR KNOWLEDGE, REPRESENT SIRENA AT THE PROTEST HEARING?**

A. YES.

**Q. WHO WAS THAT?**

A. STEVE LOEB.

**Q. TO YOUR KNOWLEDGE, HE WAS THERE THROUGHOUT THE HEARING?**

A. TO MY KNOWLEDGE.

THE WITNESS: CAN I GET SOME WATER?

(BRIEF PAUSE)

**Q. SO, IS IT YOUR RECOLLECTION THAT MR. LOEB WAS IN THE PROTEST HEARING FOR SOME PERIOD OF TIME WHILE YOU WEREN'T IN THE HEARING?**

A. YES, THAT'S MY RECOLLECTION.

**Q. DO YOU RECALL PRESENTING ANY TESTIMONY AT THE PROTEST HEARING?**

A. YES.

**Q. WERE YOU QUESTIONED BY ANYONE AFTER YOU PRESENTED YOUR TESTIMONY?**

A. I MAY HAVE BEEN.

**Q. YOU DON'T RECALL?**

A. I MAY HAVE BEEN.

**Q. DO YOU RECALL ANYONE ATTEMPTING TO QUESTION YOU AND BEING TOLD THAT THEY WEREN'T PERMITTED TO?**

A. NO.

**Q. IS THIS THE FIRST PROTEST YOU'VE EVER BEEN IN EITHER AS A WITNESS OR A PARTY?**

A. NO.

**Q. DO YOU HAVE ANY RECOLLECTION OF THE HEARING**

BEING CONDUCTED INAPPROPRIATELY OR ANY DIFFERENTLY THAN YOUR UNDERSTANDING OF PROTEST PROCEDURE?

A. ARE YOU LOOKING FOR A SPECIFIC?

Q. WELL, DID ANYTHING STICK OUT IN YOUR MIND AS BEING AN INAPPROPRIATE PROCEDURE, BASED ON YOUR EXPERIENCE IN OTHER PROTESTS?

MR. WIENER: OF THE TIME THAT HE WAS IN THE ROOM?

Q. YOU CAN'T TESTIFY TO ANYTHING DURING THE TIME YOU WEREN'T THERE. DURING THE TIME YOU WERE THERE, DID ANYTHING STICK OUT IN YOUR MIND AS BEING DIFFERENT OR INAPPROPRIATE IN THE WAY THE HEARING WAS BEING CONDUCTED?

A. NO.

Q. DO YOU KNOW WHO THE THREE PROTEST COMMITTEE MEMBERS WERE?

A. NO.

Q. IF I TOLD YOU THEY WERE BOB CONNOR, JOHN OSMOND AND JOHN BONDS, WOULD THAT REFRESH YOUR RECOLLECTION AT ALL?

A. NO, I KNOW BOB GARRON WAS THERE, AND I KNOW THE OTHER TWO GENTLEMEN.

Q. DO YOU HAVE ANY OPINION AS TO BOB CONNORS

**COULD TURN TO PAGE 3, PART 1, FUNDAMENTAL RULES?**

A. YES.

**Q. DO YOU SEE IN LINE 1 OF RULE 1.1 THAT SAYS, "A BOAT OR COMPETITOR SHALL GIVE," ET CETERA?**

A. YES.

**Q. IN THE CONTEXT OF THAT RULE, DURING THE RACE IN QUESTION, WERE YOU A COMPETITOR, DO YOU BELIEVE?**

MR. PLUNKETT: AGAIN, I OBJECT. YOU MAY ANSWER.

