**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE and DAVID ROBBINS )
)
Plaintiffs, )
v. )
)
STEVEN M. LOEB, BLAD CO. and WILLIAM TRIPP, individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE )
)
Defendants, )
and )
)
BLAIR BROWN, )
)
Third-Party Defendant. )

**THIRD PARTY DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

INTRODUCTION

The third party plaintiffs, Steven M. Loeb ("Loeb"), Blad Co., and William Tripp ("Tripp") (collectively, the "Third Party Plaintiffs"), have filed third party complaints seeking contribution or indemnity from the third party defendant, Blair Brown ("Brown"). The underlying incident arose during a sailing race conducted by the New York Yacht Club on July 14, 2002 (the "Regatta"). Under the rules governing the Regatta, a protest committee found that SIRENA was responsible for the collision between the sailing vessels SFORZANDO and SIRENA that gave rise to the Plaintiffs' injuries. The Defendants do not dispute the factual findings of that protest committee nor the disqualification of their vessel, SIRENA, from the race.

Accordingly, the Third Party Defendant is entitled to summary judgment on the claims by the Defendants because the undisputed evidence establishes that:

(i) the Defendants were responsible for the collision;

(ii) the rules governing the Regatta provide that disputes arising from such actions must be assessed according to fault as determined by application of those rules;

(iii) the Defendants had an opportunity to fully and meaningfully participate in the arbitral forum that made the determination with respect to the Defendants' fault with a right of appeal; and,

(iv) the findings of the arbitral forum are binding on the Defendants and they therefore cannot re-litigate the issue of liability in this matter.

I. FEDERAL MARITIME LAW GOVERNS THIS DISPUTE.

This action occurred upon navigable waters and thus is governed by the general maritime law of the United States. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1973). A collision between two pleasure vessels on navigable waters is clearly within the admiralty jurisdiction of this court. *Foremost Insurance Company v. Richardson*, 457 U.S. 668 (1982). Because there is a well developed system of rules regarding collisions between vessels, federal maritime law clearly preempts state law. *United States v. Locke*, 529 U.S. 89 (2000). Included in that system of rules are provisions for disputes regarding sailing vessels engaged in a sanctioned sailing association or yacht club race. *Juno SRL, et al v. S/V Endeavour, et al*, 58 F.3d 1, (1St Cir. 1995). *Juno SRL*, in effect, incorporates the Federal Arbitration Act, *9 U.S.C. § 1 et seq.* into this system of rules.

## II. THE RACING RULES OF SAILING DETERMINED LIABILITY IN THIS MATTER AND AS SUCH, THE DEFENDANTS ARE BARRED FROM RECOVERY AGAINST THE THIRD PARTY DEFENDANT.

All parties agree that the race in which the Plaintiffs allegedly sustained their injuries was governed by rules including, *inter alia*, a notice of race, sailing instructions, the Racing Rules of Sailing and the Prescriptions of the United States Sailing Association (collectively, "Rules"). The adjudicating body to whom the parties agreed to submit any disputes has already determined that the Defendants alone were at fault in causing the collision that resulted in injuries to the Plaintiffs. That decision is final and binding upon the parties and this Court must respect that determination.

### A. The Racing Rules Are Binding on the Parties.

During Race 3 of the Regatta, the Plaintiffs and third-party defendant, Blair Brown ("Brown"), were sailing aboard SFORZANDO. Defendants Loeb and Tripp were aboard SIRENA, Blad Co.'s sailboat. Loeb, the sole shareholder of Blad Co., skippered SIRENA while Tripp served as tactician. Each of the Plaintiffs, Loeb and Tripp, as well as Brown was a "competitor" within the meaning of the Rules. By participating in the Regatta each of them agreed to be bound by the Racing Rules of Sailing including, among other things, Racing Rules of Sailing Rule 3 and the US Prescription Rule 68.

Rule 3 of the Racing Rules of Sailing provides that:

> By participating in a race conducted under these racing rules, each competitor and boat owner agrees
>
> (a) **to be governed by the rules;**
>
> (b) to accept the penalties imposed and other action taken under the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and,

> (c) **with respect to such determination, not to resort to any court or other tribunal not provided by the rules.**

*The Racing Rules of Sailing, 2001-2004,* Rule 3 (emphasis added).

The Prescriptions of US Sailing under Rule 68 provide that:

> A basic purpose of the rules is to prevent contact between boats. By participating in an event governed by the rules, a boat agrees that responsibility for damages arising from any breach of the rules shall be based on fault as determined by application of the rules, and that she shall not be governed by the legal doctrine of 'assumption of risk' for monetary damages resulting from contact with other boats.

*The US SAILING Prescriptions, 2000 – 2004,* Rule 68.

The First Circuit case of *Juno SRL v. S/V Endeavour*, 58 F.3d 1, (1st Cir. 1995) dealt directly with the issue of the binding nature of the Rules in holding that parties agreeing to voluntarily enter a sailing race for which published sailing instructions set out the rules of participation (including the substantive rules for determining fault, the adjudicating forum for settling disputes and the procedures for appearing before such forum) are legally bound by those rules and the decisions of the adjudicating body prescribed by them.

Based upon *Juno*, there can be no doubt that the Rules governed the issue of fault with respect to the collision and that a protest committee was the only proper forum where such a determination could be made. Moreover, the Defendants admit to being bound by the Rules. There is, therefore, no question of material fact as to whether the Rules govern the determination of fault in this action.

B. The Defendants' Liability Was Properly Determined under the Rules.

After SFORZANDO filed a protest concerning SIRENA's conduct during Race 3, a protest committee (the "Protest Committee") was formed, in accordance with the Rules, to

consider SFORZANDO's claim. A hearing was held at which representatives of both SFORZANDO and SIRENA were present and allowed to offer witness testimony as to what had occurred during Race 3. The panel that conducted the hearing was comprised of three individuals with extensive experience in conducting protest hearings involving the Racing Rules of Sailing and the US Prescriptions. Both Loeb and Tripp testified at the hearing. It is undisputed that Loeb and Tripp knew there had been injuries to some of the SFORZANDO crew at the time of the hearing and that there was damage to SFORZANDO.

Upon hearing the presentation of evidence from the representatives and witnesses from both vessels, the Protest Committee determined SIRENA, the boat on which Loeb and Tripp were racing and over which they exerted control, to be solely at fault in the collision with the SFORZANDO, the boat on which the Plaintiffs and Brown were racing. Specifically, the Protest Committee found that SIRENA violated Racing Rules of Sailing Rule 10 and disqualified SIRENA. The Protest Committee found that SFORZANDO did not break any rule.

It is undisputed that a detailed appeal process was in place at the time of the race. It is further undisputed that no request for rehearing or any kind of appeal was filed by Loeb or Tripp.

## CONCLUSION

There is no genuine factual dispute that the Race Committee decision found in favor of Brown. As a matter of law, the Defendants are bound by that decision. Accordingly, the Defendants are banned from recovery against Brown and summary judgment should be granted in favor of Brown.

Respectfully Submitted,
**Blair Brown**

By his attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on March 26, 2007, I electronically filed the THIRD PARTY DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel.

/s/ Seth S. Holbrook
Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com