06 038

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 S-LDA

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

VS

BLAIR BROWN

MEMORANDUM IN SUPPORT OF OBJECTION OF THE DEFENDANT WILLIAM TRIPP, INDIVIDUALLY AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE, TO THE MOTION FOR SUMMARY JUDGMENT OF THE THIRD-PARTY DEFENDANT BLAIR BROWN

I. FACTS AND TRAVEL

The plaintiffs have filed this suit against William Tripp, individually and d/b/a Tripp Design Naval Architecture (Tripp), Steven M. Loeb (Loeb) and Blad Co. (Blad). The amended complaint asserts claims against Tripp for negligence and for breach of contract. Tripp in turn filed crossclaims against the co-defendants for indemnity or contribution. He also filed an amended third-party complaint against Blair Brown (Brown) seeking indemnity or contribution and that the plaintiffs have a direct claim against the third-party defendant pursuant to F.R.C.P. 14 (c ).

Since the issues raised in this motion and objection are addressed in this defendant's response to the plaintiffs' motion for summary judgment, the same exhibit list, statement of disputed facts, and statement of undisputed facts are relied upon in this memorandum.

The action arises out of an accident between the sailboat SIRENA and the sailboat SFORZANDO during a regatta held by the New York Yacht Club on Rhode Island Sound on July 14, 2002. SIRENA was owned by Blad and skippered by Loeb. (Exh. D, depo of Loeb, pp. 7, 26). Loeb was the sole stockholder of Blad. (Exh. D. pp. 6, 7, 16). Tripp was the tactician on SIRENA. (Exh. C, Depo of Tripp, p. 39). SFORZANDO was owned and skippered by Brown. (Exh. E, depo of Brown, pp. 6, 7). The plaintiffs were crew members on SFORZANDO. (Exh. E, pp. 8, 9). During the race, there was contact between the boats and the plaintiffs allege they were injured as a result. Damages are sought for those alleged personal injuries.

The regatta was conducted according to racing rules of the International Sailing Federation, the U.S. Prescriptions to those rules, and the Notice of Race and Sailing Instructions issued by the New York Yacht Club. (Exh. G, depo of NYCC, pp. N7-N13). The racing rules and prescriptions provide for a procedure to be followed if a boat seeks a determination that another boat has violated the rules. (Exh. A, Affidavit of Tripp, attached Racing Rules, pp. 20-29). Rule 60 of those racing rules permits a boat to file a protest against another boat with a Protest Committee which is appointed for the race. The committee then hears the protest and decides whether the protested boat has violated a racing rule. If so, the committee must disqualify the protested boat unless

some other penalty applies. (Exh. A, Attachment, p. 24, Rule 64.1). Notably, Rule 60 does not provide for protests against individuals.

A protest was filed in this case by SFORZANDO against SIRENA. (Exh. B, Affidavit of Robert Conner). The Protest Committee conducted a hearing. The Protest form filed by SFORZANDO lists SFORZANDO as the protesting boat and SIRENA as the protested boat. (Exh. B, Attachment 1). The representative of SFORZANDO for the hearing was noted to be Jack Slattery who was the tactician on that boat. The representative of SIRENA was listed as Steve Loeb. (Exh. B, Attachment 1). Tripp testified at the hearing as a witness. (Exh. A, Exh. B). He was not a party.

The committee rendered a decision on July 14, 2002. It determined that SIRENA violated Rule 10 and was disqualified. (Exh. B, Attachment 2). The rules provided for an appeal by the boat but not by Tripp. (Exh. A, Attachment, pp. 28 & 29, Rule 70). In fact, no appeal was taken. (Exh. D, p. 96).

The third party defendant has now filed a motion for summary judgment pursuant to F.R.C.P. 56 and seeks judgment in its favor on the third party complaint. The grounds for the motion are as follows:

1.) The defendants, competitors in a sailing race, entered into a binding contract regarding determination of liability;

2.) All factual issues regarding liability have been fully adjudicated in an arbitral forum, with an opportunity to be heard and a right of appeal, provided for in the contract between the parties;

3.) The panel found in favor of the third party defendant; and

4.) The defendants are barred from relitigating any issues related to liability.

