06 038

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 S-LDA

STEVEN M. LOEB, BLAD CO., KEVIN DAILEY, WILLIAM TRIPP, INDIVIDUALLY, and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE

**ORAL ARGUMENT REQUESTED**

VS

BLAIR BROWN

OBJECTION OF THE DEFENDANT WILLIAM TRIPP,
INDIVIDUALLY AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE,
TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Now comes the defendant, William Tripp, individually and d/b/a Tripp Design Naval Architecture, and objects to the plaintiffs' motion for summary judgment. The defendant relies upon the memorandum, supporting documents, statement of disputed facts, and statement of undisputed facts. The defendant requests the motion for summary judgment be denied.

Defendant Tripp requests oral argument. The time requested is approximately twenty minutes.

/s/ THOMAS C. PLUNKETT

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX
E-MAIL: **tplunkett@kprlaw.com**

/s/ Cary R. Wiener, Esq.

DeORCHIS WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802

CERTIFICATION

I hereby certify that I have electronically filed the above document and it is available for viewing and downloading from the ECF system

**Notice will be electronically mailed to:**

Charles A. Cook cook@morrisonmahoney.com; smorriso@morrisonmahoney.com; gnotis@morrisonmahoney.com; jgraceffa@morrisonmahoney.com

William E. O'Gara wogara@pld-law.com

Seth S. Holbrook Holbrook_murphy@msn.com

Dated: April 23, 2007 /s/ THOMAS C. PLUNKETT

06 038

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 S-LDA

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

VS

BLAIR BROWN

**DEFENDANT, WILLIAM TRIPP'S, STATEMENT OF UNDISPUTED FACTS**

The defendant William Tripp submits the following undisputed facts in support of his memoranda filed in support of his objections to the plaintiffs and third-party defendant's motions for summary judgment:

1. The rules in effect for the race of July 14, 2002, in which SIRENA and SFORZANDO competed, were the racing rules of sailing with the Prescriptions of the U.S. Sailing Association, 2001-2004 version, as well as the Notice of Race and Sailing Instructions issued by the New York Yacht Club. (Exhibit A, Affidavit of William Tripp, attachments; Exhibit G, Deposition of New York Yacht Club, pp. N7 – N13)

2. Prior to entering the race, Blair Brown (Brown) executed an entry and waiver form for his boat, SFORZANDO; and Blad Co., through Steven Loeb (Loeb), executed an entry and waiver form for its boat, SIRENA. (Exhibit E, Deposition of Blair Brown, pp. 16-17; Exhibit D, Deposition of Steven Loeb, pp. 25-26)
3. On July 14, 2002, William Tripp (Tripp) was the tactician on SIRENA. As tactician, Tripp's responsibilities were to help guide and advise the owner (Loeb) by providing appropriate information. The information included position of other boats, wind shifts, current, tactical decisions, maneuvering, and how to approach a mark. The ultimate decision as to what action to take rested with the owner. (Exhibit C, Deposition of William Tripp, pp. 39-40)
4. During the race, as SFORZANDO and SIRENA approached the mark, Tripp warned Loeb SIRENA might not cross SFORZANDO and to be prepared to turn. (Exhibit C, pp. 49-58)
5. As SFORZANDO and SIRENA approached the mark, Tripp told Loeb twice to turn to avoid SFORZANDO and Loeb refused. Had Loeb turned when directed, the collision would not have occurred. (Exhibit C, pp 49-60)
6. When Loeb refused the second time, Tripp took the wheel and turned SIRENA down to avoid a collision. After he did so, SFORZANDO turned down to its left toward SIRENA and continued its turn. Tripp turned down a second time and then Tripp and Loeb turned SIRENA back up to the left to avoid SFORZANDO. The boats then came into contact. (Exhibit C, pp. 59-68)

7. Tripp has testified that when Brown turned SFORZANDO down, he did not see SIRENA. (Exhibit C, pp. 113-115)

8. Had Brown not turned SFORZANDO towards SIRENA, SIRENA would have passed safely behind SFORZANDO and the collision would not have occurred. (Exhibit C, pp. 60-61)

