06 038

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JACK FOLEY, MARY O'DONOGHUE
and DAVID ROBBINS

VS C.A.NO. 06-0053 S-LDA

STEVEN M. LOEB, BLAD CO.,
KEVIN DAILEY, WILLIAM TRIPP,
INDIVIDUALLY, and d/b/a TRIPP
DESIGN NAVAL ARCHITECTURE

VS

BLAIR BROWN

MEMORANDUM IN SUPPORT OF OBJECTION OF THE DEFENDANT WILLIAM TRIPP, INDIVIDUALLY AND D/B/A TRIPP DESIGN NAVAL ARCHITECTURE, TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I. FACTS AND TRAVEL

The plaintiffs have filed this suit against William Tripp, individually and d/b/a Tripp Design Naval Architecture (Tripp), Steven M. Loeb (Loeb) and Blad Co. (Blad) . The amended complaint asserts claims against Tripp for negligence and for breach of contract. Tripp in turn filed crossclaims against the co-defendants for indemnity or contribution. He also filed an amended third-party complaint against Blair Brown (Brown) seeking indemnity or contribution and that the plaintiffs have a direct claim against the third-party defendant pursuant to F.R.C.P. 14 (c ).

The action arises out of an accident between the sailboat SIRENA and the sailboat SFORZANDO during a regatta held by the New York Yacht Club on Rhode Island Sound on July 14, 2002. SIRENA was owned by Blad and skippered by Loeb. (Exh. D, Depo of Loeb, pp. 7, 26). Mr. Loeb was the sole stockholder of Blad. ( Exh. D. pp. 6, 7, 16). Tripp was the tactician on SIRENA. ( Exh. C, Depo of Tripp, p. 39). SFORZANDO was owned and skippered by Brown. ( Exh. E, Depo of Brown, pp. 6, 7). The plaintiffs were crew members on SFORZANDO. (Exh. E, pp. 8, 9). During the race, there was contact between the boats and the plaintiffs allege they were injured as a result. Damages are sought for those alleged personal injuries.

The regatta was conducted according to racing rules of the International Sailing Federation, the U.S. Prescriptions to those rules, and the Notice of Race and Sailing Instructions issued by the New York Yacht Club. (Exh. G, Depo of NYCC, pp. N7-N13). The racing rules and prescriptions provide for a procedure to be followed if a boat seeks a determination that another boat has violated the rules. ( Exh. A, Affidavit of Tripp, attached Racing Rules, pp. 20-29). Rule 60 of those racing rules permits a boat to file a protest against another boat with a Protest Committee which is appointed for the race. The committee then hears the protest and decides whether the protested boat has violated a racing rule. If so, the Committee must disqualify the protested boat unless some other penalty applies. (Exh. A, attachment, p. 24, Rule 64.1). Notably, Rule 60 does not provide for protests against individuals.

A protest was filed in this case by SFORZANDO against SIRENA. (Exh. B, Affidavit of Robert Conner). The Protest Committee conducted a hearing. The Protest

form filed by SFORZANDO lists SFORZANDO as the protesting boat and SIRENA as the protested boat. (Exh. B, Attachment 1). The representative of SFORZANDO for the hearing was noted to be Jack Slattery, who was the tactician on that boat. The representative of SIRENA was listed as Steve Loeb. (Exh. B, Attachment 1) Tripp testified at the hearing as a witness. (Exh. A, Exh. B). He was not a party.

The Committee rendered a decision on July 14, 2002. It determined that SIRENA violated Rule 10 and was disqualified. (Exh. B, Attachment 2). The rules provided for an appeal by the boat, but not by Mr. Tripp. (Exh. A, Attachment pp. 28 & 29, Rule 70). In fact, no appeal was taken. (Exh. D, p. 96).

The plaintiffs have now filed a motion for summary judgment against all defendants on four grounds. These are as follows:

1.) The defendants were responsible for the collision.

2.) The rules provide that damages arising from such actions shall be assessed according to fault as determined by the application of those rules.

