**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JACK FOLEY, MARY O'DONAGHUE and DAVID ROBBINS<br>Plaintiffs | : | |
| v. | : | **C.A. No.: 06-0053 S-LDA** |
| STEVEN M. LOEB, BLAD CO. KEVIN DAILEY, WILLIAM TRIPP, Individually and D/B/A TRIPP DESIGN NAVAL ARCHITECTURE<br>Defendants | : | |
| v. | : | |
| BLAIR BROWN<br>Third Party Defendant | : | |

**OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, Steven M. Loeb and Blad Co. (collectively the "Loeb Defendants" or "Defendants"), hereby object to the motion for summary judgment filed by the Third-Party Defendant, Blair Brown (the "Third-Party Defendant"). To support this objection, the Loeb Defendants submit the accompanying memorandum of law setting forth the legal basis for denying the Third-Party Defendant's motion.

Respectfully submitted,

By their attorneys
STEVEN M. LOEB and BLAD CO.

s/ John P. Walsh

William E. O'Gara (#4257)
John P. Walsh (#6709)
Pannone Lopes & Devereaux LLC
1800 One Financial Plaza
Providence, RI 02903
(401) 824-5100 (telephone)
(401) 824-5123 (fax)

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within was sent on the 24th day of April, 2007 to:

Brian P. Heermance, Esq.
Morrison Mahoney, LLP
17 State Street
New York, NY 10004

Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903-1358

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway
New York, NY 10006

Charles A. Cook, Esq.
Morrison Mahoney Miller, LLP
250 Summer Street
Boston, MA 02210-1134

Seth Holbrook, Esq.
Holbrook & Murphy
15 Broad Street
Suite 900
Boston, MA 02109

**/s/ John P. Walsh**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JACK FOLEY, MARY O'DONAGHUE and DAVID ROBBINS<br>Plaintiffs<br><br>v.<br><br>STEVEN M. LOEB, BLAD CO. KEVIN DAILEY, WILLIAM TRIPP, Individually and D/B/A TRIPP DESIGN NAVAL ARCHITECTURE<br>Defendants<br><br>v.<br><br>BLAIR BROWN<br>Third Party Defendant | **C.A. No.: 06-0053 S-LDA** |

**RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**

The Defendants, Steven M. Loeb and Blad Co. (collectively the "Loeb Defendants" or "Defendants"), hereby respond to the statement of undisputed material facts filed by the Third-Party Defendant, Blair Brown (the "Third-Party Defendant) as follows:

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Disputed. According to Defendant Tripp, this statement is incomplete. A more detailed description of Tripp's duties is contained in his deposition testimony.[1]

6. Undisputed.[2]

7. Disputed as to the time reference of 17 seconds.[3]

---

[1] Tripp Deposition, pp. 39-40 (Trippex).
[2] Tripp Depsotion, pp. 51-64.

8. Undisputed.

9. Undisputed.

10. Disputed. While Tripp testified that the collision would have been avoided had Defendant Loeb changed course sooner, this statement assumes that Third-Party Defendant Brown would have remained on course.

11. Disputed. The testimony of Third-Party Defendant Brown is insufficient to establish that the Plaintiffs suffered injuries.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Disputed. The statement offered by Mr. Rose in his affidavit is an opinion; it is not a fact.

19. Disputed. The opinion of Mr. Rose does not establish fact. Also, the testimony of Defendant Tripp does not necessarily support the notion that he was a competitor under the Rules. At one point in his deposition, Defendant Tripp questioned whether he was a competitor.[4]

20. Disputed. It is unclear from this statement who the "them" is referring to. To the extent that the statement asserts that the Defendants are legal "bound" to the Protest Committee's Decision, the statement is disputed.[5]

---

[3] Loeb Deposition, p. 109 (Loebex) ("Q: And that ws aboout 30 seconds before the mark? A: Somewhere in that neighborhood.")

[4] Tripp Deposition, p. 87 (Q.: Were you a competitor in this event? A.: I would like to read somewhere in here a definition of competitor.").

[5] Loeb Affidavit (Loebaffex).

21. Disputed. The Rules provide a procedure for an appropriate party to protest another boat.[6] It is inaccurate to claim that the Rules resolves "disputes concerning violations of the Rules."

22. Disputed. To the extent that this statement implies that the Rules provided for a process for the Plaintiffs to resolve their claims for personal injuries, or a process that binds this Court to adhere to the Protest Committee's Decision, the Defendants dispute this interpretation of the Rules.[7]

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Disputed. The Rules provide for an appeal. It is unclear what this statement means when it states "numerous opportunities to challenge the Decision."

