**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO:06-0053 S-LDA**

**JACK FOLEY, MARY O'DONAGHUE**
**and DAVID ROBBINS,**
**Plaintiffs**
**VS.**

**STEVEN M. LOEB, BLAD CO.**
**KEVIN DAILEY, WILLIAM TRIPP,**
**Individually and D/B/A TRIPP**
**DESIGN NAVAL ARCHITECTURE,**
**Defendants**
**VS.**

**BLAIR BROWN,**
**Third Party Defendant**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE JURY TRIAL CLAIM**

Now come the defendants, Steven M. Loeb, Blad Co. and William Tripp, Individually and d/b/a Tripp Design Naval Architecture, by their attorneys, and submit their Memorandum of Law in Support of Their Motion to Strike Jury Trial Claim.

## I. INTRODUCTION

This matter involves three (3) personal injury actions brought as a result of a collision during a New York Yacht Club Race off Newport, Rhode Island on July 14, 2002. The plaintiffs and third-party defendant claim admiralty jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

## II. FACT

The plaintiffs, Jack Foley, Mary O'Donaghue and David Robbins, were members of the crew of the S/V SFORZANDO, owned and operated by third-party defendant, Blair Brown.

Plaintiffs, Jack Foley and Mary O'Donaghue, are residents of Massachusetts. Plaintiff, David Robbins, is formerly a resident of Massachusetts, now residing in Texas. See paragraphs 4, 5 and 6 of Plaintiffs' Amended Complaint.

Defendant, Blad Co., is the owner of the S/V SIRENA, a 43 foot sloop. Blad Co. is a Delaware corporation. Defendant, Steven M. Loeb, is a Connecticut resident and the principal officer of Blad Co. See paragraphs 7 and 8 of Plaintiffs' Amended Complaint.

Defendant, William Tripp, was the tactician on the S/V SIRENA on July 14, 2002. He is a Connecticut resident. See paragraph 9 of Plaintiffs' Amended Complaint.

Third-party defendant, Blair Brown, is the owner of the S/V SFORZANDO a 45 foot sloop. He is a Massachusetts resident.

Plaintiffs maintain they were injured in a collision between the S/V SFORZANDO and S/V SIRENA during a New York Yacht Club Race on July 14, 2002 off Newport, Rhode Island in navigable waters of the State of Rhode Island.

**III. PLEADINGS**

Plaintiffs, Jack Foley, Mary O'Donaghue and David Robbins, filed suit in the United States District Court for the Eastern District of New York. In an Amended Complaint was filed on September 20, 2005. A copy of the Amended Complaint is attached hereto as Exhibit "1". Paragraph One of the Amended Complaint indicates as follows:

> This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty and maritime claim **within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.**

Paragraph Three of the Amended Complaint additionally maintains:

> This Court has jurisdiction over the instant action pursuant 28 U.S.C.S. §1333, as will more fully appear due to the nature of the controversy.

The Amended Complaint also contains a claim for jury trial as to all issues **so triable.**

Defendants, Steven M. Loeb and Blad Co., filed an Amended Answer to the Amended Complaint on January 4,

2006. The Sixth Affirmative Defense raised by the defendants was that this action is governed by maritime law because the alleged incident occurred in navigable waters. Additionally, the defendants raised a Cross-Claim against William Tripp, Individually and d/b/a Tripp Design Naval Architecture. The Cross-Claim indicated that "This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) and 14(c) of the Federal Rules of Civil Procedure." Defendants also raised a claim for jury trial, but now waive same. A copy of the Amended Answer to the Amended Complaint is attached hereto as Exhibit "2".

The defendant, William Tripp, Individually and d/b/a Tripp Design Naval Architecture, filed a Third-Party Complaint against third-party defendant, Blair Brown. The Third-Party Complaint indicated in Paragraph One that "This is a case of admiralty and maritime jurisdiction within the meaning of F.R.C.P. 9(h) and 14(c). The claim further maintains at Paragraph Two that "This court has jurisdiction pursuant to 28 USC §1333". The Third-Party Complaint also has a claim for jury trial. A copy of the Third-Party Complaint is attached hereto as Exhibit "3".

The defendants, Steven M. Loeb and Blad Co., also brought a Third-Party Complaint against third-party defendant, Blair Brown. This Third-Party Complaint did not contain a request a for jury trial. A copy of the Third-Party Complaint of Steven M. Loeb and Blad Co. is attached hereto as Exhibit “4”. Third-Party Defendant, Blair Brown, did not request a jury trial in his Answer to the Third-Party Complaint. See Exhibit “5”.

