**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE )
AND DAVID ROBBINS )
Plaintiffs, )
v. )

STEVEN M. LOEB, )
BLAD CO. AND WILLIAM TRIPP, )
Individually and d/b/a TRIPP DESIGN )
NAVAL ARCHITECTURE )
Defendants, )
v. )

BLAIR BROWN, )
Third-Party Defendant. )

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY TRIAL CLAIM, PLAINTIFFS' COUNTERMOTION TO AMEND COMPLAINT, and MEMORANDUM IN SUPPORT**

## A. Opposition and Countermotion

Now come the plaintiffs, Jack Foley, Mary O'Donaghue, and David Robbins (collectively, "Plaintiffs"), by their counsel, and oppose the defendants', Steven M. Loeb, Blad Co., and William Tripp, individually and d/b/a Tripp Design Naval Architecture (collectively, "Defendants"), Motion to Strike Jury Trial Claim filed on March 31, 2008 ("Motion to Strike"). Plaintiffs further countermove this Honorable Court grant Plaintiffs leave to amend their Amended Complaint and Jury Demand pursuant to Federal Rule of Civil Procedure 15(a)(2).

In summary, Defendants' Motion to Strike should be denied and Plaintiffs should be allowed to amend their Amended Complaint and Jury Demand to eradicate any

confusion because:

1. Plaintiffs' Complaint, Civil Cover Sheet, and Amended Complaint clearly indicate Plaintiffs' intent and desire to proceed with a jury trial of their claims;

2. The ambiguity asserted by Defendants should be resolved in favor of preserving Plaintiffs' right to a jury trial granted by the Seventh Amendment to the United States Constitution;

3. Defendants cannot unilaterally withdraw their demand for a jury trial where other parties may have relied on Defendants' demand; and

4. As this case has been considered a jury trial matter for almost three years and as the parties (and this Honorable Court) have been functioning during this time under the belief that the case would be tried before a jury, the parties are not prejudiced by allowing Plaintiffs to amend their Amended Complaint and proceed before a jury, but prejudice will likely result if the right to a trial by jury is suddenly denied.

**B. <u>Memorandum In Support</u>**

Plaintiffs filed their Complaint and Jury Demand with the United States District Court, Eastern District of New York on July 8, 2005.[1] Paragraphs 2 and 3 of the Complaint and Jury Demand allege that jurisdiction exists pursuant to 28 U.S.C.S. § 1332 (diversity) and 28 U.S.C.S. § 1333 (admiralty). The Civil Cover Sheet filed with the Complaint and Jury Demand reflects diversity jurisdiction as the basis for jurisdiction in section II, sets forth the citizenship of the principal parties in section III for purposes of claiming diversity jurisdiction, categorizes the nature of the suit in section IV as "marine," cites 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1333 in section VI entitled Cause of Action, and in section VII notes the amount in controversy is in excess of $75,000.00 per plaintiff and that a jury demand is made. *See Civil Cover Sheet, attached hereto as Exhibit 1.* An Amended Complaint and Jury Demand was filed by Plaintiffs on September 21, 2005 to name an additional defendant. The remaining allegations did not

[1] The case was transferred to this Honorable Court on or about January 30, 2006.

change. The pleadings relevant to the instant motion are summarized below.

| Document Title | Date Filed | Filing Party | Jury Trial Demand? |
|---|---|---|---|
| Amended Complaint | September 21, 2005 | Plaintiffs | Yes |
| Amended Answer to Amended Complaint and Cross-Claim (against Tripp) | January 4, 2006 | Defendants Steven M. Loeb and Blad Co. | Yes |
| Answer to Plaintiffs' Amended Complaint and Cross-Claim (against Loeb and Blad Co.) | March 10, 2006 | Defendant William Tripp, individually and d/b/a Tripp Design Naval Architecture | Yes |
| Answer to Defendants Loeb and Blad Co.'s Cross-Claim | March 10, 2006 | Defendant Tripp | No |
| Third Party Complaint (against Brown) | April 3, 2006 | Defendant Tripp | Yes |
| Third Party Complaint (against Brown) | May 19, 2006 | Defendants Loeb and Blad Co. | No |
| Answers to Third Party Complaints | September 25, 2006 | Third Party Defendant Blair Brown | No |

