# EXHIBIT 1
# (Part 1 of 3)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS )
Plaintiffs, )
v. )

STEVEN M. LOEB, )
BLAD CO. AND WILLIAM TRIPP, )
Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE )
Defendants, )
v. )

BLAIR BROWN, )
Third-Party Defendant. )

## SECOND AMENDED COMPLAINT AND JURY DEMAND

## PARTIES

1. This Court has jurisdiction over the instant action pursuant to 28 U.S.C.S. § 1332, as will more fully appear, due to the diversity of the citizenship of the parties and the amount in controversy, which exceeds $75,000.00 (seventy-five thousand dollars).

2. The plaintiff, Jack Foley, is an individual residing at 25 Irving Road, Scituate, Massachusetts.

3. The plaintiff, Mary O'Donoghue, is an individual residing at 68 I Street, South Boston, Massachusetts.

4. The plaintiff, David Robbins, is an individual residing at 66 Columbia Street, Brookline, Massachusetts.

5. The defendant, Blad Co., Inc. (hereinafter "Blad Co."), is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

6. The defendant, Steven M. Loeb, is an individual residing at 2241 Shippan Avenue, Stamford, Connecticut. Steven M. Loeb is licensed to practice law within the State of New York, and maintains an office at 1 Liberty Plaza, 41st Street, New York City, New York.

7. The defendant, William Tripp, is an individual who does business as Tripp Design Naval Architecture, (hereinafter "William Tripp") located at 144 Water Street, South Norwalk, Connecticut.

8. Blad Co maintains an office at 1 Liberty Plaza, 41st Street, New York City, New York.

9. Steven M. Loeb conducts business on behalf of Blad Co. at 1 Liberty Plaza, 41st Street, New York City, New York.

10. William Tripp is a member of the New York Yacht Club. New York Yacht Club is a New York Corporation with an office located at 44th Street , New York City, New York. William Tripp regularly competes in sailboat races as a representative of New York Yacht Club.

11. William Trip regularly competes in sailing events in the waters of Nassau and Suffolk Counties, within the State of New York.

12. Steven M. Loeb regularly sails and competes in sailing events in the waters of Nassau and Suffolk Counties within the State of New York.

13. Steven M. Loeb and Blad Co. regularly operate the sailing vessel Sirena in the waters of Nassau and Suffolk Counties within the State of New York.

14. The defendant, Kevin Dailey, is a yacht broker, with an office at Brewer Yacht Haven, Stamford, Connecticut.

15. Kevin Dailey regularly conducts business within the State of New York.

16. At all relevant times, Kevin Dailey was a sail maker for North Sails, with an office at 135 West Shore Drive, Huntington, New York.

17. At all relevant times, Kevin Dailey managed the sail program for the sailing vessel Sirena, and otherwise participated in the management and operation of the sailing vessel Sirena.

18. Kevin Dailey regularly sails and competes in sailing events in the waters of Nassau and Suffolk Counties within the State of New York.

**FACTS**

19. At all relevant times, the defendant, Steven M. Loeb, was the sole owner of all capital stock of Blad Co, and exercised control and all incidents of ownership over the sailing vessel, Sirena.

20. Upon information and belief, the defendant, Steven M. Loeb, was at all relevant times the sole officer and director of Blad Co.

21. At all relevant times, the defendant, Blad Co., owned, managed, operated and otherwise controlled the sailing vessel, Sirena.

22. Upon information and belief, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets.

23. Upon information and belief, the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.

24. Upon information and belief, the officers and directors of the defendant, Blad Co., were non-functioning.

25. Upon information and belief, the defendant, Blad Co., was used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

26. The defendant, William Tripp, is a naval architect who designs custom built racing sailboats.

27. William Tripp's design of custom built racing sailboats is a significant factor in the growth, productivity and profitability of Tripp Design Naval Architecture.

28. The performance of custom built racing sailboats designed by William Tripp is a significant factor in the growth, productivity and profitability of Tripp Design Naval Architecture.

29. The performance of custom built racing sailboats designed by the defendant, William Tripp, is and has been advertised by Tripp Design Naval Architecture.

30. William Tripp has a significant financial incentive and commercial interest in the racing performance of custom built racing sailboats of his design.

31. Sirena is a custom built racing sailboat designed by Tripp Design Naval Architecture.

32. At all times relevant, William Tripp and Tripp Design Naval Architecture had a significant commercial interest in the racing performance of Sirena.

33. William Tripp and Tripp Design Naval Architecture advertise the racing successes of Sirena.

34. At all times relevant, Kevin Dailey had a significant commercial interest in the racing performance of Sirena.

35. In July 2002, Sirena was competing in a regatta conducted by the New York Yacht Club, in Narragansett Bay, Rhode Island within navigable waters of the United States (hereinafter the "Regatta").

