# EXHIBIT 1

# (Part 2 of 3)

122. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

123. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

124. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

125. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

126. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT IX

## Negligence Against Blad Co. (Mary O'Donoghue)

127. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-126 as if set forth in full herein.

128. At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, Mary O'Donoghue, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

129. During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

130. The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

131. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

132. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a loss of wages.

133. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

134. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

135. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation her for the loss of

earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT X**

**Breach of Contract Against Steven M. Loeb (Mary O'Donoghue)**

136. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-135 as if set forth in full herein.

137. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendants.

138. By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

139. During the Race, the defendant, Steven M. Loeb, violated the Rules.

140. By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, Mary O'Donoghue.

141. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

142. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

143. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

144. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

145. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XI**

**Breach of Contract Against Blad Co. (Mary O'Donoghue)**

146. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-145 as if set forth in full herein.

147. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendants.

148. By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

149. During the Race, the defendant, Blad Co., violated the Rules.

150. By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, Mary O'Donoghue.

151. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

152. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

153. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

154. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

155. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XII**

**Piercing the Corporate Veil Against Steven M. Loeb (Mary O'Donoghue)**

156. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-155 as if set forth in full herein.

157. Upon information and belief, the plaintiff, Mary O'Donoghue, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

158. The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

159. As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the

business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

160. The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, Mary O'Donoghue.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XIII**

**Negligence Against William Tripp (Mary O'Donoghue)**

161. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-160 as if set forth in full herein.

162. At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, Mary O'Donoghue, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

163. During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

164. The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

165. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

166. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

167. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

168. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

169. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XIV**

**Breach of Contract Against William Tripp (Mary O'Donoghue)**

170. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-169 as if set forth in full herein.

171. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendant, William Tripp, requiring their compliance therewith.

172. By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

173. During the Race, the defendant, William Tripp, violated the Rules.

174. By violating the Rules, the defendant, William Tripp, breached the contract with the plaintiff, Mary O'Donoghue.

175. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

176. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

177. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

178. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

179. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XV**

**Negligence Against Steven M. Loeb (David Robbins)**

180. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-179 as if set forth in full herein.

181. At all relevant times, the defendant, Steven M. Loeb, had a duty to the plaintiff, David Robbins, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

182. During the Race, the defendant, Steven M. Loeb, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

183. The defendant, Steven M. Loeb, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

184. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered severe personal injuries.

185. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a permanent impairment.

186. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a loss of wages.

187. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered a loss of earning capacity.

188. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Steven M. Loeb, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XVI**

**Negligence Against Blad Co. (David Robbins)**

189. The plaintiff, David Robbins, repeats and incorporates herein by reference the allegations contained in paragraphs 1-188 as if set forth in full herein.

190. At all relevant times, the defendant, Blad Co., had a duty to the plaintiff, David Robbins, to manage, operate and control Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

191. During the Race, the defendant, Steven M. Loeb, as an agent of the defendant, Blad Co., breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to manage, operate and control Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

192. The defendant, Blad Co., by willfully, knowingly and wantonly allowing its agent, Steven M. Loeb, to breach the duty it owed to the plaintiff, David Robbins, was negligent, reckless and careless.

193. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered severe personal injuries.

194. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered a loss of wages.

195. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered a loss of earning capacity.

196. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co., the plaintiff, David Robbins, suffered severe emotional distress.

197. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Blad Co.,, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XVII**

**Breach of Contract Against Steven M. Loeb (David Robbins)**

198. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-197 as if set forth in full herein.

199. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

200. By entering the Regatta and the Race, the defendant, Steven M. Loeb, agreed to be bound by the Rules.

201. During the Race, the defendant, Steven M. Loeb, violated the Rules.

202. By violating the Rules, the defendant, Steven M. Loeb, breached the contract with the plaintiff, David Robbins.

203. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

204. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

205. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

206. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

207. As a proximate and direct result of the defendant, Steven M. Loeb's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Steven M. Loeb, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XVIII**

**Breach of Contract Against Blad Co. (David Robbins)**

208. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-207 as if set forth in full herein.

209. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

210. By entering the Regatta and the Race, the defendant, Blad Co., agreed to be bound by the Rules.

211. During the Race, the defendant, Blad Co., violated the Rules.

212. By violating the Rules, the defendant, Blad Co., breached the contract with the plaintiff, David Robbins.

213. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

214. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

215. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

216. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

217. As a proximate and direct result of the defendant, Blad Co.'s breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XIX**

**Piercing the Corporate Veil Against Steven M. Loeb (David Robbins)**

218. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-217 as if set forth in full herein.

219. Upon information and belief, the plaintiff, David Robbins, is entitled to pierce the corporate veil of the defendant, Blad Co., for reasons, including but not limited to, the defendant, Steven M. Loeb, confused and intermingled the assets of the defendant, Blad Co., with his personal assets; the defendant, Steven M. Loeb, confused and intermingled his personal activity with the business activity of the defendant, Blad Co.; the officers and directors of the defendant, Blad Co., were non-functioning; and the assets of the defendant, Blad Co., were used for transactions of the sole owner of all capital stock, the defendant, Steven M. Loeb.

220. The defendant, Steven M. Loeb, has engaged in a common enterprise with the defendant, Blad Co., in such a way as to confuse its corporate identity.

221. As a result of the defendant, Steven M. Loeb's confusion and intermingling of the assets of the defendant, Blad Co., with his personal assets, his personal activity with the business activity of the defendant, Blad Co., the non-functioning the officers and directors of the defendant, Blad Co., and use of the assets of the defendant, Blad Co., for his own personal transactions, the defendant, Steven M. Loeb, is liable for the actions, omissions, negligence and breach of contract of the defendant, Blad Co.

222. The confused and intermingled relationship between the defendants, Steven M. Loeb and Blad Co., and the actions described above, have caused and will continue to cause damages and injury to the plaintiff, David Robbins.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendants, Steven M. Loeb and Blad Co., in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XX

## Negligence Against William Tripp (David Robbins)

223. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-222 as if set forth in full herein.

224. At all relevant times, the defendant, William Tripp, had a duty to the plaintiff, David Robbins, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

225. During the Race, the defendant, William Tripp, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

226. The defendant, William Tripp, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

227. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered severe personal injuries.

228. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a permanent impairment.

229. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a loss of wages.

230. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered a loss of earning capacity.