# EXHIBIT 1
# (Part 3 of 3)

231. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, William Tripp, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXI

### Breach of Contract Against William Tripp (David Robbins)

232. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-231 as if set forth in full herein.

233. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

234. By entering the Regatta and the Race, the defendant, William Tripp, agreed to be bound by the Rules.

235. During the Race, the defendant, William Tripp, violated the Rules.

236. By violating the Rules, the defendant, William Tripp, breached the contract with the plaintiff, David Robbins.

237. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

238. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

239. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

240. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

241. As a proximate and direct result of the defendant, William Tripp's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XXII**

**Negligence Against Kevin Dailey (Jack Foley)**

242. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-241 as if set forth in full herein.

243. At all relevant times, the defendant, Kevin Dailey, had a duty to the plaintiff, Jack Foley, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

244. During the Race, the defendant, Kevin Dailey, breached his duty of care to the plaintiff, Jack Foley, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

245. The defendant, Kevin Dailey, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Jack Foley, was negligent, reckless and careless.

246. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered severe personal injuries.

247. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey , the plaintiff, Jack Foley, suffered a permanent impairment.

248. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered a loss of wages.

249. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered a loss of earning capacity.

250. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XXIII**

**Breach of Contract Against Kevin Dailey (Jack Foley)**

251. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-250 as if set forth in full herein.

252. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Jack Foley, and the defendants.

253. By entering the Regatta and the Race, the defendant, Kevin Dailey, agreed to be bound by the Rules.

254. During the Race, the defendant, Kevin Dailey, violated the Rules.

255. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe personal injuries.

256. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a permanent impairment.

257. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of wages.

258. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered a loss of earning capacity.

259. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Jack Foley, suffered severe emotional distress.

WHEREFORE, the plaintiff, Jack Foley, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXIV

## Negligence Against Kevin Dailey (Mary O'Donoghue)

260. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-259 as if set forth in full herein.

261. At all relevant times, the defendant, Kevin Dailey, had a duty to the plaintiff, Mary O'Donoghue, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

262. During the Race, the defendant, Kevin Dailey, breached his duty of care to the plaintiff, Mary O'Donoghue, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

263. The defendant, Kevin Dailey, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, Mary O'Donoghue, was negligent, reckless and careless.

264. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

265. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

266. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

267. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

268. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

## COUNT XXV

### Breach of Contract Against Kevin Dailey (Mary O'Donoghue)

269. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-268 as if set forth in full herein.

270. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, Mary O'Donoghue, and the defendant, Kevin Dailey, requiring their compliance therewith.

271. By entering the Regatta and the Race, the defendant, Kevin Dailey, agreed to be bound by the Rules.

272. During the Race, the defendant, Kevin Dailey, violated the Rules.

273. By violating the Rules, the defendant, Kevin Dailey, breached the contract with the plaintiff, Mary O'Donoghue.

274. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe personal injuries.

275. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of wages.

276. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a loss of earning capacity.

277. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered severe emotional distress.

278. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, Mary O'Donoghue, suffered a permanent impairment.

WHEREFORE, the plaintiff, Mary O'Donoghue, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation her for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XXVI**

**Negligence Against Kevin Dailey (David Robbins)**

279. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-278 as if set forth in full herein.

280. At all relevant times, the defendant, Kevin Dailey, had a duty to the plaintiff, David Robbins, to assist in the direction and maneuvering of Sirena in a reasonably prudent manner in accordance with prudent seamanship and in accordance with the Rules.

281. During the Race, the defendant, Kevin Dailey, breached his duty of care to the plaintiff, David Robbins, by willfully, knowingly and wantonly failing to direct and maneuver Sirena in a reasonably prudent manner, failing to practice prudent seamanship and violating the Rules.

282. The defendant, Kevin Dailey, by willfully, knowingly and wantonly breaching the duty he owed to the plaintiff, David Robbins, was negligent, reckless and careless.

283. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered severe personal injuries.

284. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered a permanent impairment.

285. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered a loss of wages.

286. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered a loss of earning capacity.

287. As a direct and proximate result of the negligence, recklessness and carelessness of the defendant, Kevin Dailey, the plaintiff, David Robbins, suffered severe emotional distress.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, Kevin Dailey, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**COUNT XXVII**

**Breach of Contract Against Kevin Dailey (David Robbins)**

288. The plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1-287 as if set forth in full herein.

289. At all relevant times, the Rules constituted a private contract between the participants of the Regatta and the Race, including plaintiff, David Robbins, and the defendants.

290. By entering the Regatta and the Race, the defendant, Kevin Dailey, agreed to be bound by the Rules.

291. During the Race, the defendant, Kevin Dailey, violated the Rules.

292. By violating the Rules, the defendant, Kevin Dailey, breached the contract with the plaintiff, David Robbins.

293. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe personal injuries.

294. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of wages.

295. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a loss of earning capacity.

296. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered severe emotional distress.

297. As a proximate and direct result of the defendant, Kevin Dailey's, breach of the contract, as set forth above, the plaintiff, David Robbins, suffered a permanent impairment.

WHEREFORE, the plaintiff, David Robbins, demands judgment against the defendant, William Tripp, in an amount which will fully and fairly compensation him for the loss of earning capacity, lost wages, personal injuries and emotional distress, as set forth above together with all damages, interest, attorneys fees and costs allowed by law.

**JURY CLAIM**

THE PLAINTIFFS, JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS, DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Dated: April __, 2008

Respectfully submitted,
JACK FOLEY, MARY O'DONOGHUE, AND
DAVID ROBBINS
By their Attorneys,
MORRISON MAHONEY LLP

______________________________

Charles A. Cook, BBO# 097580
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500