**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

C.A. NO. 06-CV-00053-S-LDA

JACK FOLEY, MARY O'DONOGHUE AND DAVID ROBBINS
Plaintiffs,
v.

STEVEN M. LOEB,
BLAD CO. AND WILLIAM TRIPP,
Individually and d/b/a TRIPP DESIGN NAVAL ARCHITECTURE
Defendants,
v.

BLAIR BROWN,
Third-Party Defendant.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY TRIAL CLAIM AND COUNTERMOTION TO AMEND COMPLAINT**

Now come the plaintiffs, Jack Foley, Mary O'Donaghue, and David Robbins (collectively, "Plaintiffs"), by their counsel, and submit this supplemental memorandum in opposition to the defendants', Steven M. Loeb, Blad Co., and William Tripp, individually and d/b/a Tripp Design Naval Architecture (collectively, "Defendants"), Motion to Strike Jury Trial Claim ("Motion to Strike") and in support of Plaintiffs' Countermotion to Amend their Amended Complaint and Jury Demand ("Countermotion to Amend").

The filing of this supplemental memorandum became necessary when Defendants raised a new argument in support of their Motion to Strike at the hearing on Defendants' Motion to Strike and Plaintiffs' Countermotion to Amend on May 30, 2008. At the hearing, Defendants argued for the first time that their Motion to Strike should be granted because Defendants "vouched-up" Third-Party Defendant Blair Brown ("Brown") through Defendants' Third-Party

Complaint thereby defeating Plaintiffs' reliance upon diversity jurisdiction as a basis for their suit in this Court.

Defendants' Motion to Strike should be denied despite Defendants' new basis for relief because:

1. Brown was never "vouched-up" for purposes of Rule 14(c);
2. At best, Brown was impleaded under Rule 14(a) and/or Rule 14(c)(1); and
3. Even if Brown were "vouched-up," diversity jurisdiction is tested at the time suit is brought and cannot be defeated by the addition of a subsequent party where Plaintiffs do not seek to bring direct claims against Brown.

Accordingly, Defendants' Motion to Strike should be denied because Plaintiffs did not make an election pursuant to Rule 9(h) and the suit may proceed based upon diversity jurisdiction.

### A. Defendants failed to make a demand pursuant to Rule 14(c)(2) and, therefore, have not "vouched-up" Brown. At best, Brown has been successfully impleaded pursuant to Rule 14(a) and/or Rule 14(c)(1).

Defendants filed Third-Party Complaints against Brown pursuant to Rule 14. Defendant William Tripp, individually and d/b/a Tripp Design Naval Architecture ("Tripp"), brought his Third-Party Complaint pursuant to Rule 14(c). Fed. R. Civ. P. 14(c). Rule 14(c) has two provisions, which provide two separate ways by which a third-party plaintiff may seek relief from a third-party defendant. The first provision of Rule 14(c), which is entitled "Scope of Impleader," allows a third-party plaintiff to implead a third-party defendant based upon claims of indemnity and contribution, *inter alia*. The second provision of Rule 14(c) is entitled "Defending Against a Demand for Judgment for the Plaintiff" and sets forth the manner by which a third-party plaintiff may demand that a third-party defendant answer the plaintiff's



1130034v1

complaint directly and defend against plaintiff's claims. The separate provisions of Rule 14(c) result in very different roles for an impleaded third-party defendant. Under Rule 14(c)(1), the third-party defendant faces liability only if the court first finds the third-party plaintiff liable to the plaintiff. Under Rule 14(c)(2), the third-party defendant immediately faces liability and must mount a defense against the plaintiff's complaint. See Orgulf Transp. Co. v. Hill's Marine Enters., 188 F. Supp.2d 1056, 1062 (S.D. Ill. 2002) (distinguishing the two theories under which a third-party defendant may be brought into a suit under Fed. R. Civ. P. 14(c)).

