**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO:06-0053 S-LDA**

**JACK FOLEY, MARY O'DONAGHUE**
**and DAVID ROBBINS,**
**Plaintiffs**
**vs.**

**STEVEN M. LOEB, BLAD CO.**
**KEVIN DAILEY, WILLIAM TRIPP,**
**Individually and D/B/A TRIPP**
**DESIGN NAVAL ARCHITECTURE,**
**Defendants**
**vs.**

**BLAIR BROWN,**
**Third Party Defendant**

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE JURY TRIAL CLAIM**

Now come the defendants, Steven M. Loeb, Blad Co., and William Tripp, Individually and d/b/a Tripp Design Naval Architecture, by their counsel, in the above entitle action, and submit their Reply Memorandum in Further Support of their Motion to Strike the Jury Trial Claim.

**PROCEDURAL STATUS**

This civil action involves claims for personal injury commenced by three (3) crewmembers of the S/V SFORZANDO, which is owned and operated by Third Party

Defendant, Blair Brown. It is uncontested that Plaintiffs Jack Foley, Mary O'Donaghue, and David Robbin are all residents of Massachusetts. The Third Party Defendant, Blair Brown, is also a resident of Massachusetts.

The following chronology reflects the state of the pleadings:

**July 8, 2005** Plaintiffs file Complaint in the Eastern District of New York. The Plaintiffs voluntarily elected and the Complaint contained the Fed. R. Civ. P. 9(h) designation ***"…as an admiralty and maritime claim for purposes of Rules 14(c), 38(e), and 82…"***.

**September 21, 2005** Plaintiffs file an Amended Complaint as matter of right under Fed. R. Civ. P. 15(a)(1)(A). The Amended Complaint adds Kevin Daily as a Defendant and adds additional New York venue allegations. The Amended Complaint contained the Fed. R. Civ. P. 9(h) designation ***"…as an admiralty and maritime claim for purposes of Rules 14(c), 38(e), and 82…"***.

**January 4, 2006** Defendants Loeb and Blad Co file their Answer to the Amended Complaint.

**January 31, 2006** Sua Sponte, the civil action is transferred to the United States District Court for the District of Rhode Island. The case is docketed on February 2, 2006.

**March 10, 2006** Defendant Tripp files his Answer to the Amended Complaint.

**March 20, 2006** Defendant Tripp files his Third Party Complaint against Third Party Defendant Blair Brown. The Third Party Complaint refers to Fed. R. Civ. P. 9(h) and 14(c),

but does not specifically assert that the the Third Party Defendant is vouched up to the Plaintiff.

**April 3, 2006** Defendants Loeb and Blad Co. file their Motion to Bring In Third Party Defendant. The Third Party Complaint does not specifically assert that the Third Party Defendant is vouched up to the Plaintiff.

**May 19, 2006** Motion to Bring In Third Party Defendant granted.

**September 25, 2006** Third Party Defendant, Blair Brown, answers both Third Party Complaints.

**November 20, 2006** Tripp moves to Amend/Correct Third Party Complaint to specifically assert that the Third Party Defendant is vouched up to the Plaintiff.

**December 11, 2006** The Motion to Amend/Correct the Third Party Complaint is granted without objection.

**December 27, 2006** Blad Co. and Loeb file a Motion to Amend/Correct the Third Party Complaint to specifically assert that the Third Party Defendant is vouched up to the Plaintiff.

**January 23, 2007** The Motion to Amend/Correct the Third Party Complaint is granted without objection.

**March 18, 2008** Jury Trial scheduled to commence June 23, 2008.

**March 31, 2008** Motion to Strike Jury Trial Claim filed by Loeb, Blad Co., and Tripp.

**April, 18, 2008** Plaintiffs file their Opposition to Motion to Strike Jury Trial Claim and Countermotion to Amend Complaint. The attached Second Amended Complaint ***withdraws*** the Fed. R. Civ. P. 9(h) election and designation ***"…as an***

> ***admiralty and maritime claim for purposes of Rules 14(c), 38(e), and 82…”***.

This action was scheduled for jury trial to commence on June 23, 2008. On March 31, 2008, over two years after the filing of the First Amended Complaint and less than three (3) months prior to the scheduled commencement of the trial, the Defendants filed their Motion to Strike the Jury Trial Claim consistent with the Plaintiffs’ elected jurisdictional basis and designated Fed. R. Civ. P. 9(h) procedure. The premise of the Motion to Strike the Jury Trial Claim was that the plaintiffs specifically elected to try this action as an ***“admiralty and maritime claim”*** pursuant to Fed. R. Civ. P. 9(h). This election and designation required that the action proceed non-jury [Fed. R. Civ. P. 38(e)], even if there was an alternate basis for jurisdiction. See *Wilmington Trust v. United States District Court, 934 F.2nd 1026 (9th Cir. 1991)*

The plaintiffs opposed the Motion by essentially agreeing with Defendants’ argument, but instead, filed a Second Amended Complaint by withdrawing the election and designation to Fed. R. Civ. P. 9(h) and to proceed in law upon diversity jurisdiction [28 USC § 1332]. At the hearing before this Honorable Court on the

Defendants' Motion to Strike Jury Trial, the Defendants raised the argument that there was no diversity because under Fed. R. Civ. P. 14(c) the Third Party Defendant, Blair Brown, is vouched up the to the Plaintiffs as a direct action. The Third Party Defendant, Blair Brown, is a resident of Massachusetts and is a non-diverse party to the Plaintiffs. This Honorable Court permitted further briefing on that issue.