A. YES, BUT I DON'T KNOW THAT I'VE -- I DON'T KNOW THAT I CAN GIVE LEGAL WEIGHT TO IT.

**Q. LET'S GO TO 1.2, DO YOU SEE IN THE SECOND TO LAST LINE, "EACH COMPETITOR IS INDIVIDUALLY RESPONSIBLE FOR WEARING PERSONAL BUOYANCY ADEQUATE FOR THE CONDITIONS." THAT REFERS TO YOU AND ANYONE ELSE ON THE BOAT?**

A. THAT'S CLEAR. I'M A LITTLE UNCERTAIN AS TO WHY THEY USE COMPETITOR AND PERSON AND ALTERNATE IT.

**Q. WHERE DO --**

A. THE BOAT SHALL CARRY FOR ALL PERSONS ON BOARD AND SHOULD SAY ALL COMPETITORS.

MR. PLUNKETT: YOU MAY ANSWER.
A. YES.
Q. **AND "RULES" IN THAT CASE IS ITALICIZED, SO IT'S A DEFINED TERM; IS THAT CORRECT?**
A. UNLIKE "GET SOURCE", YES.
Q. **YOU SEE YOU AS A COMPETITOR IN THIS RACE YOU AGREED TO BE GOVERNED BY THE RULES, RULES BEINGS A DEFINED TERM, CORRECT?**
MR. PLUNKETT: I OBJECT. YOU MAY ANSWER.
A. YES.
Q. **LET'S TURN TO THE DEFINITIONS FOR A BIT, MR. TRIPP, EXCUSE ME. IF YOU WOULD TURN TO PAGE 150?**
**MR. O'GARA: I'M SORRY, CHARLIE, 115?**
MR. COOK: 150.
Q. **DO YOU SEE THE DEFINITION OF "RULE" SLIGHTLY BELOW THE MIDDLE OF THE PAGE. IT INCLUDES LETTERS A THROUGH F. DEFINITION OF RULES INCLUDES IN B, "THE PRESCRIPTIONS OF THE NATIONAL AUTHORITY;" DO YOU SEE THAT?**
A. YES.
MR. PLUNKETT: THE -- WHETHER OR

Q. DO YOU BELIEVE THAT MARY O'DONOGHUE COULD HAVE DONE ANYTHING TO PREVENT THE COLLISION?

A. NO.

Q. DO YOU BELIEVE THAT DAVID ROBBINS COULD HAVE DONE ANYTHING TO PREVENT THE COLLISION?

A. NO.

Q. DO YOU BELIEVE THAT JACK FOLEY COULD HAVE DONE ANYTHING TO PREVENT THE COLLISION?

A. NO.

Q. DO YOU HAVE ANY REASON TO BELIEVE THAT JACK FOLEY, MARY O'DONOGHUE OR DAVID ROBBINS RESPONDED INAPPROPRIATELY WHEN THE COLLISION WAS IMMINENT?

A. NO.

Q. DO YOU HAVE ANY REASON TO BELIEVE THAT ANYONE OF THOSE THREE SOMEHOW CONTRIBUTED TO THEIR INJURIES?

A. NO.

Q. OR CAUSED THERE INJURIES?

A. CERTAINLY NOT.

Q. OR MADE THEIR INJURIES WORSE?

A. OR MADE --

Q. OR EFFECTED THE EXTENT OF THEIR INJURIES?

MR. PLUNKETT: OBJECTION.

A. NO.

MR. COOK: I HAVE NO OTHER QUESTIONS. THANK YOU.

MR. O'GARA: OFF THE RECORD FOR A MINUTE.

(RECESS TAKEN AT 3:39 P.M.)

MR. O'GARA: I DON'T HAVE ANY QUESTIONS.

EXAMINATION BY MR. HOLBROOK

**Q. MR. TRIPP, DURING THE TIME -- I**

THE WITNESS: WHAT HAPPENS NOW?

MR. PLUNKETT: HE'S GOING TO ASK YOU QUESTIONS NOW.

MR. HOLBROOK: I'LL ASK YOU SOME QUESTIONS. I'M TRYING TO FILL IN SOME AREAS THAT I'D LIKE TO KNOW A LITTLE BIT MORE ABOUT FROM WHAT MR. COOK ASKED YOU.