The defendant Tripp disputes these grounds and asserts the motion should be denied for the following reasons:

1.) The Protest Committee decision is not binding on him and is not a determination of his liability.

2.) The third party complaint requests in part judgment for the plaintiffs directly against the third-party defendant pursuant to F.R.C.P 14 (c).

3.) Questions of fact exist as to the liability of the defendants and third-party defendant, and defendant Tripp should be permitted to pursue his claim for indemnity and contribution.

## II. STANDARD UNDER F.R.C.P. 56

F.R.C.P. 56 provides that summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Access Solution International, Inc. v. Data/Ware Development Inc., 70 F.Supp.2d 92, 96 (D.R.I. 1999). To win summary judgment on a particular issue, the moving party must show there is an absence of evidence to support the nonmoving party's claim. Id.

In resolving disputes the court must resolve all genuine factual disputes in favor of the party opposing the motion and draw all reasonable inferences from the facts in

favor of that party. The court cannot weigh evidence or consider credibility. Id.

If genuine issues of fact exist, summary judgment must be denied. F.R.C.P. 56.

## III. ARGUMENT

Defendant Tripp asserts questions of fact exist and therefore the plaintiffs' motion for summary judgment should be denied.

1. The Protest Committee decision is not binding on the defendant Tripp.

   a.) The JUNO case is inapplicable.

The third-party defendant, Blair Brown, as do the plaintiffs in their motion for summary judgment, relies exclusively on the case of JUNO v. ENDEAVOUR, 58 F.3d 1 (C.A. 1, 1995) for the proposition that the Protest Committee decision, finding that SIRENA violated Rule 10, is binding on all the defendants and is, therefore, a resolution of the issue of liability as to all defendants and the third-party defendant. That case involved a claim by a plaintiff sailboat owner against a defendant sailboat owner for property damage to the plaintiff's boat resulting from a collision between the two boats during a race. Id.

The primary issue determined by the court was the liability of boat owners to each other for property damage. The court did not address the liability of any other persons or entities. The premise upon which the decision is based is that the owners entered the race for which sailing instructions set out the conditions of participation and a private contract resulted between the participants requiring their compliance therewith. Id at 5. Notably, the word used is "between", not "among". Thus the

owners agreed to sail according to the racing rules. In addition, the court stated that those rules "...set out a detailed mechanism for determining who among competing yachts has infringed these rules of conduct." Id at 5-6. The court cited International Yacht Racing Regulation (IYRR) Part VI – Protests, Penalties, and Appeals, IYRR68, 71-74, and 77-78 and noted that the procedures provided for a hearing at which the parties have the right to be present and to introduce and rebut evidence. Further, the rules provided that the Protest Committee issue a written decision that is notified to all interested parties and that appeals could be taken. Id at 6.

The court summarized:

> "These mechanisms were agreed to by the parties for the resolution of one of the issues that have become the subject of this suit, i.e., who was *at fault* for the collision between ENDEAVOR and CHARLES JOURDAN. The parties agreed to the substantive rules for determining fault, they agreed to the adjudicating forum, and they were apprised of the procedures. They appeared before this forum, submitted to its jurisdiction, presented evidence and argument, and thereafter were served with that body's findings and final decision. Thus the CHARLES JOURDAN and the ENDEAVOUR were contractually bound to race by the rules of the road contained in the IYRR's and to resolve issues related to fault for any collisions according to those rules." Id.

The third-party defendant, Brown, seeks to extend this holding to regulate the liability of persons who were not owners or persons in charge of the boats, were not parties to the Protest Committee hearing, and who did not agree to have their legal liability to third parties determined by the Protest Committee. The defendant, Tripp, asserts that the case is not applicable here.