9. The racing rules of sailing and the U.S. prescriptions to those rules in effect for the July 14, 2002 race provided for a procedure to be followed if a boat seeks a determination that another boat has violated the rules. That procedure involves a protest, a hearing, and a decision and provides for an appeal. (Exhibit A, attachment pp. 20-29)

10. Those rules and prescriptions permitted a boat to file a protest against another boat with a Protest Committee which is appointed for the race. The committee would then conduct a hearing on the protest and decide whether a protested boat had violated a racing rule. If so, the committee would be required to disqualify the protested boat unless some other penalty applied. (Exhibit A, attachment p. 24)

11. Rule 60 of the racing rules does not provide for protests against individuals. (Exhibit A, attachment p. 20)

12. A protest was filed after the race by SFORZANDO against SIRENA under racing Rule 60. SFORZANDO was the protestor and SIRENA was the protestee. (Exhibit B, Affidavit of Robert Conner)

13. John Slattery (Slattery) has testified that he was the representative for SFORZANDO at the Protest Committee hearing. Robert Conner in his affidavit states Loeb was the representative for SIRENA. Tripp in his affidavit states he was not the representative of SIRENA, Loeb was. (Exhibit F, Deposition of John Slattery, pp. 40-41; Exhibit B; Exhibit A)

14. Tripp was a witness at the Protest Committee hearing. (Exhibit A; Exhibit B)

15. Tripp was present in the hearing only while testifying. (Exhibit A; Exhibit C, pp. 120-121)

16. Tripp was not a party to the Protest Committee hearing. (Exhibit A, paragraph 3 and attachment p. 139)

17. Slattery submitted an inaccurate diagram into evidence at the Protest Committee hearing. (Exhibit F, pp 78-84)

18. The Protest Committee hearing was short and not of great import to Loeb. He considered the issue moot since both boats had retired from the race. (Exhibit D, pp. 75, 96; Exhibit C, pp. 102-103)

19. The committee rendered a decision on July 14, 2002 finding SIRENA violated racing rule #10 and disqualifying SIRENA. (Exhibit B)

20. Tripp was not informed of the Protest Committee decision by the Protest Committee. (Exhibit A; Exhibit C, pp. 81-82)

21. The racing rules of sailing provided no opportunity for Tripp to appeal. (Exhibit A, attachment pp. 28, 139)

22. Tripp did not agree to allow the Protest Committee to make a determination of his liability for claims for personal injuries resulting from the race, nor did he believe that the Protest Committee had the power to make any such determination of liability. (Exhibit A)

/s/ THOMAS C. PLUNKETT

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX
E-MAIL: **tplunkett@kprlaw.com**

/s/ Cary R. Wiener, Esq.

DeORCHIS WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802

**CERTIFICATION**

I hereby certify that I have electronically filed the above document and it is available for viewing and downloading from the ECF system

**Notice will be electronically mailed to:**

Charles A. Cook cook@morrisonmahoney.com;

William E. O'Gara wogara@pld-law.com

Seth S. Holbrook Holbrook_murphy@msn.com

Dated: April 23, 2007 /s/ THOMAS C. PLUNKETT

06 038

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 S-LDA

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

VS

BLAIR BROWN

**DEFENDANT, WILLIAM TRIPP'S, STATEMENT OF DISPUTED FACTS**

The defendant William Tripp disputes the following statements presented in the statement of undisputed facts submitted by the plaintiffs and third-party defendant in support of their motions for summary judgment:

5. This statement is disputed and incomplete. As tactician, Tripp's responsibilities were to help guide and advise the owner (Steven Loeb) by providing appropriate information. The information included position of other boats, wind shifts, current, tactical decisions, maneuvering, and how to approach a mark. The ultimate decision rested with the owner. (Exhibit C, Deposition of William Tripp, pp. 39-40)