3.) The defendants had an opportunity to fully and meaningfully participate in the arbitral forum that made the determination with respect to the defendants' fault.

4.) The findings of the arbitral forum are binding on the defendants and they, therefore, cannot re-litigate the issue of liability in this matter.

The defendant Tripp disputes these grounds and asserts the motion should be denied for the following reasons:

1.) The Protest Committee decision is not binding on him and is not a determination of his liability.

2.) He is not responsible for the collision and any resulting

injuries in that he did not violate any duty owed to the plaintiffs.

3.) Issues remain for determination.

## II. STANDARD UNDER F.R.C.P. 56.

F.R.C.P. 56 provides that summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Access Solution International, Inc. v. Data/Ware Development Inc., 70 F.Supp. 2d 92 (D.R.I. 1999). To win summary judgment on a particular issue, the moving party must show there is an absence of evidence to support the nonmoving party's claim. Id.

In resolving disputes the court must resolve all genuine factual disputes in favor of the party opposing the motion and draw all reasonable inferences from the facts in favor of that party. The court cannot weigh evidence or consider credibility. Id.

If genuine issues of fact exist, summary judgment must be denied. F.R.C.P. 56.

## III. ARGUMENT

Defendant Tripp asserts questions of fact exist and therefore the plaintiffs' motion for summary judgment should be denied.

1. The Protest Committee decision is not binding on the defendant Tripp.

   a.) The JUNO case is inapplicable.

The plaintiffs rely exclusively on the case of JUNO v. ENDEAVOUR, 58 F.3d 1, (C.A. 1 1995) for the proposition that the Protest Committee decision, finding that SIRENA violated Rule 10, is binding on all the defendants and is, therefore, a resolution of the issue of liability as to all defendants and the third-party defendant. That case involved a claim by a plaintiff sailboat owner against a defendant sailboat owner for property damage to the plaintiff's boat resulting from a collision between the two boats during a race. Id.

The primary issue determined by the court was the liability of boat owners to each other for property damage. The court did not address the liability of any other persons or entities. The premise upon which the decision is based is that the owners entered the race for which sailing instructions set out the conditions of participation and a private contract resulted between the participants requiring their compliance therewith. Id at 5. Notably, the word used is "between", not "among". Thus the owners agreed to sail according to the racing rules. In addition, the court stated that those rules "...set out a detailed mechanism for determining who among competing yachts has infringed these rules of conduct." Id at 5-6. The court cited International Yacht Racing Regulation (IYRR) Part VI – Protests, Penalties, and Appeals, IYRR68, 71-74, and 77-78 and noted that the procedures provided for a hearing at which the parties have the right to be present and to introduce and rebut evidence. Further, the rules provided that the Protest Committee issue a written decision that is notified to all interested parties and that appeals could be taken. Id at 6.

The court summarized:

> "These mechanisms were agreed to by the parties for the resolution of one of the issues that have become the subject of this suit, i.e., who was *at fault* for the collision between ENDEAVOR and CHARLES JOURDAN. The parties agreed to the substantive rules for determining fault, they agreed to the adjudicating forum, and they were apprised of the procedures. They appeared before this forum, submitted to its jurisdiction, presented evidence and argument, and thereafter were served with that body's findings and final decision. Thus the CHARLES JOURDAN and the ENDEAVOUR were contractually bound to race by the rules of the road contained in the IYRR's and to resolve issues related to fault for any collisions according to those rules." Id.

Plaintiffs seek to extend this holding to regulate the liability of persons who were not owners or persons in charge of the boats, were not parties to the Protest Committee hearing, and who did not agree to have their legal liability to third parties determined by the Protest Committee. The defendant Tripp asserts that the case is not applicable here.

Subsequent to the JUNO case, the United States District Court for the Eastern District of Virginia considered the same issue of the effect of a Protest Committee decision and came to a different result. That court denied summary judgment sought by third-party defendants who were relying upon a Protest Committee decision finding that the defendant's sailboat violated a racing rule. Halloway v. Bashara, 176 F.R.D. 207 (E.D.Va. 1997). In that case, the plaintiff, a crew member on the S/V STAR DANCER, alleged she was injured when the boat was struck by the S/V BANYAN DAYS during a sailboat race organized by the Cruising Club of Virginia. That race was conducted under the International Yacht Racing Regulations followed in JUNO, but with U.S.