30. Disputed. It is unclear in the statement what the term "these" is referring to.

31. Undisputed.

COUNTERSTATEMENTS

1. Defendant Loeb is familiar with The Racing Rules of Sailing that were in effect during 2002, which include the US Sailing Prescriptions.[8]

2. During the race at issue in the above-captioned matter, it was Defendant Loeb's understanding that the US Sailing Prescriptions were in effect, which would have included the prescriptions to Rule 68.[9]

3. It was Defendant Loeb's understanding that the protest committee's decision was limited to the issue of whether the yacht *Sirena* would be disqualified for violating the Rules. It was not Defendant Loeb's understanding that the protest committee's decision would adjudicate all legal

---

6 Loeb Affidavit, Rule 60-61
7 Loeb Affidavit (Loebaffex).
8 Loeb Affidavit (Loebaffex).
9 Loeb Affidavit (Loebaffex).

liability issues related to any damages or personal injuries resulting from the collision at issue in the above-captioned matter.[10]

4. Because both yachts involved in the collision at issue in the above-captioned matter were unable to continue in the race, Defendant Loeb concluded that it was not important to contest the protest committee's decision.[11]

5. Defendant Loeb does not agree with the protest committee's findings and conclusions made in the protest at issue in the above-captioned matter.[12]

6. There is some testimony that the Plaintiffs in this action may have signed waiver agreements before the race at issue in the above-caption matter.[13]

7. Jack Slattery testified during his deposition about the waiver: "[m]ost crew members have to sign a waiver to participate in the event and I probably would have signed one for [this race]."[14]

8. The parties to this action dispute what happened before the collision and who was responsible for the collision.[15]

9. Third-Party Defendant Brown caused the collision when he turned off course.[16]

10. When the Defendants realized that their boat would not reach the maker before the Plaintiffs boat, it turned off course to "duck-in" behind the Plaintiffs' boat.[17]

11. After the Defendants' Boat changed course, the Plaintiffs' Boat changed course even though they had the right of way.[18]

12. If the Plaintiffs' Boat had stayed on course, the collision would have been avoided because the Defendants' Boat would have successfully "ducked-in" behind the Plaintiffs' Boat.[19]

13. The parties dispute the degree of the turn that Third-Party Defendant Brown made when he changed course: crew members on the Plaintiffs' Boat and Brown testify that it was 10°, while the Defendants contend it closer to 40°.[20]

14. Jack Slattery filed the petition with the protest committee.

15. Jack Slattery did not include Third-Party Defendant Brown, the owner and skipper of the Plaintiffs' Boat, in the protest process because he was concerned that Brown would confuse the

---

10 Loeb Affidavit (Loebaffex).
11 Loeb Affidavit (Loebaffex).
12 Loeb Affidavit (Loebaffex).
13 Slattery Deposition, pp. 11-12 (slatex).
14 Slattery Deposition, p.11 (slatex).
15 Compare Tripp Deposition, p.61, 56-62 (generally) (trippex) with Slattery Deposition, p. 90 (slatex).
16 Tripp Deposition, p. 61, 56-62 (generally) (trippex).
17 Tripp Deposition, p. 60-62 (Trippex).
18 Tripp Deposition, p. 56-57, 61 (Trippex).
19 Tripp Deposition, p. 61 (Tripp testified that he '[would have passed Plaintiffs' Boat] **with certainty**") (trippex).
20 Compare Loeb Depsotion, pp. 100-101 (loebex) with Slattery Depotion, p. 34 (slatex).

issues: "I always find that when more than one party on a boat goes into a protest meeting, the stories get confused. So, I always do it by myself."[21]

16. Jack Slattery also admitted during his deposition that he provided an inaccurate diagram concerning the collision to the protest committee.[22]

21 Slattery Deposition, p. 41 (slatex).

22 Slattery Deposition, p. 84 (slatex).

Respectfully submitted,

By their attorneys
STEVEN M. LOEB and BLAD CO.

/s/John P. Walsh

William E. O'Gara (#4257)
John P. Walsh (#6709)
Pannone Lopes & Devereaux LLC
1800 One Financial Plaza
Providence, RI 02903
(401) 824-5100 (telephone)
(401) 824-5123 (fax)

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within was sent on the 24th day of April, 2007 to:

Brian P. Heermance, Esq.
Morrison Mahoney, LLP
17 State Street
New York, NY 10004

Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903-1358

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway
New York, NY 10006

Charles A. Cook, Esq.
Morrison Mahoney Miller, LLP
250 Summer Street
Boston, MA 02210-1134

Seth Holbrook, Esq.
Holbrook & Murphy
15 Broad Street
Suite 900
Boston, MA 02109

**/s/ John P. Walsh**

Respectfully submitted,

By their attorneys
STEVEN M. LOEB and BLAD CO.

/s/ John P. Walsh

William E. O'Gara (#4257)
John P. Walsh (#6709)
Pannone Lopes & Devereaux LLC
1800 One Financial Plaza
Providence, RI 02903
(401) 824-5100 (telephone)
(401) 824-5123 (fax)

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within was sent on the 24th day of April, 2007 to:

Brian P. Heermance, Esq.
Morrison Mahoney, LLP
17 State Street
New York, NY 10004

Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903-1358

Thomas C. Plunkett, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street

Providence, RI 02903

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
61 Broadway
New York, NY 10006

Charles A. Cook, Esq.
Morrison Mahoney Miller, LLP
250 Summer Street
Boston, MA 02210-1134

Seth Holbrook, Esq.
Holbrook & Murphy
15 Broad Street
Suite 900
Boston, MA 02109

**/s/ John P. Walsh**