**IV. DISCUSSION**

This matter involves a personal injury action brought by members of the crew of the S/V SFORZANDO as a result of a collision. According to the Amended Complaint, plaintiffs are all Massachusetts residents.[1]

There is diversity of jurisdiction between all the plaintiffs and the defendants. Steven M. Loeb is a Connecticut resident. Blad Co. is a Delaware corporation. William Tripp is a Connecticut resident.

The same is true as to the Third-Party Complaints. Steven M. Loeb and Blad Co. have brought a third-party action against third-party defendant, Blair Brown. Mr. Brown is a resident of Massachusetts and, as previously indicated, Steven M. Loeb is a Connecticut resident and

[1] Upon information and belief, David Robbins now lives in Texas. This change is irrelevant to the outcome in this matter.

Blad Co. is a New York corporation. Additionally, William Tripp has brought a third-party action against Blair Brown. Mr. Tripp is also a Connecticut resident. Thus, as to the two Third-Party Complaints there is also complete diversity.

**A. Amended Complaint**

Plaintiffs Amended Complaint clearly raised Rule 9(h) of the Federal Rules of Civil Procedure. Thus, there are two bases for jurisdiction. First, there is complete diversity and second, there is admiralty jurisdiction.

Similar issues arose in *Concordia Co., Inc. v. Panek,* 115 F.3rd 67 (1st First 1997). There, the plaintiff brought his claim in admiralty and the defendant's Counterclaim involved admiralty and non-admiralty claims. The court therein noted:

> Where claims are cognizable either in admiralty or in a nonmaritime ground of federal jurisdiction, Rule 9(h) sets forth the procedure by which a plaintiff indicates his choice to proceed in admiralty for a saving-clause claim in Federal Court. Fed.R.Civ.P. 9 advisory committee note; *see generally* Woodhouse [comment *Powell v. Offshore Navigation, Inc.*: *Jurisdiction Over Admiralty Claims and the Right to Trial by Jury,* 82 Colum. L.Rev. 784] noting that at the unification of admiralty and civil procedure rules in 1966, the "savings clause option to choose whether to proceed in admiralty or diversity has been retained in Rule 9(h), which permits the suitor to identify his

> claim as an admiralty claim in order to admiralty procedures applied"…
>
> "The impact of the 9(h) election is that all claims are tried by the court, rather than the jury." (citations omitted). *See also Greg vs. Atlantic Richfield Co.*, 19 F. 3rd 472 (9th Cir. 1994).

Therefore, even though there is an alternate basis for jurisdiction, which would be at law and allow for a jury trial, plaintiff has elected to proceed in admiralty by designating this matter as an admiralty claim under Rule 9(h) of the Federal Rules of Civil Procedure. <u>As such, the matter must proceed non-jury.</u>

**B. Third-Party Complaint**

The same is true of the Third-Party Complaint. The Third-Party Complaint brought by Steven M. Loeb and Blad Co. did not have a claim for jury trial. The Third-Party Complaint brought by William Tripp also raised Rule 9(h) of the Federal Rules of Civil Procedure. In fact, the Third-Party Complaint brought by William Tripp did not even allege diversity jurisdiction. It only alleged jurisdiction in admiralty. The normal rule is that there is no right to jury trial in actions brought in admiralty. *United States v. La Vengeance*, 3 US 297 (1796).

**V. CONCLUSION**

**WHEREFORE**, the defendants pray this Honorable Court strike the jury claim in this matter.

Respectfully submitted,
By their attorneys,

_"/S/Robert E. Collins"

Robert E. Collins (#2951)
Clinton & Muzyka, P.C.
One Washington Mall
Boston, MA 02108
Tel: (617) 723-9165
Fax: (617) 720-3489

**CERTIFICATION**

The undersigned hereby certifies that I have electronically filed the above document on the 31st day of March, 2008.

Notice will be electronically mailed to:

Thomas C. Plunkett, Esq. tplunkett@kprlaw.com

Charles A. Cook, Esq. cook@morrisonmahoney.com
smorriso@morrisonmahoney.com
gnotis@morrisonmahoney.com
jgraceffa@mmorrisonmahoney.com

Seth Holbrook, Esq. Holbrook_murphy@msn.com

Cary R. Wiener, Esq. cwiener@marinelex.com

_"/S/Robert E. Collins"_