Based upon the allegations of citizenship and amount in controversy, reference to 28 U.S.C.S. § 1332, the demand for a jury trial, and the contents of the Civil Cover Sheet, it is clear that Plaintiffs intended to file under diversity jurisdiction. The inclusion of references to Rule 9(h) and 28 U.S.C.S. § 1333 was not intended to prevent Plaintiffs from presenting their claims to a jury, but was intended to notify the Honorable Court that maritime law may apply as the case involves a collision at sea. This intent to notify is confirmed by the description of the "Nature of Suit" as "marine" in section IV of the Civil Cover Sheet. *See Ex. A.*

By their Motion to Strike, Defendants attempt to withdraw their previous demands for jury trial, but this is impossible. Any withdrawal of a demand for jury trial must be by the consent of the parties; it is not an action that may be accomplished unilaterally. *See F.R.C.P. 38(d).* Where at least one Third Party Complaint contained a demand for jury trial and neither of the Third Party Defendant's Answers contained a

demand for jury trial, it is possible the Third Party Defendant relied upon the demand for jury trial contained within the Third Party Complaint or within Plaintiffs' Amended Complaint.

It was an error in drafting that created this asserted ambiguity and Plaintiffs submit it is harmless to allow Plaintiffs to amend their Amended Complaint to remove this ambiguity. Leave to amend is to be freely granted "when justice so requires." F.R.C.P. 15(a)(2). Leave may be denied where amendment would be futile or would reward, *inter alia*, undue or intended delay. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Amendment of Plaintiffs' Amended Complaint would not be futile where a constitutional right would be protected. Plaintiffs have not sought to delay these proceedings by moving to amend their Amended Complaint at this time and moved to amend as soon as the ambiguity in the Amended Complaint was asserted by Defendants. These proceedings will not be delayed if leave to amend is granted where the parties have been operating under the belief that this case would be tried before a jury. Finally, by amending their Amended Complaint, Plaintiffs do not seek to make substantive changes to the allegations or to add additional parties. Furthermore, no additional discovery will be necessary as a result of Plaintiffs' amendments. Leave to amend is appropriate and should be granted.

As required by Local Rule 15 of the United States District Court for the District of Rhode Island, Plaintiffs have attached to this Opposition and Motion their proposed Second Amended Complaint. *See Exhibit 1 attached hereto.* Also attached is a marked-up version showing the exact changes Plaintiffs made to the Amended Complaint. *See Exhibit 2 attached hereto.* The proposed Second Amended Complaint differs from the

Amended Complaint as follows:

1. Paragraph 1 of the Amended Complaint is deleted in the Second Amended Complaint and the paragraph numbers of the Second Amended Complaint are changed to accommodate the deletion;

2. Reference to 28 U.S.C.S. § 1333 in paragraph 2 of the Amended Complaint is deleted in the Second Amended Complaint;

3. Language is added to paragraph 2 of the Amended Complaint so that the end of the corresponding paragraph in the Second Amended Complaint now states, "…and the amount in controversy, which exceeds $75,000.00 (seventy-five thousand dollars)."

4. Paragraph 3 of the Amended Complaint is deleted in the Second Amended Complaint and the paragraph numbers of the Second Amended Complaint are changed to accommodate the deletion; and

5. A new paragraph (paragraph 53) is added to the Second Amended Complaint, which clarifies Plaintiffs' claim of damages in an amount that exceeds $75,000.00 (seventy-five thousand dollars), and the paragraph numbers of the Second Amended Complaint are changed to accommodate the addition.

These amendments are necessary for the reasons set forth in this memorandum in support.

C. **<u>Conclusion</u>**

Plaintiffs intended to file their Complaint and Amended Complaint based upon diversity jurisdiction and should be allowed to resolve the ambiguity asserted by Defendants. The attached proposed Second Amended Complaint clarifies Plaintiffs' intention and desire to have their common law claims tried before a jury. Leave to amend should be granted to protect the Seventh Amendment rights of, and avoid any prejudice to, Plaintiffs and other parties relying on demands for jury trial submitted by Plaintiffs and Defendants in this case.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendants' Motion to Strike Jury Trial Claim and grant Plaintiffs' Countermotion to Amend Complaint.

Dated: April 18, 2008

Respectfully submitted,
JACK FOLEY, MARY O'DONOGHUE, AND DAVID ROBBINS
By their Attorneys,
MORRISON MAHONEY LLP

*/s/ Charles A. Cook*

Charles A. Cook, BBO# 097580
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

**CERTIFICATE OF COMPLIANCE**

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on April 18, 2008.

*/s/ Charles A. Cook*