36. At all relevant times, the sailing vessel Sforzando was competing in the Regatta.

37. Sirena and Sforzando competed in Race Number Three of the Regatta on July 14, 2002 (hereinafter the "Race").

38. The plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, were crew members aboard Sforzando during the Race.

39. The defendant, Steven M. Loeb, was managing, operating and controlling Sirena as its skipper during the Race.

40. The defendant, William Tripp, was the tactician aboard Sirena during the Race. As tactician, William Tripp was responsible for making strategic decisions concerning the maneuvering and positioning of Sirena with respect to other vessels competing in the Race.

41. The defendant, Kevin Dailey, was aboard Sirena during the Race. Kevin Dailey was responsible for the management of Sirena's sails.

42. The Race was governed by the International Rules of Sailing for 2001-2004, the Prescriptions of US SAILING, a Notice of Race and the Sailing Instructions for the Race (collectively, the "Rules").

43. The Rules constituted a private contract between the participants in the Regatta, including plaintiffs, Jack Foley, Mary O'Donoghue and David Robbins, and the defendants, Steven M. Loeb, Blad Co., William Tripp and Kevin Dailey, requiring their compliance therewith.

44. At all relevant times, during the Race, Sforzando was on starboard tack, and Sirena was on port tack.

45. As the vessels approached the windward mark, Sforzando was on the starboard layline and Sirena was on a port layline.

46. As the vessels neared the windward mark, Sirena attempted to cross in front of Sforzando. On information and belief, this maneuver was made by the defendants in an effort to gain an advantage over Sforzando.

47. Sforzando had the right of way and Sirena was required to keep clear of Sforzando.

48. As the vessels neared the windward mark, Steven M. Loeb, with the assistance and direction of the defendants, William Tripp and Kevin Dailey, altered Sirena's course, causing the vessels to be on a collision course, bow to bow, at a closing speed of approximately 15 knots.

49. As a direct result of the actions of the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, Sirena and Sforzando forcefully impacted on their respective starboard sides.

50. As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiff, Jack Foley, sustained severe personal injuries.

51. As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiff, Mary O'Donoghue, sustained severe personal injuries.

52. As a direct result of the collision caused by the defendants, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiff, David Robbins, sustained severe personal injuries.

53. As a direct result of the collision caused by the defendants, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, the plaintiffs, Jack Foley, Mary

O'Donoghue, and David Robbins, sustained damages in an amount that exceeds $75,000.00 (seventh-five thousand dollars).

54. As a direct result of the collision caused by the defendant, Steven M. Loeb, and the defendants, William Tripp and Kevin Dailey, Sforzando was forced to immediately withdraw from the Race and obtain medical treatment for its injured crew.

55. The Protest Committee appointed in accordance with the Rules, determined that Sirena violated Rule 10 of the Racing Rules of Sailing causing the collision during which the plaintiffs were injured.

56. As a result of the determination by the Protest Committee of the Regatta, Sirena was disqualified from the Race.

**COUNT I**

**Negligence Against Steven M. Loeb (Jack Foley)**

57. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-56 as if set forth in full herein.

58. At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, Jack Foley, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

59. During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

60. The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

61. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered severe personal injuries.

62. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a permanent impairment.

63. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a loss of wages.

64. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered a loss of earning capacity.

65. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT II**

**Negligence Against Blad Co. (Jack Foley)**

66. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-65 as if set forth in full herein.

67. At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, Jack Foley, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

68. During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and

wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

69. The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

70. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered severe personal injuries.

71. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a loss of wages.

72. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a loss of earning capacity.

73. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered a permanent impairment.

74. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT III**

**Breach of Contract Against Steven M. Loeb (Jack Foley)**

75. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-74 as if set forth in full herein.

76. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

77. By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

78. During the Race, the defendant, Steven M. Loeb, violated the Rules.

79. By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, Jack Foley.

80. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

81. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

82. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

83. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

84. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT IV**

**Breach of Contract Against Blad Co. (Jack Foley)**

85. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-84 as if set forth in full herein.

86. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

87. By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

88. During the Race, the defendant, Blad Co., violated the Rules.

89. By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, Jack Foley.

90. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

91. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

92. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

93. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

94. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity,

lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT V**

**Piercing the Corporate Veil Against Steven M. Loeb (Jack Foley)**

95. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-94 as if set forth in full herein.

96. Upon information and belief, the plaintiff, Jack Foley, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

97. The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

98. As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

99. The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, Jack Foley.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT VI

### Negligence Against William Tripp (Jack Foley)

100. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-99 as if set forth in full herein.

101. At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, Jack Foley, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

102. During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

103. The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

104. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered severe personal injuries.

105. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a permanent impairment.

106. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a loss of wages.

107. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered a loss of earning capacity.

108. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT VII**

**Breach of Contract Against William Tripp (Jack Foley)**

109. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-108 as if set forth in full herein.

110. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

111. By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

112. During the Race, the defendant, William Tripp, violated the Rules.

113. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

114. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

115. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

116. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

117. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT VIII

### Negligence Against Steven M. Loeb (Mary O'Donoghue)

118. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-117 as if set forth in full herein.

119. At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, Mary O'Donoghue, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

120. During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

121. The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.