Tripp has impleaded Brown for indemnity and contribution under Rule 14(c)(1), but has not made a demand for judgment under Rule 14(c)(2), which states:

> The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c)(2). The demand for judgment requires an additional step, which Tripp has not completed in order to "vouch-up" Brown. Tripp has not demanded that Brown stand in Tripp's place and defend against Plaintiffs' claims; Tripp has only claimed that if Tripp is liable to Plaintiffs, then Brown must indemnify Tripp or contribute Brown's share of the award. In their Third-Party Complaint, Tripp states:

> WHEREFORE, the defendant William Tripp [individually, and d/b/a Tripp Design Naval Architecture] demands judgment against the third-party defendant Blair Brown for indemnity or contribution for all sums for which [Tripp] may be found liable to the plaintiffs plus costs.

Such language is not a demand that Brown step in as a defendant and answer Plaintiffs' Amended Complaint, it is simply a standard indemnity and contribution claim against an alleged joint tortfeasor.

Defendants Steven M. Loeb ("Loeb") and Blad Co.'s Third-Party Complaint is even further off the mark. Loeb and Blad Co. presumably brought their Third-Party Complaint pursuant to Rule 14(a) as they requested leave to file. Fed. R. Civ. P. 14(a)(1). As a result, the "vouching-up" issue is not even applicable to Defendants Loeb and Blad Co. as that issue arises solely by way of Rule 14(c)(2). Defendants Loeb and Blad Co. also seek indemnity and contribution from Brown under Rhode Island statute should Loeb and Blad Co. be found liable to Plaintiffs. Specifically, their Third-Party Complaint states:

> WHEREFORE, third-party plaintiffs demand judgment dismissing the plaintiff's [sic] complaint and, in the alternative, demand that the rights of the third-party plaintiffs and third-party defendant be determined in this action and that judgment enter against the third-party defendant for any sum which may be recovered herein by the plaintiffs, together with costs and attorneys' fees.

Loeb and Blad Co.'s prayer for relief is based upon Rhode Island law relating to the contributory negligence of joint tortfeasors. Paragraph 3 of their Third-Party Complaint alleges, in part, that "[a]t all times relevant hereto, Brown was the owner of the sailing vessel Sforzando and liable for any injury or damage pursuant to R.I. Gen. Law § 46-22-15." It is clear that Loeb and Blad Co. were not seeking to "vouch-up" Brown in filing their Third-Party Complaint, but were merely seeking indemnity and contribution from an alleged joint tortfeasor.

Despite the liberal third-party practice of admiralty proceedings, courts have held that in order to "vouch-up" a third-party defendant under Rule 14(c)(2), third-party plaintiffs must make a proper demand for judgment. The Ninth Circuit Court of Appeals chose to take a more lenient approach in determining what language is necessary for a third-party plaintiff to "demand judgement" for purposes of Rule 14(c)(2). See Royal Ins. Co. of Am. v. Southwest Marine, 194 F.3d 1009, 1017 (9th Cir. 1999) (citing Riverway Co. v. Trumbull River Servs., Inc., 674 F.2d 1146, 1148, 1154 (7th Cir. 1982)). The Ninth Circuit held that language used in a third-party

complaint with the "unmistakable meaning" of designating the third-party defendant as a defendant to the plaintiff's complaint satisfied the requirements of Rule 14(c)(2). Examples of language with this "unmistakable meaning" are prayers that the third-party defendant "appear and answer this Third Party [sic] Complaint and answer the Complaint of the Plaintiff" and that the third-party defendant "make its defenses and answer directly to the claims of the Plaintiff." Royal Ins. Co. of Am., 194 F.3d at 1017-1018 (citations omitted).