**REPLY ARGUMENT**

***Procedural Argument***

The Plaintiffs initially argue that the Third Party Complaints filed by Defendants was pursuant to Fed. R. Civ. P. 14(a) and not Fed. R. Civ. P. 14(c) because the Complaints do not properly "vouch up" Third Party Defendant to the Plaintiffs, as is required by the Rule. This argument is without merit and is inaccurate. The Plaintiffs have overlooked the fact that the Third Party Complaints were amended by all the Defendants.

The Defendant, Tripp, initially impleaded Third Party Defendant, Brown, on March 20, 2006. The Defendants Loeb and Blad Co. moved to implead Third Party Defendant, Brown, on April 3, 2006, which was granted by this Honorable Court on April 25, 2006. The Plaintiffs argue that neither original Third Party

Complaint specifically stated that the Third Party Defendant, Blair Brown, was “vouched up” to the Plantiffs. Third Party Defendant, Brown, filed his Answers to both Third Party Complaints on September 25, 2006.

On November 20, 2006, Defendant Tripp filed a Motion to Amend/Correct the Third Party Complaint. This Motion was allowed, without opposition, on December 11, 2006. Defendants Loeb and Blad Co. filed a similar Motion to Amend/Correct the Third Party Complaint on December 27, 2006, which was also allowed by this Honorable Court, without opposition, on January 18, 2007. A copy of the Amended Third Party Complaints are attached hereto as Exhibits 1 and 2. These Amended Third Party Complaints specifically “vouch up” the Third Party Defendant to the Plaintiffs.

Thus, any procedural argument by the Plaintiffs that the Amended Third Party Complaints did not properly invoke Fed. R. Civ. P. 14(c) is inaccurate. As is contained in the text of Fed. R. Civ. P. 14(c) ***“…the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.”*** Therefore, the Plaintiffs have a direct claim against

Third Party Defendant, Blair Brown, even though they have not specifically plead it.

***Diversity Argument***

The Plaintiffs alternatively argue that it is a well established rule that diversity is assessed at the time of filing the Complaint and jurisdiction may not be divested by subsequent events. See *Freeport-McMoRan, Inc. v. K.N.Energy, Inc.,* 498 U.S. 426 (1991). This is a correct statement of law, but it is misapplied in the action at bar. The Defendants are not seeking to divest this Honorable Court of *all jurisdiction*. This action is an Admiralty action properly before this Honorable Court pursuant to 28 USC § 1333. The Plaintiffs do not disagree with this jurisdictional application because they initially elected and designated this action *"as an admiralty and maritime claim"* and elected to proceed pursuant to Fed. R. Civ. P. 9(h).

When confronted with the lack of jury trial under Fed. R. Civ. P. 38(e) as applied through Fed. R. Civ. P. 9(h) election, the Plaintiffs now move to amend their Amended Complaint to change the basis of jurisdiction. In this situation, there is a recognized exception to the general rule above. Where it is the plaintiff party moving to amend their complaint, the assessment of

jurisdiction is at the time of the filing of the amended complaint. *American Fibre & Finishing, Inc. v. Tyco Healthcare Group, LP,* 362 F.3rd 136 (1st Cir.2004); *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2nd 1006 (3rd Cir. 1987); *Curry v. U.S.Bulk,* 462 F.3rd 536 (6th Cir. 2006).

Therefore and although diversity of jurisdiction may have existed at the time the original Complaint filing, it no longer exists because once the Amended Third Party Complaints were filed, there was no longer complete diversity. As is made plain by the Rule, the Plaintiffs have a direct claim against Third Party Defendant, Blair Brown, who is non-diverse. Accordingly, this Honorable Court should deny the Plaintiffs' Opposition because of the Plaintiffs' election and designation of Fed. R. Civ. P. 9(h) was proper. Defendants have proceeded under the designation ***"…as an admiralty and maritime claim for purposes of Rules 14(c), 38(e), and 82…"*** of the Fed. R. Civ. P. since January 23, 2007 or for the past one and one-half years. There is no good cause for such change at this time. The Plaintiffs should be required to stand by their election and designation which has controlled the action and should properly control the trial.

*Wilmington Trust v. United States District Court, 934 F.2nd 1026 (9th Cir. 1991).*

This Honorable Court should retain jurisdiction over this action pursuant to 26 U.S.C. § 1333 and strike the Plaintiffs' claim for jury trial.

**WHEREFORE**, the Defendants pray that this Honorable Court strike the jury claim and that the trial proceed pursuant to Fed. R. Civ. P. 38(e).

Respectfully submitted,

By their attorneys,

_"/S/Robert E. Collins"
**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins (#2951)**
Clinton & Muzyka, P.C.
One Washington Mall
Boston, MA 02108
Tel: (617) 723-9165
Fax: (617) 720-3489

## CERTIFICATION

The undersigned hereby certifies that I have electronically filed the above document on the 12th day of June, 2008.

Notice will be electronically mailed to:

Thomas C. Plunkett, Esq. tplunkett@kprlaw.com

Charles A. Cook, Esq. cook@morrisonmahoney.com

smorriso@morrisonmahoney.com
gnotis@morrisonmahoney.com
jgraceffa@mmorrisonmahoney.com

Seth Holbrook, Esq. Holbrook_murphy@msn.com

_"/S/Robert E. Collins"_

Dated: June 12, 2008