**Q. ON BOARD THE SIRENA, BEFORE THIS INCIDENT, RIGHT UP TO THE TIME BEFORE THE COLLISION, WAS THERE YOU AND MR. LOEB NEAR THE WHEEL OF THE VESSEL, CORRECT? I'M TRYING TO UNDERSTAND YOU AND MR. LOEB WERE STANDING BY THE WHEEL?**

A. AT WHICH TIME?

**Q. LET'S SAY IN THE MINUTE, MINUTE AND A HALF**

# Exhibit 7

# AFFIDAVIT OF ROBERT CONNER

I, Robert Conner, after being first duly sworn, do hereby depose and state as follows:

1. My current address is 157 Harrison Avenue, Newport, Rhode Island
2. I make this Affidavit based upon my own personal knowledge, information and belief, and so far as facts are stated upon information and belief I believe them to be true.
3. I am certified as an International Judge by the International Sailing Federation ("ISAF") and as a Senior Judge by the United States Sailing Association, Inc. ("US SAILING").
4. I have extensive experience serving on protest committees throughout the world, including many world championships and the challenger elimination series for the America's Cup.
5. I was appointed by the New York Yacht Club as Chairman of the Protest Committee for the 2002 New York Yacht Club Race Week at Newport ("Protest Committee").
6. John Osmond and John Bonds, Capt. USN (Ret) served with me on the Protest Committee. Captain Bonds and Dr. Osmond both have extensive sailboat racing experience. Captain. Bonds is certified by US SAILING as a Senior Judge. Dr. Osmond is certified by US SAILING as a Judge.
7. On July 14, 2002, the Protest Committee received and considered a protest brought by SFORZANDO against SIRENA. A true and accurate copy of the Protest Form is attached hereto as Exhibit A.
8. The Protest Committee conducted a protest hearing in accordance with the ISAF Racing Rules of Sailing and US SAILING Prescriptions. Representatives for both SFORZANDO and SIRENA were given an opportunity to prepare their cases, to call any witnesses they wished, to present whatever evidence they wished, to question any witnesses and to make a closing statement. A representative of each boat was present throughout the protest hearing. The Protest Committee followed all of the applicable

recommendations set forth in Appendix L of the Racing Rules of Sailing and the requirements in Part 5 of the Racing Rules of Sailing.

9. After hearing all of the testimony and evidence presented by SIRENA and SFORZANDO, the Protest Committee found that SIRENA broke Racing Rules of Sailing, Rule 10.

10. A true and accurate copy of the Protest Committee is attached hereto as Exhibit B.

11. As noted in the attached Decision, after hearing all of the testimony and evidence presented by SIRENA and SFORZANDO, the Protest Committee found facts and determined that only SIRENA violated any of the Racing Rules of Sailing. SIRENA was disqualified from the race. SFORZANDO was not penalized.

Signed under pains and penalties of perjury this 21st day of March, 2007.

Robert Conner

Robert Conner

# Exhibit A

791·929·1824 cell
Bill - 203·434·2337 cell

4:00 pm
7/14
PAS

US SAILING.

# PROTEST FORM *please use black ink*

**EVENT** Organizing authority: NYYC RaceWeek
Date: 7/14
Race number: 3

**PROTESTING BOAT** Boat name: Sforzando
Class: WHITE 3
Sail number: 50974
Person in charge: Jack Slattery
Member of: Eastern
Signature: [signature]
Address: 1 Beacon Heights Lane Marblehead
Telephone: 791·631·4899

**PROTESTED BOAT** Boat name: SIRENA
Class: WHITE 3
Sail number: 43690
Person in charge (if known): Steve Loeb
Member of (if known):
Address (if known):
Telephone (if known):

**NOTIFICATION** Did the protesting boat inform the protested boat of the protest? Circle one: yes no
If so, how: Due to injuries and damages there was minimal verbal contact between boats
when
Did the protesting boat display a protest flag? yes (no)
If so, when: We immediately retired to take care of injured crew