Subsequent to the JUNO case, the United States District Court for the Eastern District of Virginia considered the same issue of the effect of a Protest Committee decision and came to a different result. That court denied summary judgment sought by third-party defendants who were relying upon a Protest Committee decision finding that the defendant's sailboat violated a racing rule. Halloway v. Bashara, 176 F.R.D. 207 (E.D.Va. 1997). In that case, the plaintiff, a crew member on the S/V STAR DANCER, alleged she was injured when the boat was struck by the S/V BANYAN DAYS during a sailboat race organized by the Cruising Club of Virginia. That race was conducted under the International Yacht Racing Regulations followed in JUNO, supra, but with U.S. Prescriptions to those rules which did not exist for the race in issue in JUNO. The owner, skipper, and person in charge of S/V BANYAN DAYS was Fred Bashara. The S/V STAR DANCER was owned by Alma Orive. The person in charge was John A. Blais and the helmsman was Steven W. Parish. The plaintiff filed suit against Bashara who in turn filed a third-party action against Orive, Blais, and Parish seeking indemnity and contribution and a judgment for the plaintiff against the third-party defendants pursuant to F.R.C.P. 14 (c ). Id.

After the race, the S/V STAR DANCER filed a protest against the S/V BANYAN DAYS. A hearing was held and the Protest Committee decided that S/V BANYAN DAYS had violated a racing rule and it was disqualified. The decision was appealed to an intermediate appellate body, the Chesapeake Bay Yacht Racing Association (CBYRA) which affirmed the decision. S/V BANYAN DAYS filed a further appeal and at the

time of the court's ruling, the appeal was still pending before the United States Sailing Association. Id.

Relying on the Protest Committee decision and the CBYRA decision, the third-party defendants in Halloway filed a motion to dismiss pursuant to F.R.C.P. 12 (b) (6) which the court treated as a motion for summary judgment under F.R.C.P. 56. The motion was denied. The court was aware of JUNO and accepted the analysis of that court. Id.

However, there were three factors in Halloway, *supra*, that the court relied on in distinguishing JUNO. First, the Protest Committee's decision was on appeal. There has been no appeal of the Protest Committee decision here. Second, the racing rules had changed. A U.S. Prescription applied regarding the determination of responsibility. That prescription was added to Rule 68 of the racing rules. (Exh. A, Attachment pp. 26-27, Rule 68). It did not exist in the racing rules applicable in JUNO. Third, under F.R.C.P. 14 (c) the defendant had requested judgment by the plaintiff directly against the third-party defendants. Halloway v. Bashara, 176 F.R.D. 207 (E.D.Va. 1997).

The defendant, Tripp, relies on the second and third reasons relied on by the Court in Halloway. The International Yacht Racing Regulations governing the race involving JUNO and ENDEAVOUR provided that the participants in a race agree as follows:

> "...to accept the penalties imposed and other action taken in accordance with the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and with respect to such determination, not to resort to any court or tribunal not

provided in the rules." Id at FN1.

The rules applicable to the race involving SIRENA and SFORZANDO contain the same provision. (Exh. A, Attachment, p. 3, Rule 3(b)).

> "By participating in a race conducted under these racing rules, each competitor and boat owner agrees
>
> a.) to be governed by the *rules;*
>
> b.) to accept the penalties imposed and other action taken under the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and
>
> c.) with respect to such determination, not to resort to any court or other tribunal not provided by the rules. "

The court in JUNO, supra, referred to another IYR rule, IYRR 76.1, which stated:

> "...the question of damages arising from an infringement of any of the rules shall be governed by the prescription, if any, of the national authority" JUNO v. ENDEAVOUR, supra, p. 7.

Exhibit A contains a copy of the Racing Rules of Sailing in effect for 2001 – 2004 promulgated by the International Sailing Federation (ISAF). This is a compilation of the ISAF rules as well as the U.S. Prescriptions to those rules. The U.S. Prescriptions are the additions and/or modifications to the ISAF rules adopted by U.S. Sailing for events held in the United States. (Exh. A, Attachment, Foreword). These rules with the prescriptions controlled the race at issue here.