6. This statement is disputed and incomplete. The defendant Tripp agrees during the race SIRENA was on port tack and SFORZANDO was on starboard tack, SFORZANDO having the right of way as they were approaching the windward mark on the course. Defendant Tripp disputes the statement that it was SIRENA's intention to cross in front of SFORZANDO. One minute before the incident, Tripp could not tell if SIRENA would cross. At thirty seconds before, the incident Tripp did not think that SIRENA would cross, but thought it was close and told Loeb to be prepared to turn. Between thirty seconds and twenty seconds before the incident, Tripp thought SIRENA was crossing but thought it was close and told Loeb to be prepared to duck. At about seventeen seconds before the incident, Tripp thought SIRENA would not cross. (Exhibit C, pp. 51-57)
7. This statement is disputed as incomplete. Added to the statement should be that, Tripp told Loeb a second time and Loeb refused. After that point, Tripp took the wheel and turned the boat down, to its right, to attempt to pass behind SFORZANDO. (Exhibit C, pp. 57-58)
8. This statement is disputed and incomplete. Added to the statement should be that, Tripp told Loeb a second time to turn down and Loeb refused a second time. After that point, Tripp took the wheel and turned the boat down, to its right, to attempt to pass behind SFORZANDO. After Tripp turned the boat down, the third-party defendant, Blair Brown, turned his boat down, to its left, towards SIRENA and continued to do so up to the point the boats came in

contact. Tripp, to avoid SFORZANDO, turned SIRENA again to the right and then he and Loeb turned SIRENA up to its left in an attempt to avoid SFORZANDO. (Exhibit C, pp. 57-63)

9. This statement is disputed and incomplete. It is incomplete for the same reasons Tripp asserts #7 and #8 are incomplete and does not contain the facts presented by Tripp to explain #7 and #8. SIRENA and SFORZANDO collided with each other after the alterations of course described in #8. (Exhibit C, pp. 57-63)

10. This statement is disputed. Had Loeb altered course on the two occasions when advised by Tripp the collision would not have occurred. (Exhibit C, pp. 59-60)

11. This statement is disputed. The testimony of Brown, cited in support of the statement, is insufficient to establish that the plaintiffs suffered injuries. Such a statement must be established by appropriate medical evidence.

12. This statement is disputed. The testimony of Tripp and Loeb referenced in the statement of undisputed facts, is that the plaintiffs could not take any action to avoid the collision, nor did they cause or contribute to their injuries. That testimony is insufficient to establish that the plaintiffs bear no responsibility for their injuries. That determination must be made by the Court and the finder of fact.

19. This statement is disputed. The affidavit of Mr. Rose provides opinion and not fact. The statement is only his opinion of the rule. The interpretation of the rule for the purposes of this case must be made by the Court and the finder of fact.

20. This statement is disputed. It sets forth the opinion of Mr. Rose only. It does not state a fact. The interpretation of the rules in this case must be made by the Court and the finder of fact.

22. This statement is disputed. The racing rules of sailing provide a process for resolving whether or nor a boat has violated a racing rule and whether a boat should be disqualified. (Exhibit A, attachment, pp. 20-27)

23. This statement is disputed. SFORZANDO filed a protest against SIRENA for a violation of racing Rule 10. (Exhibit B, Affidavit of Robert Conner)

27. This statement is disputed. The protest committee made no finding as to SFORZANDO. The decision was that SIRENA had violated racing Rule 10. (Exhibit B)

28. This statement is disputed. The protest committee made no decision as to SFORZANDO. It decided only that SIRENA violated Rule 10. (Exhibit B)

/s/ THOMAS C. PLUNKETT

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX
E-MAIL: **tplunkett@kprlaw.com**

/s/ Cary R. Wiener, Esq.

DeORCHIS WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802

**CERTIFICATION**

I hereby certify that I have electronically filed the above document and it is available for viewing and downloading from the ECF system

**Notice will be electronically mailed to:**

Charles A. Cook cook@morrisonmahoney.com;

William E. O'Gara wogara@pld-law.com

Seth S. Holbrook Holbrook_murphy@msn.com

Dated: April 23, 2007 /s/ THOMAS C. PLUNKETT