Prescriptions to those rules which did not exist for the race in issue in JUNO. The owner, skipper, and person in charge of S/V BANYAN DAYS was Fred Bashara. The S/V STAR DANCER was owned by Alma Orive. The person in charge was John A. Blais and the helmsman was Steven W. Parish. The plaintiff filed suit against Bashara who in turn filed a third-party action against Orive, Blais and Parish seeking indemnity and contribution and a judgment for the plaintiff against the third-party defendants pursuant to F.R.C.P. 14 (c ). Id.

After the race, the S/V STAR DANCER filed a protest against the S/V BANYAN DAYS. A hearing was held and the Protest Committee decided that S/V BANYAN DAYS had violated a racing rule and it was disqualified. The decision was appealed to an intermediate appellate body, the Chesapeake Bay Yacht Racing Association (CBYRA), which affirmed the decision. S/V BANYAN DAYS filed a further appeal and at the time of the court's ruling, the appeal was still pending before the United States Sailing Association. Id.

Relying on the Protest Committee decision and the CBYRA decision, the third party defendants filed a motion to dismiss pursuant to F.R.C.P. 12 (b) (6), which the court treated as a motion for summary judgment under F.R.C.P. 56. The motion was denied. The court was aware of JUNO and accepted the analysis of that court. However, there were three distinguishing factors in Halloway, *supra*, that the court relied on in distinguishing JUNO. First, the Protest Committee's decision was on appeal. There has been no appeal of the Protest Committee decision here. Second, the racing rules had changed. A U.S. Prescription applied regarding the determination of

responsibility. That prescription was added to Rule 68 of the racing rules. (Exh. A, Attachment pp. 26-27 Rule 68). It did not exist in the racing rules applicable in JUNO. Third, under F.R.C.P. 14 (c) the defendant had requested judgment by the plaintiff directly against the third-party defendants. That procedural reason doesn't concern the plaintiffs' claim here but does concern the third-party actions against Brown and is discussed in more detail in defendant's opposition to Brown's motion for summary judgment.

The defendant Tripp relies on the second reason. The International Yacht Racing Regulations governing the race involving JUNO and ENDEAVOUR provided that the participants in a race agree as follows:

> "...to accept the penalties imposed and other action taken in accordance with the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and with respect to such determination, not to resort to any court or tribunal not provided in the rules." Halloway at FN1.

The rules applicable to the race involving SIRENA and SFORZANDO contain the same provision. (Exh. A, Attachment, p. 3, Rule 3(b)).

> "By participating in a race conducted under these racing rules, each competitor and boat owner agrees
>
> a.) to be governed by the *rules*;
>
> b.) to accept the penalties imposed and other action taken under the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and
>
> c. with respect to such determination, not to resort to any court or other tribunal not provided by the rules."

The court in JUNO referred to another IYR rule, IYRR 76.1, which stated:

> "...the question of damages arising from an infringement of any of the rules shall be governed by the prescription, if any, of the national authority" JUNO at 7.

Exhibit A contains a copy of the Racing Rules of Sailing in effect for 2001 - 2004 promulgated by the International Sailing Federation (ISAF). This is a compilation of the ISAF rules, as well as the U.S. Prescriptions to those rules. The U.S. Prescriptions are the additions and/or modifications to the ISAF rules adopted by U.S. Sailing for events held in the United States. (Exh. A, Attachment, Foreword). These rules with the prescriptions controlled the race at issue here.

The court in Halloway found, based upon an exhibit introduced by the defendant, that the U.S. Prescriptions were added to the IYRR just prior to the race involving STAR DANCER and BANYAN DAYS. This prescription didn't apply to the race in JUNO, because that race was outside of the United States and the prescription didn't exist in 1992 when that race took place. It stated:

> "A yacht that retires from a race or accepts a penalty does not, by that action alone, admit liability for damages."
> Holloway at 212.