The language used by Defendants in their Third-Party Complaints against Brown as set forth above do not have the "unmistakable meaning" of a Rule 14(c)(2) demand for judgment. The Third-Party Complaint of Defendant Tripp does not even mention Rule 14(c) and requests a jury trial, which is inconsistent with his supposed intent to "vouch-up" Brown. The Third-Party Complaint of Defendants Loeb and Blad Co. fails to make a demand for judgment in Plaintiffs' favor. In fact, the basis for their Third-Party Complaint is a Rhode Island statute. Defendants have not made a demand pursuant to Rule 14(c)(2) and have not caused Brown to be "vouched-up" in this case. See Orgulf Transp. Co., 188 F. Supp.2d at 1062-1063 (holding that the third-party complaint had "effectively tendered [the third-party defendant to plaintiff] as an additional defendant" in requiring the third-party defendant to answer the third-party complaint and the attached complaint of the plaintiff); United States v. Isco, Inc., 463 F. Supp. 1293 (E.D. Wis. 1979) (finding that a Rule 14(c)(2) demand was made where the third-party complaint prayed that the third-party defendant "be ordered to answer the complaint of the plaintiff and that this action proceed as if the plaintiff had commenced it against [the third-party defendant] directly").

**B. Diversity jurisdiction is tested at the time the Complaint is filed and may not be defeated by the subsequent addition of Brown as a Third-Party Defendant.**

The United States Supreme Court has repeatedly confirmed "the well-established rule that diversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (citations omitted). The Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events," including the "addition of a nondiverse party to the action." Id. (citations omitted). Plaintiffs do not seek to bring direct claims against Brown, so the fact that Brown and Plaintiffs are Massachusetts residents has no effect on the jurisdiction of this case. See Northern Contracting Co. v. C. J. Langenfelder & Son, Inc., 439 F. Supp. 621, 623-624 (E.D. Pa. 1977).

This Court may exercise jurisdiction over the Defendants' claims against Brown pursuant to ancillary jurisdiction as Defendants' claims bear "a logical relationship to the aggregate core of operative facts which constitutes the main claim, in that, [Brown] may be wholly or partly liable for [P]laintiffs' damages. Therefore, no independent ground of federal jurisdiction is needed to adjudicate [Defendants'] ancillary claims against [Brown]." Id., at 624.

Finally, if a proper demand for judgment is made, Rule 14(c)(2) requires that the suit proceed as if Plaintiffs had sued Brown. Rule 14(c)(2) does not require that Plaintiffs amend their Complaint to name Brown as a defendant, that Plaintiffs actively prosecute a case against Brown, or that Brown's addition as a defendant "relate back" to the original Complaint. There is no cause to re-evaluate the jurisdiction of this Court if Brown were properly "vouched-up" under Rule 14(c)(2).[1]

[1] Alternatively, this Court could postpone its rulings on Defendants' Motion to Strike and Plaintiffs' Countermotion to Amend until after the liability phase of the trial is complete as it is likely Brown will no longer be involved in the

## CONCLUSION

Defendants have not "vouched-up" Brown in this case as they failed to make a demand for judgment pursuant to Rule 14(c)(2). At best, Brown has been impleaded pursuant to Rule 14(a) and/or Rule 14(c)(1). Even if Brown were "vouched-up," this does not defeat diversity jurisdiction where diversity is determined at the time the Complaint is filed, diversity jurisdiction may not be defeated by the subsequent addition of parties, and where Plaintiffs do not seek to bring direct claims against Brown. Defendants' claims against Brown may proceed based upon ancillary jurisdiction.

Defendants' Motion to Strike should be denied and Plaintiffs should be allowed to amend their Amended Complaint.

Dated: June 6, 2008

Respectfully submitted,
JACK FOLEY, MARY O'DONOGHUE, AND
DAVID ROBBINS

By their Attorneys,
MORRISON MAHONEY LLP

*/s/ Sarah A. Smegal*
Charles A. Cook, BBO# 097580
Sarah A. Smegal, BBO# 655114
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Local Counsel:

*/s/ John P. Graceffa*
John P. Graceffa, Esq. (RI Bar # 5201)
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

---

suit after that phase.

**CERTIFICATE OF COMPLIANCE**

I hereby certify this document is being filed through the ECF system, is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by facsimile and first class mail to those indicated on the NEF as non-registered participants on June 6, 2008.

*/s/ Sarah A. Smegal*



1130034v1