**INCIDENT** When and where: 2nd Windward Mark
Witness(es):
Rules alleged to have been broken: 10

**THE REMAINDER OF THIS PAGE IS FOR PROTEST COMMITTEE USE ONLY**

**PRE-HEARING INFORMATION**

| | Date | Time |
|---|---|---|
| Protest received | | |
| Protest time limit | | |

Parties notified of hearing — Circle one
Protestor: yes no
Protestee: yes no

Protest flag observed by race committee at finish: yes no
Objection about interested party made: yes no
Protesting boat represented by ____________
Protested boat represented by ____________

**HEARING TO VALIDATE PROTEST (Rule 63.5):**

| | Circle one | | |
|---|---|---|---|
| Hail timely and appropriate | yes | no | NA |
| Protestor informed protestee | yes | no | NA |
| Proper and timely display of protest flag | yes | no | NA |
| Protest flag acceptable | yes | no | NA |
| Nature of incident identified in protest | yes | no | |
| Protest lodged within the time limit | yes | no | time limit extended |

Remarks: Due to damage and injuries, and fact that both boats WD after serious contact, the jury will proceed with hearing

**CONCLUSION** ( ✓ ) Protest valid, hearing will continue ( ) Protest invalid, hearing is closed

## DESCRIPTION OF THE INCIDENT

Sforzando approached weather mark from some distance on starboard tack. Sirena did same from other direction on port tack. Sforzando on starboard layline, Sirena on port layline. Sirena attempted to cross Sforzando, but at last moment, realized she couldn't. In an attempt to go behind Sforzando Sirena bore off, unfortunately way too late, and directly bow to bow into Sforzando at an approximate closing speed of 15 knots. Sforzando suffered extensive damage to her bow area and crew experienced several leg injuries when the boats slid down along their respective starboard sides. Sforzando will not be able to continue sailing and will therefore not be seeking redress.

**DIAGRAM OF THE INCIDENT** (One square = one boat length)

**SHOW ON DIAGRAM:** Wind direction and strength – Current direction and strength
Marks (or directions to marks) – Position of boats at various times



**THIS PAGE IS FOR PROTEST COMMITTEE USE ONLY**

## DECISION OF THE PROTEST COMMITTEE:

Facts found

Diagram ☐ Diagram of boat ____________ is endorsed by the committee

☐ Committee's diagram is attached.

Conclusion and rules that apply

Decision

Protest Committee members

Signature of Chairman [signature]

Date of hearing 14 July '02 Date of decision 14 July '02

Decision announced in presence of ☑ protestor ☑ protestee ☐ other ____________

Written decision requested Date requested Date transmitted

Protestor (yes)/no

Protestee (yes)/no

# Exhibit B

Decision of the Protest Committee

Sunday. July 14. 2002
New York Yacht Club Race Week at Newport

White Fleet, Race 3

Protestor: SFORZANDO
Protestee: SIRENA

The hearing was conducted under Rule 60.4 as neither boat fully complied Rule 61.

SFORZANDO approaching windward mark on starboard tack layline in 14 knots of wind, current no factor. SIRENA approached on port tack reaching at 8 knots or so, having overstood. Initially, SIRENA believed she could cross ahead, but as the situation developed quickly, it became clear that she could not. SIRENA bore away to pass astern of SFORZANDO, while SFORZANDO also bore away, anticipating the close crossing by SIRENA. Despite both boats attempt to avoid contact in accordance with Rule 14, the two boats collided almost end on and scraped together on nearby opposite courses, starboard sides engaged. Extensive damage resulted and both boats retired. There was no dispute about the facts. Several crew were slightly injured.

Rule 10 violated.

SIRENA disqualified.

Committee

Robert Conner, Chair

John Osmond

John Bonds