The court in Halloway found, based upon an exhibit introduced by the defendant, that the U.S. Prescriptions were added to the IYRR just prior to the race involving S/V STAR DANCER and S/V BANYAN DAYS. This prescription didn't

apply to the race in JUNO because that race was outside of the United States and the prescription didn't exist in 1992 when that race took place. It stated:

> "A yacht that retires from a race or accepts a penalty does not, by that action alone, admit liability for damages."
> Halloway at 212.
>
> That same prescription was in effect in 2002 for the race here. Rule 68, entitled "Damages," of the Racing Rules of Sailing states:
>
> "The questions of damages arising from a breach of any rule shall be governed by the prescriptions, if any, of the national authority.
>
> U.S. Sailing prescribes that:
>
> (a) A boat that retires from a race or accepts a penalty does not, by that action alone, admit liability for damages.
>
> (b) A Protest Committee shall find facts and make decisions only in compliance with the rules. No Protest Committee or US Sailing appeal authority shall adjudicate any claim for damages. Such a claim is subject to the jurisdiction of the court.
>
> (c) A basic purpose of the rules is to prevent contact between boats. By participating in an event governed by the rules, a boat agrees that responsibility for damages arising from any breach of the rules shall be based on fault as determined by application of the rules, and that she shall not be governed by the legal doctrine of 'assumption of risk' for monetary damages resulting from contact with other boats." (Exh. A, Attachment, pp. 26-27).

These are the prescriptions that did not exist for the race in JUNO as the court in Halloway found. Further, the exhibit in Halloway upon which the court relied contained a letter from the Chair of the U.S. Sailing Association Legal committee stating that the prescription was adopted "...to clarify that U.S. Sailing judges were not to determine liability." Id at 212.

Since the applicable rules differed from those in JUNO, the court determined that genuine issues of material fact existed concerning the interpretation of the IYRR's and, therefore, denied the motion for summary judgment. The same circumstances exist in this case and for the same reason defendant Tripp submits Brown's motion for summary judgment should be denied. The racing rules interpreted in JUNO are not the same rules involved in this case. There are substantial questions of fact as to what Mr. Tripp and the other parties agreed to, if anything, and what they understood they would be bound to. The JUNO case does not support the third party defendant's contention that the Protest Committee decision is binding on the parties.

b.) The Protest Committee decision applied to the boat, not Mr. Tripp.

The Protest Committee decision is not binding on defendant Tripp because it applies to the boat, not him individually. Rule 60 of the Racing Rules of Sailing provide that a boat, a race committee, and a Protest Committee may protest another boat. (Exh. A, Attachment, p. 20). There is no provision for protesting a person. The protest form filed in this case lists the protestor as SFORZANDO and the protestee as SIRENA. (Exh. B, attachment 1). The protest was filed under Rule 60.1 under which a boat can protest another boat. The committee because of noncompliance with all the requirements of Rule 61, proceeded to hear the protest under Rule 60.4. That section permits the Protest Committee to protest a boat. (Exh. A, Attachment, p. 20). The decision of the committee was that SIRENA violated Rule 10 and it was disqualified. There was no finding at all as to Tripp. He was the tactician, not the owner, skipper or person in

charge. (Exh. C, pp. 39-40; Exh. D). His duties were to guide and advise the owner who is steering with any appropriate information. This includes wind direction, positions of other boats, which way to go or how to sail to a mark. Ultimately, the decision is with the owner. Both JUNO and Halloway dealt with boat owners and attempts to enforce Protest Committee decisions against owners or skippers, not anyone else. The underlying reasoning was that those owners voluntarily entered the races and agreed to be bound by the rules. That is evidenced in this case by the fact that Brown executed an entry and waiver form for his boat and Blad through Loeb executed an entry and waiver form for its boat. (Exh. E, pp. 16, 17; Exh. D pp. 25,26).