That same prescription was in effect in 2002 for the race here. Rule 68, entitled "Damages" of the Racing Rules of Sailing states:

> "The questions of damages arising from a breach of any rule shall be governed by the prescription, if any, of the national authority.
>
> U.S. Sailing prescribes that:

(a) A boat that retires from a race or accepts a penalty does not, by that action alone, admit liability for damages.

(b) A Protest Committee shall find facts and make decisions only in compliance with the rules. No Protest Committee or US Sailing appeal authority shall adjudicate any claim for damages. Such a claim is subject to the jurisdiction of the court.

(c) A basic purpose of the rules is to prevent contact between boats. By participating in an event governed by the rules, a boat agrees that responsibility for damages arising from any breach of the rules shall be based on fault as determined by application of the rules, and that she shall not be governed by the legal doctrine of 'assumption of risk' for monetary damages resulting from contact with other boats." (Exh. A, Attachment, pp. 26-27).

These are the prescriptions that did not exist for the race in JUNO as the court in Halloway found. Further, the exhibit in Halloway upon which the court relied contained a letter from the Chair of the U.S. Sailing Association Legal Committee stating that the prescription was adopted "...to clarify that U.S. Sailing judges were not to determine liability." Id at 212.

Since the applicable rules differed from those in JUNO, the court determined that genuine issues of material fact existed concerning the interpretation of the IYRR's and, therefore, denied the motion for summary judgment. The same circumstances exist in this case and for the same reason defendant Tripp submits that plaintiffs' motion for summary judgment should be denied. The racing rules interpreted in JUNO are not the same rules involved in this case. There are substantial questions of fact as to what Tripp and the other parties agreed to, if anything, and what they understood they would be bound to. The JUNO case does not support plaintiff's contention that the Protest Committee decision is binding on the parties.

b.) The Protest Committee decision applied to the boat, not Mr. Tripp.

The Protest Committee decision is not binding on defendant Tripp because it applies to the boat, not him individually. Rule 60 of the Racing Rules of Sailing provide that a boat, a race Committee, and a Protest Committee may protest another boat. (Exh. A, Attachment, p. 20). There is no provision for protesting a person. The protest form filed in this case lists the protestor as SFORZANDO and the protestee as SIRENA. (Exh. B, Attachment 1). The protest was filed under Rule 60.1 under which a boat can protest another boat. The Committee, because of noncompliance with all the requirements of Rule 61, proceeded to hear the protest under Rule 60.4. That section permits the Protest Committee to protest a boat. (Exh. A, Attachment, p. 20). The decision of the Committee was that SIRENA violated Rule 10 and it was disqualified. There was no finding at all as to Tripp. He was the tactician, not the owner, skipper or person in charge. His duties were to guide and advise the owner who is steering with any appropriate information. This includes wind direction, positions of other boats, which way to go, or how to sail to a mark. Ultimately, the decision is with the owner. (Exh. C, pp. 39-40; Exh. D, pp. 26,29; Exh. K, response to plaintiff's Request for Admissions by Blad Co. , #39). Both JUNO and Halloway dealt with boat owners and attempts to enforce Protest Committee decisions against owners or skippers, not anyone else. The underlying reasoning was that those owners voluntarily entered the races and agreed to be bound by the rules. That is evidenced in this case by the fact that Brown executed an

entry and waiver form for his boat and Blad through Loeb executed an entry and waiver form for its boat. (Exh. E, pp. 16, 17; Exh. D, pp. 25,26).

There is no evidence here that Tripp signed any entry or waiver forms for this race or that he agreed to have his liability for personal injuries decided by the Protest Committee. In fact, Tripp in his affidavit denies that he agreed to allow the Protest Committee to make any such determination. (Exh. A).