There is no evidence here that Tripp signed any entry or waiver forms for this race or that he agreed to have his liability for personal injuries decided by the Protest Committee. In fact, Tripp in his affidavit denies that he agreed to allow the Protest Committee to make any such determination. (Exh. A).

The third-party defendant argues that all the individuals in this race were all competitors and that Rule 3 of the Racing Rules of Sailing provide that each "competitor" and "boat owner" agree to be governed by the rules. However, this does not mean that a competitor is also a boat or a boat owner. The right to protest under Rule 60 does not rest with a competitor. A competitor cannot be protested under Rule 60. No "competitor" was protested in the protest hearing conducted in this case. The boat SIRENA was. There is a provision for protesting a competitor in Section C, entitled "Gross Misconduct." Rule 69 in that section establishes the right of a Protest Committee to conduct a hearing for acts of gross misconduct. No such action was taken in this

case. The protest clearly proceeded under Rule 60.4. (Exh. A, Attachment, pp. 20-28). The Protest Committee therefore made a determination as to SIRENA, not as to Tripp. There was no finding as to him. The third party defendant therefore may not rely on the Protest Committee decision as a binding determination of Tripp's liability.

c.) The defendant Tripp was not a party to the Protest Committee hearing.

A third reason the Protest Committee decision was not binding on the defendant Tripp is that he was not a party to the hearing. As stated, Rule 60 provides that a boat, Protest Committee or race committee may protest another boat. The protestor here was SFORZANDO and the protestee was SIRENA. The representative of SIRENA in the hearing was Loeb. (Exh. A; Exh. B). Tripp was a witness. (Exh. A; Exh. B). Rule 63.1 states in part that a boat or competitor shall not be penalized without a hearing. Rule 63.3(a) states, in part, that the "...parties to the hearing or a representative of each have the right to be present throughout the hearing of all the evidence." It further states that "any witness, other than a member of the Protest Committee, shall be excluded except when giving evidence." (Exh. A, Attachment, p.23). Tripp's status as a witness, not a party, is supported by the fact that he was permitted in the hearing only while he testified. (Exh. A; Exh. B). He could not present witnesses or evidence, cross-examine, or argue. He was not permitted to be present while others testified or argued and while other evidence may have been presented. He had no control over the hearing and couldn't participate. He was not afforded due process. JUNO at 6-7.

Importantly, he could not appeal. Rule 70.1 states:

"... a Protest Committee's interpretation of a *rule* or its procedures, but not the facts in its decision, may be appealed to the national authority of the venue by (a) a boat or competitor that is a party to a hearing, or ..."
(Exh. A, Attachment, p. 28).

The definition section of the rules defines a party as:

"A party to a hearing: a protestor; protestee; a boat requesting redress; a boat or competitor that may be penalized under Rule 69.1; a race committee in a hearing under rule 62.1(a).
(Exh. A, Attachment, p. 139).

Tripp was not a protestor, protestee, a boat, a competitor penalized under Rule 69.1, or a race committee and therefore did not possess the right of appeal. Not being afforded basic due process in a determination of his liability is a violation of his due process rights. Id. *See also*, DelSignore v. DiCenzo, 767 F.Supp. 423 (D.R.I. 1991). He has a protected property interest at stake, in that, plaintiffs and the third party defendant are asking this court to enforce a Protest Committee decision purportedly determining his liability for damages which he would be responsible to pay.

Further evidence that Tripp was not a party to the hearing is that he was not informed of the decision by the Protest Committee. (Exh. A). Rule 65.1 of the Racing Rules requires that the Protest Committee promptly inform the parties of the facts found, applicable rules, the decision, the reasons for it, and any penalties or redress. (Exh. A, Attachment, p. 25). None of this was conveyed to Tripp by the committee. He learned SIRENA was disqualified when he was told by somebody unknown while standing outside the hearing room. (Exh. C, pp. 81, 82).