Plaintiffs argue that all the individuals in this race were all competitors and that Rule 3 of the Racing Rules of Sailing provide that each "competitor" and "boat owner" agree to be governed by the rules. However, this does not mean that a competitor is also a boat or a boat owner. The right to protest under Rule 60 does not rest with a competitor. A competitor cannot be protested under Rule 60. No "competitor" was protested in the protest hearing conducted in this case. The boat SIRENA was. There is a provision for protesting a competitor in Section C, entitled "Gross Misconduct." Rule 69 in that section establishes the right of a Protest Committee to conduct a hearing for acts of gross misconduct. No such action was taken in this case. The protest clearly proceeded under Rule 60.4. (Exh. A, Attachment, pp. 20-28). The Protest Committee therefore made a determination as to SIRENA, not as to Tripp. There was no finding as to him. The plaintiffs as well as the third party defendant therefore should not be able to rely on the Protest Committee decision as a binding determination of Tripp's liability.

c.) <u>The defendant Tripp was not a party to the Protest Committee hearing.</u>

A third reason the Protest Committee decision was not binding on the defendant Tripp is that he was not a party to the hearing. As stated, Rule 60 provides

that a boat, Protest Committee or race Committee may protest another boat. The protestor here was SFORZANDO and the protestee was SIRENA. The representative of SIRENA in the hearing was Loeb. (Exh. A; Exh. B). Tripp was a witness. (Exh. A; Exh. B). Rule 63.1 states in part that a boat or competitor shall not be penalized without a hearing. Rule 63.3(a) states in part that the "...parties to the hearing or a representative of each have the right to be present throughout the hearing of all the evidence." It further states that "any witness, other than a member of the Protest Committee, shall be excluded except when giving evidence." (Exh. A, Attachment, p.23). Tripp's status as a witness, not a party, is supported by the fact that he was permitted in the hearing only while he testified. (Exh. A; Exh. B). He could not present witnesses or evidence, cross-examine, or argue. He was not permitted to be present while others testified or argued and while other evidence may have been presented. (Exh. C, pp. 120-121). He had no control over the hearing and couldn't participate. He was not afforded due process. JUNO at 6-7.

Importantly, he could not appeal. Rule 70.1 states:

"... a Protest Committee's interpretation of a *rule* or its procedures, but not the facts in its decision, may be appealed to the national authority of the venue by (a) a boat or competitor that is a party to a hearing, or ..."
(Exh. A, Attachment, p. 28).

The definition section of the rules defines a party as:

"A party to a hearing: a protestor; protestee; a boat requesting redress; a boat or competitor that may be penalized under Rule 69.1; a race Committee in a hearing under rule 62.1(a).
(Exh. A, Attachment, p. 139).

Tripp was not a protestor, protestee, a boat, a competitor penalized under Rule 69.1, or a race Committee and therefore did not possess the right of appeal. Not being afforded basic due process in a determination of his liability is a violation of his due process rights. Id. *See also* DelSignore v. DiCenzo, 767 F.Supp 423 (D.R.I. 1991). He has a protected property interest at stake in that plaintiffs and the third party defendant are asking this court to enforce a Protest Committee decision purportedly determining his liability for damages which he would be responsible to pay.

Further evidence that he was not a party to the hearing is that he was not informed of the decision by the Protest Committee. (Exh. A). Rule 65.1 of the Racing Rules requires that the Protest Committee promptly inform the parties of the facts found, applicable rules, the decision, the reasons for it, and any penalties or redress. (Exh. A, Attachment, p.25). None of this was conveyed to Mr. Tripp by the Committee. He learned SIRENA was disqualified when he was told by somebody unknown while standing outside the hearing room. (Ex. C, pp. 81, 82).

The unfairness of imposing liability on him because of the Committee decision is even more obvious when consideration is given to the paucity and the inaccuracy of the evidence submitted to the Committee. Loeb has testified that the hearing was short and not of great importance. The issue was moot since both boats had retired from the race. The greater concern was the medical condition of the three plaintiffs. (Exh. D, pp. 75, 96; Exh. C, pp. 102-103). Of even greater concern is that Mr. Slattery, the representative of SFORZANDO, submitted an admittedly inaccurate diagram of the incident into evidence. (Exh. F, Depo of John Slattery, pp. 78 – 84).

d.) Res Judicata does not give binding effect to the Protest Committee decision.