The unfairness of imposing liability on him because of the committee decision is even more obvious when consideration is given to the paucity and the inaccuracy of the evidence submitted to the committee. Loeb has testified that the hearing was short and not of great importance. The issue was moot since both boats had retired from the race. The greater concern was the medical condition of the three plaintiffs. (Exh. D, pp. 75, 96; Exh. C, pp. 102, 103). Of even greater concern is that Mr. Slattery, the representative of SFORZANDO, submitted an admittedly inaccurate diagram of the incident into evidence. (Exh. F, pp. 78 – 84).

d.) Res Judicata does not give binding effect to the Protest Committee decisions.

Although not discussed directly in the memorandum of the third party defendant, the issue of res judicata was raised by the plaintiffs. To the extent this point is asserted by the third party defendant, the defendant Tripp submits the following argument which is contained in his memorandum in opposition to the plaintiffs' motion.

Principles of res judicata do not apply. In order for res judicata to have effect, three elements must be present. First, there must be a final judgment on the merits in an earlier suit. Second, there must be sufficient identicality between the causes of action asserted in the earlier and later suits. Third, there must be sufficient identicality between the parties in the two suits. Sometimes this identicality is described as parties or their privies. Those conditions are not all satisfied here. There has been no final

judgment on the merits in an earlier suit. There was a Protest Committee decision which has never been confirmed by any court. While case law supports the notion that arbitration can have res judicata or collateral estoppel effect, the underlying premise of the cases is that the arbitration award was confirmed by a court of competent jurisdiction to become a judgment. *See,* Norris v. Grosvenor, 803 F.2d 1281 (C.A. 2 1986). Plaintiffs concede this point in asking this court to confirm the award. Such a request in this form is procedurally improper. Further, there was not a true arbitration in that Tripp did not voluntarily agree with anyone to submit the issue of his liability to third persons to the Protest Committee for resolution. (Exh. A).

There is not identicality of issues in the earlier and later proceedings. The issue in this action is whether the defendants and third party defendant were negligent and breached contractual duties to the plaintiffs. The issue in the Protest Committee hearing was whether SIRENA violated a racing rule and should be disqualified. As stated earlier, the issue of fault and responsibility for damages was not submitted to the committee by Tripp or the parties to the hearing.

Finally, there is not identicality of parties. Tripp was not allowed to participate in the protest hearing as a party and could not protect his interests. No other party in that proceeding had an interest identical to his. In fact, in this litigation the co-defendants, Loeb and Blad, have filed a crossclaim against him. Accordingly, res judicata cannot apply to impose liabililty on defendant Tripp.

e.) The Racing Rules do not permit a Protest Committee to determine liability for damages.

No doubt, Tripp, in participating in the race as a competitor, did agree to be bound by the rules that applied to him. However, those rules with the U.S. Prescriptions provided that his liability for any damages, including personal injury, would not be decided by the Protest Committee. Part (b) of the Prescriptions to Rule 68 specifically states that a Protest Committee shall not adjudicate any claim for damages. (Exh. A, Attachment, pp. 26, 27). Again, this provision did not exist in JUNO. A reasonable interpretation of the rule is that the committee could make no determination as to liability for personal injury to others. At least, therefore, a question of fact exists as to the interpretation and effect of that prescription and the scope of any contract boats or persons may have agreed upon by participating in the race. If Tripp is bound by the rules, it is reasonable to conclude his understanding would be that the committee could not determine his future liability. In point of fact, he certainly did not understand the committee would be deciding his liability to third persons for personal injuries. (Exh. A). The same questions exists as to what the plaintiffs agreed to. As stated by the court in JUNO, only matters which are agreed to may be submitted to private resolution. JUNO at 7. A question of fact does exist as to what Tripp agreed to, if anything.

2. The motion for summary judgment should be denied because the amended third party complaint asserts the third party defendant is a direct defendant to the plaintiffs' amended complaint.