Principles of res judicata do not apply. In order for res judicata to have effect, three elements must be present. First, there must be a final judgment on the merits in an earlier suit. Second, there must be sufficient identicality between the causes of action asserted in the earlier and later suits. Last, there must be sufficient identicality between the parties in the two suits. Sometimes this identicality is described as parties or their privies. Those conditions are not all satisfied here. There has been no final judgment on the merits in an earlier suit. There was a Protest Committee decision which has never been confirmed by any court. While case law supports the notion that an arbitration can have res judicata or collateral estoppel effect, the underlying premise of the cases is that the arbitration award was confirmed by a court of competent jurisdiction to become a judgment. *See* Norris v. Grosvenor, 803 F.2d 1281 (C.A. 2 1986). Plaintiffs concede this point in asking this court to confirm the award. Such a request in this form is procedurally improper. Further, there was not a true arbitration in that Tripp did not voluntarily agree with anyone to submit the issue of his liability to third persons to the Protest Committee for resolution. (Exh. A).

There is not identicality of issues in the earlier and later proceedings. The issue in this action is whether the defendants and third party defendant were negligent and breached contractual duties to the plaintiffs. As stated earlier, the issue in the Protest Committee hearing was whether SIRENA violated a racing rule and should be

disqualified. The issue of fault and responsibility for damages was not submitted to the Committee by Tripp or the parties to the hearing. Finally, there is not identicality of parties. Tripp was not allowed to participate in the protest hearing as a party and could not protect his interests. No other party in that proceeding had an interest identical to his. In fact, in this litigation the co-defendants, Loeb and Blad, have filed a crossclaim against him. Accordingly, res judicata cannot apply to impose liability on defendant Tripp.

e.) The Racing Rules do not permit a Protest Committee to determine liability for damages.

No doubt, Mr. Tripp, in participating in the race as a competitor, did agree to be bound by the rules that applied to him. However, those rules along with the U.S. Prescriptions provided that his liability for any damages, including personal injury, would not be decided by the Protest Committee. Part (b) of the Prescriptions to Rule 68 specifically states that a Protest Committee shall not adjudicate any claim for damages. (Exh. A, attachment, pp. 26, 27). Again, this provision did not exist in JUNO. A reasonable interpretation of the rule is that the Committee could make no determination as to liability for personal injury to others. At least, therefore, a question of fact exists as to the interpretation and effect of that prescription and the scope of any contract boats or persons may have agreed upon by participating in the race. If Tripp is bound by the rules, it is reasonable to conclude his understanding would be that the Committee could not determine his future liability. In point of fact, he certainly did not understand that the Committee would be deciding his liabililty to third persons for personal injuries.

(Exh. A). The same questions exist as to what the plaintiffs agreed to. As stated by the court in JUNO, only matters which are agreed to may be submitted to private resolution. Id at 7. A question of fact does exist as to what Tripp agreed to, if anything.

2. The defendant Tripp did not violate any duty owed to the plaintiffs and is therefore not liable to them.

Since the rule in JUNO does not apply to the facts in this case and the Protest Committee decision is not determinative of the issue of liability, in order for the plaintiffs to recover, they must show defendant Tripp violated a duty owed to them and as a result they suffered injuries.

The amended complaint alleges breach of contract and negligence. The breach of contract claims are based upon JUNO, supra, and, therefore, the plaintiffs are not entitled to summary judgment on those counts. They must therefore rely upon the negligence counts. They have submitted no evidence in the motion for summary judgment to establish an entitlement to summary judgment on that ground.