In the amended third party complaint, the defendant Tripp seeks indemnity or contribution and also tenders the third party defendant as a direct defendant to the plaintiffs under F.R.C.P. 14(c). That section states:

> "Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

The defendant Tripp therefore properly has the right to offer the third party defendant Brown as a direct defendant to the plaintiffs. Halloway v. Bashara, 176 F.R.D. 207 (E.D.Va. 1997).

That claim may proceed even if the plaintiffs present no evidence against the third party defendant because that evidence can be provided by the defendant. F.V. Capt. Wool Inc. v. Wagner Maritime Inc.,Wagner Maritime Inc., 1996 WL 895461 (E.D. Va. 1996). Thus, the motion for summary judgment cannot be granted without the claims of the plaintiffs being determined or addressed and the third party defendant here has asserted no motion as to the plaintiffs' claim. Halloway v. Bashara, 176 F.R.D. 207 (E.D.Va. 1997). *See also*, U.S. v. Isco, Inc., 463 F.Supp 1293 (E.D. Wis. 1979).

Significantly, the court in Halloway stated in FN.9 that even if the decision of the Protest Committee is binding on the third party plaintiff and precludes his denial of fault in the collision, whether it would be binding on the plaintiff in that case, a crew member, was not asserted in the case nor was it decided by the court. The note at least raises the issue of the effect of the Protest Committee decision on participants other than owners, skippers, or persons in charge.

Accordingly, the defendant Tripp submits the motion should be denied because of the claim asserted under F.R.C.P. 14(c).

3. The defendant Tripp did not violate any duty owed to the plaintiffs and there is evidence that the defendant Brown did violate a duty owed and was negligent.

Since the Protest Committee decision is not determinative of the issue of liability, the liability of the defendants and third party defendant is left for determination in this court. The plaintiffs' amended complaint alleges breach of contract and negligence. The breach of contract claims depend upon the application of JUNO. The defendant Tripp, therefore, submits those claims cannot be pursued by the plaintiffs. There remain the negligence claims. Based upon these, the defendant seeks indemnity or contribution as well as tendering the third party defendant as a direct defendant. The nature of the cause of action under general maritime law is negligence with the requirement to establish a duty, breach of the duty, causation, and damages. Naglieri v. Bay, 93 F.Supp.2d 170 (D. Conn. 1999). The third party defendant does not address the question of negligent conduct by him in his memorandum but relies exclusively on

JUNO. The defendant, Tripp, submits that if JUNO does not apply, there is adequate evidence discovered to date to justify a finding of negligent conduct on the part of Brown which could entitle the defendant Tripp to indemnity or contribution or the plaintiffs to a judgment for damages against Brown.

Brown, as owner and skipper of his boat, owed a duty of reasonable care to his crew and all the plaintiffs were members of his crew. Naglieri v. Bay, 93 F.Supp.2d 170 (D. Conn. 1999). There is evidence he violated this duty. The two boats were sailing toward the mark. SFORZANDO was on starboard tack and was the right of way boat. SIRENA was on a port tack. Some distance away, about one minute before the collision, Tripp couldn't tell if SIRENA would be able to pass in front of SFORZANDO. He kept watching and when the boats were much closer, he observed SFORZANDO turn slightly to its right. He realized that SIRENA could not cross in front and told Loeb to turn down, to the right. Prior to this, he had warned Loeb SIRENA might not cross and to be prepared to turn. (Exh. C, pp. 49-58). Loeb refused to turn and Tripp therefore told him again to turn. He again refused. Tripp then took the wheel and turned SIRENA down to the right. He did so to avoid a collision, not cause one. (Exh. C, pp. 59,60). Had Loeb turned either time when told by Tripp, the SIRENA would have passed safely behind SFORZANDO and the collision would not have occurred. (Exh. C, pp. 59, 60). Once SIRENA turned, however, the third party defendant, Brown, turned his boat down, to its left, directly towards SIRENA and continued the turn. (Exh. C, p. 61). This action by Brown made the collision inevitable. Had Brown held his course and not turned his boat down to the left, SIRENA would have passed behind his

boat and there would have been no collision. (Exh. C, pp, 60, 61). Tripp, in response, turned SIRENA down, to its right, one more time to avoid SFORZANDO, and then both he and Loeb turned SIRENA back up, to its left, to try to avoid a collision. (Exh. C, pp. 61-64, 66-68). The boats then made contact.