The burden on a plaintiff to prevail under general maritime law in a negligence action is to establish a duty, a breach of the duty, causation, and damages. Naglieri v. Bay, 93 F.Supp. 2d 170 (D.Conn. 1999). The plaintiffs have not set forth what duty is owed by the defendant Tripp, who was the tactician, not the owner, skipper, or person in charge. His duties were to guide and advise the owner (Loeb), who was the skipper and person in charge. Some examples were to advise the owner as to wind shifts,

courses to marks, positions of other boats on the course, and tactical decisions. The final decision as to what to do, however, rested with the owner. (Exh. C. pp. 39, 40).

Additionally, there is insufficient evidence presented by the plaintiffs that Mr. Tripp breached any duty. Even if the duty were one of reasonable care, there are questions of fact as to whether he violated any such duty and whether the co-defendants and third party defendant also breached such a duty. The two boats were sailing toward the mark. SFORZANDO was on starboard tack and was the right of way boat. SIRENA was on a port tack. Some distance away, about one minute before the collision, Tripp couldn't tell if SIRENA would be able to pass in front of SFORZANDO. He kept watching and when the boats were much closer, he observed SFORZANDO turn slightly to its right. He realized that SIRENA could not cross in front and told Loeb to turn down, to the right. Prior to this he had warned Loeb SIRENA might not be able to cross and to be prepared to turn. (Exh. C, pp. 49-58). Loeb refused to turn and Mr. Tripp therefore told him again to turn. He refused a second time. Tripp then took the wheel and turned SIRENA down to the right. He did so to avoid a collision, not cause one. (Exh. C, pp. 59-60). Had Loeb turned either time when told by Tripp, the SIRENA would have passed safely behind SFORZANDO and the collision would not have occurred. (Exh. C, pp. 59-60). Once SIRENA turned, however, the third party defendant turned his boat down to its left directly towards SIRENA and continued the turn. (Exh. C, p. 61). This action by the third party defendant made the collision inevitable. Had Brown held his course and not turned his boat down to the left, SIRENA would have passed behind his boat and there would have been no collision.

(Exh. C, pp. 60-61). Tripp in response turned SIRENA down, to its right, one more time to avoid SFORZANDO, and then both he and Loeb turned SIRENA back up, to its left, to try to avoid contact. (Exh. C, pp. 61-64, 66-68). The boats then made contact.

There is evidence that when Brown turned his boat down, he did not see SIRENA. (Exh. C, pp. 113-115). These actions can be considered in violation of the racing rules. Rule 16.1 provided that when a right of way boat alters course, it shall give the other boat (SIRENA) room to keep clear. Rule 16.2 similarly requires that SFORZANDO should have kept clear. (Exh. C. pp. 112-115. Exh. A, Attachment p. 5). Tripp had the right to expect Brown would observe the rule and steer straight. If he had done so, there would have been no collision.

There is adequate evidence in the discovery to date to raise substantial questions of fact as to the conduct of the defendants and third party defendant and accordingly questions of fact as to negligence. Clearly, it can't be said there is no genuine issue of material fact as to whether Tripp was negligent. There is substantial evidence he was not.

Interestingly, there is support for applying a lesser duty of care in sporting events. *See* Kiley v. Patterson, 763 A.2d 583 (R.I. 2000). Participants in sporting activities are deemed to assume the ordinary risks inherent in the sport. The court in Naglieri, supra, at 175 also recognized that in some circumstances reasonable care might be a very high degree of care and in other circumstances, it may be something less. Since the incident here occurred during a sailing race, an argument can be made that the duty owed is to refrain from willful or reckless conduct. Kiley v. Patterson, 763

A.2d 583 (R.I. 2000). There is no evidence of any such conduct here on the part of Tripp, nor is there any allegation of willful or reckless conduct.

3. Remaining Issues.

a.) Waiver.

There is evidence in the discovery to date that the plaintiffs may have executed waivers of liability for this race. Each plaintiff was questioned at deposition about it. Mr. Foley indicated that he and the crew may have signed some type of waiver. Mr. Robbins and Ms. O'Donoghue could not remember. (Exh. H, pp. 14, 15; Exh. I, pp. 12; Exh. J, pp. 15, 16).