There is evidence that when Brown turned his boat down, he did not see SIRENA. (Exh. C, pp. 113-115). These actions can be considered in violation of the racing rules. Rule 16.1 provided that when a right of way boat alters course, it shall give the other boat (SIRENA) room to keep clear. Rule 16.2 similarly requires that SFORZANDO should have kept clear. (Exh. C. pp. 112-115. Exh. A, Attachment pp. 5). Tripp had the right to expect Brown would observe the rule and steer straight. If he had done so, there would have been no collision.

This raises substantial questions of fact as to the conduct of the defendants and third party defendant and accordingly questions of fact as to negligence. Clearly, it can't be said there is no genuine issue of material fact as to whether Tripp was negligent. There is substantial evidence he was not negligent and Brown was.

Interestingly, there is support for applying a lesser duty of care in sporting events. See Kiley v. Patterson, 763 A.2d 583 (R.I. 2000). Participants in sporting activities are deemed to assume the ordinary risks inherent in the sport. The court in Naglieri v. Bay, supra at 175, also recognized, that in some circumstances, reasonable care might be a very high degree of care and in other circumstances, it may be something less. Since the incident here occurred during a sailing race, an argument can be made that the duty owed is to refrain from willful or reckless conduct. Kiley v.

Patterson, supra. There is no evidence of any such conduct here on the part of Tripp nor is there any allegation of willful or reckless conduct. If this standard is to apply to this case, perhaps there would be no fault determined against any defendant or the third party defendant. However, whatever rule is applied, the finder of fact should be able to consider the conduct of all the actors in the incident.

4. Arguments of co-defendants Steven Loeb and Blad Co.

To the extent applicable and supportive of defendant Tripp's objection to the motion for summary judgment, Tripp adopts and incorporates in this memorandum the arguments of the co-defendants. This is being done with the consent of counsel for the co-defendants.

## IV. CONCLUSION

For the reasons stated herein the defendant Tripp submits the third party defendant's motion for summary judgment should be denied.

/s/ THOMAS C. PLUNKETT

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX
E-MAIL: **tplunkett@kprlaw.com**

/s/ Cary R. Wiener, Esq.

DeORCHIS WIENER & PARTNERS, LLP

61 Broadway, 26th Floor
New York, New York 10006-2802

CERTIFICATION

I hereby certify that I have electronically filed the above document and it is available for viewing and downloading from the ECF system

**Notice will be electronically mailed to:**

Charles A. Cook cook@morrisonmahoney.com;

William E. O'Gara wogara@pld-law.com

Seth S. Holbrook Holbrook_murphy@msn.com

Dated: April 23, 2007 /s/ THOMAS C. PLUNKETT

**DEFENDANT WILLIAM TRIPP'S EXHIBIT LIST**

A – AFFIDAVIT OF WILLIAM TRIPP

B – AFFIDAVIT OF ROBERT CONNER

C – DEPOSITION OF WILLIAM TRIPP

D – DEPOSITION OF STEVEN M. LOEB

E – DEPOSITION OF BLAIR BROWN

F – DEPOSITION OF JOHN SLATTERY

G – DEPOSITION OF NEW YORK YACHT CLUB

H – DEPOSITION OF JACK FOLEY

I - DEPOSITION OF DAVID ROBBINS

J - DEPOSITION OF MARY O'DONOGHUE

K – RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION BY DEFENDANT BLAD CO.