The existence of such waivers could have an effect on liability issues and the defendant Tripp requests additional time under F.R.C.P. 56 (f) until the completion of discovery to investigate this issue. For that reason, it is requested summary judgment not be granted.

b.) Affirmative defenses.

The plaintiffs have also mentioned in their motion that certain defenses should not apply. The defendant Tripp asserts that there is factual and legal support for the defenses at this stage of the proceedings. Further, discovery is not complete and the defendant requests sufficient time under F.R.C.P. 56(f) to complete necessary discovery.

As to assumption of the risk, Rule 68 indicates a "boat" shall not be governed by the doctrine of assumption of the risk. (Exh. A, Attachment pp. 26, 27). Plaintiffs are not the "boat". Tripp is not the "boat". Further, the legal duty owed, described in

Kiley, does contain reference to assumption of certain risks including negligent acts. Defendant submits that the application of assumption of the risk should be determined at or just before trial when discovery is complete. It requires the interpretation of the racing rules and a determination of legal duty owed. Questions of fact exist as to each including whether that rule applies to Tripp and the plaintiffs and the factual analysis of what the plaintiffs expected and understood about the potential harm in racing.

Mitigation of injuries is still an issue to be more fully explored in discovery. While all plaintiffs have been deposed, not all medical records and employment records have been obtained. Expert interrogatory questions in regard to injuries and medical treatment have not been provided primarily because discovery to date has centered so much on liability issues. While there is evidence of injury, a thorough determination of mitigation cannot be made until medical discovery is completed. Again, defendant Tripp, in reliance on F.R.C.P 56(f), requests no judgment be entered at this time as to this defense.

Contribution and indemnity are issues raised by the third-party complaint and are not part of the plaintiffs' claim except under F.R.C.P. 14(c). The arguments relating to the third-party action are contained in defendant Tripp's memorandum in opposition to the motion for summary judgment of the third-party defendant. The arguments against the application of JUNO are set forth above.

Similarly, the issues as to the application of Rhode Island law are discussed above and in the opposition to the third-party defendant's motion for summary

judgment. JUNO is not applicable and therefore fault has not been determined. It is also important to note that the plaintiffs have asserted both admiralty jurisdiction and diversity jurisdiction in their complaint.

4. Arguments of co-defendants Steven Loeb and Blad Co.

To the extent applicable and supportive of defendant Tripp's objection to the motion for summary judgment, Tripp adopts and incorporates in this memorandum the arguments of the co-defendants. This is being done with the consent of counsel for the co-defendants.

## IV. CONCLUSION

For the reasons stated, the defendant Tripp submits that the plaintiffs' motion for summary judgment should be denied.

/s/ THOMAS C. PLUNKETT

Thomas C. Plunkett (1662)
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903
(401) 831-2900
(401) 331-7123 FAX
E-MAIL: **tplunkett@kprlaw.com**

/s/ Cary R. Wiener, Esq.

DeORCHIS WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802

CERTIFICATION

I hereby certify that I have electronically filed the above document and it is available for viewing and downloading from the ECF system

**Notice will be electronically mailed to:**

Charles A. Cook cook@morrisonmahoney.com;

William E. O'Gara wogara@pld-law.com

Seth S. Holbrook Holbrook_murphy@msn.com

Dated: April 23, 2007 /s/ THOMAS C. PLUNKETT

**DEFENDANT WILLIAM TRIPP'S EXHIBIT LIST**

A – AFFIDAVIT OF WILLIAM TRIPP

B – AFFIDAVIT OF ROBERT CONNER

C – DEPOSITION OF WILLIAM TRIPP

D – DEPOSITION OF STEVEN M. LOEB

E – DEPOSITION OF BLAIR BROWN

F – DEPOSITION OF JOHN SLATTERY

G – DEPOSITION OF NEW YORK YACHT CLUB

H – DEPOSITION OF JACK FOLEY

I - DEPOSITION OF DAVID ROBBINS

J - DEPOSITION OF MARY O'DONOGHUE

K – RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION BY DEFENDANT BLAD CO.